IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC and<br>INTELLECTUAL VENTURES II LLC,<br><br>Plaintiffs,<br><br>v.<br><br>MOTOROLA MOBILITY, INC.,<br><br>Defendant. | Civil Action No. _____<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs INTELLECTUAL VENTURES I LLC ("Intellectual Ventures I") and INTELLECTUAL VENTURES II LLC ("Intellectual Ventures II") for their Complaint against Defendant MOTOROLA MOBILITY, INC., ("Motorola Mobility"), hereby allege as follows:

**PARTIES**

1. Intellectual Ventures I is a Delaware limited liability company with its principal place of business located in Bellevue, Washington.

2. Intellectual Ventures II is a Delaware limited liability company with its principal place of business located in Bellevue, Washington.

3. On information and belief, Defendant Motorola Mobility, Inc., ("Motorola Mobility"), is a Delaware corporation having its principal place of business at 600 N US Highway 45, Libertyville, Illinois 60048-1286. Motorola Mobility's registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington DE 19801.

**NATURE OF THE ACTION**

4. This is a civil action for the infringement of United States Patent No. 7,810,144 ("the '144 Patent"); United States Patent No. 6,412,953 ("the '953 Patent");

-2-

United States Patent No. 7,409,450 ("the '450 Patent"); United States Patent No. 7,120,462 ("the '462 Patent"); United States Patent No. 6,557,054 ("the '054 Patent"); and United States Patent No. 6,658,464 ("the '464 Patent") (collectively, "the Patents-in-Suit") under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271 *et seq.*

6. This Court has personal jurisdiction over Motorola Mobility because it is incorporated within this District, because it has committed acts of infringement in violation of 35 U.S.C. § 271 and because it has placed infringing products into the stream of commerce with the knowledge and/or understanding that such products are used and sold in this District. These acts cause injury to Intellectual Ventures I and Intellectual Ventures II within the District. On information and belief, Motorola Mobility derives substantial revenue from the sale of infringing products distributed within the District and/or expects or should reasonably expect its actions to have consequences within the District. In addition, Motorola Mobility knowingly induced, and continues to knowingly induce, infringement within this State and within this District by contracting with others to market and sell infringing products with the knowledge and intent to facilitate infringing sales of the products by others within this District and by creating and/or disseminating product information, data sheets and other instruction materials for the products with like mind and intent.

7. Venue is proper in this judicial district as to Motorola Mobility pursuant to 28 U.S.C. §§1391 and 1400(b).

## THE PATENTS-IN-SUIT

8. Paragraphs 1-7 are reincorporated by reference as if fully set forth herein.

9. On October 5, 2010, the '144 Patent, titled "File Transfer System For

Direct Transfer Between Computers," was duly and lawfully issued by the PTO. The '144 Patent is attached hereto as Exhibit A.

10. Intellectual Ventures I owns the '144 Patent and holds the right to sue and recover damages for infringement thereof, including past infringement.

11. On July 2, 2002, the '953 Patent, titled "Illumination Device And Image Projection Apparatus Comprising The Device," was duly and lawfully issued by the PTO. The '953 Patent is attached hereto as Exhibit B.

12. Intellectual Ventures II is the exclusive licensee of the '953 Patent and is the assignee of all causes of action and enforcement rights of any kind, including without limitation, the right to collect damages for past and future infringement and to seek injunctive relief.

13. On August 5, 2008, the '450 Patent, titled "Transmission Control Protocol/Internet Protocol (TCP/IP) Packet-Centric Wireless Point to Multi-Point (PTMP) Transmission System Architecture," was duly and lawfully issued by the PTO. The '450 Patent is attached hereto as Exhibit C.

14. Intellectual Ventures I owns the '450 Patent and holds the right to sue and recover damages for infringement thereof, including past infringement.

15. On October 10, 2006, the '462 Patent, titled "Portable Computing, Communication and Entertainment Device With Central Processor Carried In A Detachable Handset," was duly and lawfully issued by the PTO. The '462 Patent is attached hereto as Exhibit D.

16. Intellectual Ventures II owns the '462 Patent and holds the right to sue and recover damages for infringement thereof, including past infringement.

17. On April 29, 2003, the '054 Patent, titled "Method and System For Distributing Updates By Presenting Directory Of Software Available For User Installation That Is Not Already Installed On User Station," was duly and lawfully issued by the PTO. The '054 Patent is attached hereto as Exhibit E.

18. Intellectual Ventures I owns the '054 Patent and holds the right to sue and recover damages for infringement thereof, including past infringement.

19. On December 2, 2003, the '464 Patent titled "User Station Software That Controls Transport, Storage, And Presentation Of Content From A Remote Source," was duly and lawfully issued by the PTO. The '464 Patent is attached hereto as Exhibit F.

20. Intellectual Ventures I owns the '464 Patent and holds the right to sue and recover damages for infringement thereof, including past infringement.

## FACTUAL BACKGROUND

21. Intellectual Ventures Management, LLC ("Intellectual Ventures") was founded in 2000. Since its founding, Intellectual Ventures has been deeply involved in the business of invention. Intellectual Ventures creates inventions and files patent applications for those inventions; collaborates with others to develop and patent inventions; and acquires and licenses patents from individual inventors, universities and other institutions. A significant aspect of Intellectual Ventures' business is managing the two plaintiffs in this case, Plaintiff Intellectual Ventures I and Plaintiff Intellectual Ventures II.

22. Intellectual Ventures' business includes purchasing important inventions from individual inventors and institutions and then licensing the inventions to those who need them. Through this business, Intellectual Ventures allows inventors to reap a financial reward from their innovations, which is frequently difficult for individual inventors to do. To date, Intellectual Ventures has built a portfolio of more than 35,000 assets and more than 3,000 of those patents and patent applications are the result of Intellectual Ventures' own invention efforts, both in-house and with Intellectual Ventures' inventor network. Intellectual Ventures has paid individual inventors more than $400 million for their inventions. Intellectual Ventures, in turn, has earned more than $2 billion by licensing these patents to some of the world's most innovative and successful technology companies who continue to use them to make computer

equipment, software, semiconductor devices, and a host of other products.

23. Intellectual Ventures also creates inventions. Intellectual Ventures has a staff of scientists and engineers who develop ideas in a broad range of fields, including agriculture, computer hardware, life sciences, medical devices, semiconductors, and software. Intellectual Ventures has invested millions of dollars developing such ideas and has filed hundreds of patent applications on its inventions every year, making it one of the top patent filers in the world. Intellectual Ventures has also invested in laboratory facilities to assist with the development and testing of new ideas.

24. Intellectual Ventures also creates inventions by collaborating with inventors and research institutions around the world. For example, Intellectual Ventures has developed inventions by selecting a technical challenge, requesting proposals for inventions to solve the challenge from inventors and institutions, selecting the most promising ideas, rewarding the inventors and institutions for their contributions, and filing patent applications on the ideas. Intellectual Ventures has invested millions of dollars in this way and has created a network of more than 3000 inventors worldwide.

25. Defendant Motorola Mobility is a telecommunications company that manufactures mobile phones, as well as many other products.

26. Beginning in January 2011, Intellectual Ventures approached Motorola Mobility about taking a license to Intellectual Ventures' patents. Over the next several months, Intellectual Ventures discussed many of its patents with Motorola Mobility including several of the patents asserted against Motorola Mobility in this complaint, in an effort to negotiate a license. Further, Intellectual Ventures explained to Motorola Mobility how Motorola Mobility was using Intellectual Ventures' patented inventions in its mobile device products. Despite Intellectual Ventures' good faith efforts to negotiate a business arrangement, Motorola Mobility has failed and refused to license Intellectual Ventures' patents on reasonable terms and continues to use those inventions without permission.

## COUNT I

### (Patent Infringement By Motorola Mobility)

27. Paragraphs 1-26 are reincorporated by reference as if fully set forth herein.

28. Motorola Mobility has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '144, '953, '450, '462, '054 and '464 Patents by making, using, offering to sell and/or selling in the United States and/or importing into the United States mobile phone devices and associated hardware and software devices and components, including, but not limited to, the Electrify, Photon 4G, XPRT, Titanium, Atrix 4G, Triumph, Rambler, Bali, i576, Quantico, Brute i680, Brute i686, Clutch i475, i412, i886, Milestone X, Theory and the Lapdock for the Atrix, without authority and in violation of 35 U.S.C. § 271.

29. Motorola Mobility also has and continues to indirectly infringe one or more claims of the asserted patents by inducing others to infringe and/or contributing to the infringement of others, including end users of its infringing mobile devices. Specifically, Motorola Mobility has actively induced, and continues to induce, the infringement of one or more claims of the '144, '450, '462, '054 and '464 Patents at least by actively inducing the infringing use of mobile devices and Lapdock products by Motorola Mobility's customers in the United States. Motorola Mobility knew or should have known that its conduct would induce others to use its mobile phone devices and its Lapdock products in a manner that infringes the '144, '450, '462, '054 and '464 Patents. Motorola Mobility has also contributorily infringed and continues to contributorily infringe the '144, '450, '462, '054 and '464 Patents by importing into the United States, selling and/or offering to sell within the United States infringing products that constitute a material part of the claimed inventions and are not staple articles of commerce suitable for substantial noninfringing use.

30. Intellectual Ventures I and II have provided written notice to Motorola Mobility of its infringement, and Motorola Mobility also has written notice of its

infringement by virtue of the filing and service of this Complaint.

31. Intellectual Ventures I has suffered damages as a result of Motorola Mobility's infringement of the '144, '450, '054 and '464 Patents in an amount to be proved at trial.

32. Intellectual Ventures II has suffered damages as a result of Motorola Mobility's infringement of the '953 and '462 Patents in an amount to be proved at trial.

### **PRAYER FOR RELIEF**

WHEREFORE, Intellectual Ventures I and II respectfully request the following relief:

a) A judgment that Motorola Mobility has infringed the '144 Patent;

b) A judgment that Motorola Mobility has infringed the '953 Patent;

c) A judgment that Motorola Mobility has infringed the '450 Patent;

d) A judgment that Motorola Mobility has infringed the '462 Patent;

e) A judgment that Motorola Mobility has infringed the '054 Patent;

f) A judgment that Motorola Mobility has infringed the '133 Patent;

g) A judgment that Intellectual Ventures I be awarded damages adequate to compensate Intellectual Ventures I for Motorola Mobility's past infringement and any continuing or future infringement of the '144, '450, '054 and '464 Patents up until the date such judgment is entered, including pre-judgment and post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary, to adequately compensate Intellectual Ventures I for Motorola Mobility's infringement, an accounting;

h) A judgment that Intellectual Ventures I be awarded attorney fees, costs, and expenses incurred in prosecuting this action;

i) A judgment that Intellectual Ventures I be awarded such further relief at law or in equity as the Court deems just and proper;

j) A judgment that Intellectual Ventures II be awarded damages adequate to compensate Intellectual Ventures II for Motorola Mobility's past infringement and any

-8-

continuing or future infringement of the '953 and '462 Patents up until the date such judgment is entered, including pre-judgment and post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary, to adequately compensate Intellectual Ventures II for Motorola's infringement, an accounting;

k)   A judgment that Intellectual Ventures II be awarded attorney fees, costs, and expenses incurred in prosecuting this action;

l)   A judgment that Intellectual Ventures II be awarded such further relief at law or in equity as the Court deems just and proper;

m)   A judgment permanently enjoining Motorola Mobility from further infringement of each of the '144, '953, '450, '462, '054 and '464 Patents.

### DEMAND FOR JURY TRIAL

Intellectual Ventures I and Intellectual Ventures II hereby demand trial by jury on all claims and issues so triable.

Dated:  October 6, 2011

Respectfully submitted,

FARNAN LLP

/s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)
Rosemary J. Piergiovanni (Bar No. 3655)
919 North Market Street
12th Floor
Wilmington, DE 19801
(302) 777-0300
(302) 777-0301
bfarnan@farnanlaw.com

Of Counsel

FEINBERG DAY ALBERTI &
THOMPSON LLP

Margaret Elizabeth Day
Ian N. Feinberg
David L. Alberti

Clayton Thompson
Sal Lim
Yakov Zolotorev
Marc Belloli
401 Florence Street, Suite 200
Palo Alto, CA 94301
Telephone:  (650) 618.4360
Facsimile:   (650) 618.4368
eday@feinday.com
ifeinberg@feinday.com
dalberti@feinday.com
cthompson@feinday.com
slim@feinday.com
yzolotorev@feinday.com
mbelloli@feinday.com

*Attorneys for Plaintiffs*
INTELLECTUAL VENTURES I LLC and
INTELLECTUAL VENTURES II LLC