**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC and INTELLECTUAL VENTURES II LLC, | Civil Action No. 11-cv-908-SLR-MPT |
| Plaintiffs, | JURY TRIAL DEMANDED |
| v. | |
| MOTOROLA MOBILITY LLC, | |
| Defendant. | |

**JOINT PROPOSED PRETRIAL ORDER**

On January 2, 2014, at 4:00 p.m., in Courtroom 4B, counsel for Plaintiffs Intellectual Ventures I and Intellectual Ventures II (collectively "Intellectual Ventures" "IV" or "Plaintiffs"), and counsel for Defendant Motorola Mobility LLC ("Motorola" or "Defendant") participated in a pretrial conference before this Court pursuant to Rule 16 of the Federal Rules of Civil Procedure, D. Del. LR 16.3, and this Court's January 17, 2012 Scheduling Order (D.I. 16). The following matters regarding the trial of the action, which will commence on January 21, 2014, are hereby ordered by the Court.

## I.   NATURE OF THE ACTION AND PLEADINGS

1.      Plaintiffs filed this action on October 6, 2011, alleging that certain of Defendant's products infringe U.S. Patent Nos. 7,810,144 ("the '144 patent"); 6,412,953 ("the '953 patent"); 7,409,450 ("the '450 patent"); 7,120,462 ("the '462 patent"); 6,557,054 ("the '054 patent"); 6,658,464 ("the '464 patent") (collectively, the "Asserted Patents"). D.I. 1.

2.      On December 13, 2011, Defendant answered, denying infringement of the asserted patents, and asserting affirmative defenses of, inter alia, non-infringement, invalidity, unenforceability, failure to state a claim, waiver, laches, and/or estoppel, prosecution history estoppel, and lack of standing, as well as counterclaims of non-infringement and invalidity.  D.I.  10.

3.      Plaintiffs answered Defendant's counterclaims on January 6, 2012.  D.I. 13.

4.      For purposes of trial, Plaintiffs intend to allege that Defendant has infringed the asserted claims listed below in subparagraphs a-f, which will be referred to herein as the "Asserted Claims," of the Asserted Patents.

a.      Claims 10, 14, 15, 26, 29, 30 and 41 of the '144 patent;

b.      Claim 1 of the '953 patent;

c.      Claims 1-3, 5, 8-9 of the '450 patent;

d.      Claims 1-3, 8, 10-13 of the '462 patent;

e.      Claims 151-155, 159-165, 181-185, 189-195, 256-260, 264-270 of the '054 patent;

f.      Claims 1-8, 16-17, 19 of the '464 patent.

5.      Defendant does not agree that Plaintiffs should be permitted at trial to assert the total of 69 claims among 6 patents listed as doing so will be unmanageable and confusing to the jury in particular since many of the Asserted Claims are significantly redundant of one another, and Defendant requests that Plaintiffs be limited for trial to no more than three (3) patents and fifteen (15) total claims among those patents, and further requests that the Court order that Plaintiffs may not at a later time reassert any other claims of any patents in suit subject to trial.

6.      Plaintiffs do not intend to proceed to trial on 69 claims and will narrow the case following the Court's rulings on claim construction as set forth in Paragraph 61 below. Plaintiffs do not believe that they should be restricted as to the number of patents that may be asserted at trial and appreciate that the case must be narrowed in order to complete the trial in the time allocated.  Moreover, the Court previously denied Defendant's request to limit Plaintiffs to 3 patent and 30 claims on an emergency basis in August 2013. Defendant's renewed request is even more restrictive.  Plaintiffs also object to Defendant's attempt to preclude it from later asserting claims that it voluntarily chose to withdraw from trial in this action.  Plaintiff reserves its right to assert any claims not presented at trial at a later date and to assert any and all claims of the patents-in-suit against any Motorola product introduced to the market after the close of fact discovery in this case.

7.      Plaintiffs seek a judgment that Defendant has infringed each of the Asserted Patents in violation of 35 U.S.C. § 271.  Plaintiffs seek their fees and costs incurred herein.

8.      Defendant seeks a judgment that it has not infringed and is not infringing any of the Asserted Patents and that the Asserted Claims of the Asserted Patents are invalid and/or unenforceable.  Defendant seeks its fees and costs incurred herein.

9.      By Court order, issues of damages and willfulness[1] have been bifurcated for purposes of discovery and trial.  January 17, 2012 Scheduling Order.  (D.I. 16).

## II.    BASES FOR FEDERAL JURISDICTION

10.     This action arises under the patent laws of the United States, Title 35, United States Code.  This Court has subject matter jurisdiction over all claims and counterclaims in this action pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

---

[1]      Motorola objects to IV's inclusion of "willfulness" in this and the listing in paragraph 57, infra.  IV did not plead willful infringement.

11.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(b).

12.     This Court has personal jurisdiction over the parties.

### III.     JOINT STATEMENT OF ADMITTED FACTS REQUIRING NO PROOF

13.     The parties admit the facts set forth in attached Exhibit 1.  These admitted facts require no proof at trial.

### IV.     STATEMENT OF ISSUES OF FACT REMAINING TO BE LITIGATED

14.     Plaintiffs' statement of issues of fact that remain to be litigated is attached as Exhibit 2.

15.     Defendant's statement of issues of fact that remain to be litigated is attached as Exhibit 3.

### V.     STATEMENT OF ISSUES OF LAW REMAINING TO BE LITIGATED

16.     Plaintiffs' statement of issues of law that remain to be litigated is attached as Exhibit 4.

17.     Defendant's statement of issues of law that remain to be litigated is attached as Exhibit 5.

### VI.     THE PARTIES' PRE-MARKED TRIAL EXHIBITS

18.     The parties' joint list of exhibits that they may offer at trial is attached as Exhibit 6.

19.     Plaintiffs' list of exhibits that it may offer at trial is attached as Exhibit 7.

20.     Defendant's list of exhibits that it may offer at trial is attached as Exhibit 8.

21.     The parties will raise all objections to exhibits as follows:

a.     By no later than January 6, 2014, the parties shall exchange revised exhibit lists.

b.     By no later than January 8, 2014, the parties shall exchange objections to the proposed exhibit list of the other party.

c.     By no later than January 9, 2014, the parties shall meet and confer regarding the objections.

d.     By no later than January 10, 2014, the parties shall file the exhibit lists with the Court.

22.     The parties will exchange electronic copies of their respective pre-marked non- demonstrative exhibits in TIFF or PDF computer file formats with the corresponding load file on or before January 13, 2014.  Plaintiffs will provide Defendant with electronic copies of the pre-marked joint exhibits on or before January 13, 2014.  If the Court has not issued its claim construction or summary judgment rulings by January 3, 2014, the parties agree to meet and confer regarding proposed revisions of the due dates set forth in paragraph 21.

23.     The parties will offer as evidence at trial one or more of the exhibits set forth on the joint exhibit list and/or their respective exhibit lists.  These lists include the exhibit number to be used at trial and a description sufficient to identify the exhibit (e.g., by production number, deposition exhibit number, or otherwise).  The parties agree that the descriptions of documents on their respective exhibit lists is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding the document. The parties also agree that the exhibit numbers and descriptions on the lists proposed

US2008 5225080 2

herewith, or whether or not a particular exhibit is joint, may be modified prior to the exchange of Final Exhibit Lists (as defined below).

24.     By January 17, 2014, the parties shall exchange final exhibit lists ("Final Exhibit Lists") in accordance with the Court's "Guidelines for Civil Trials (Revised July 12, 2011)."  Any demonstrative exhibits the parties intend to use at trial do not need to be included on their respective lists of trial exhibits.

25.     Except for documents used solely for impeachment and subject to the remaining provisions of this Order, no party may use an exhibit not present on the final Joint Exhibit List, its own Final Exhibit List, or an opposing party's Final Exhibit List absent good cause shown.

26.     The parties reserve the right to offer an exhibit designated by the other party, even if not introduced by the designating party.  All objections to such exhibits are preserved.  Any exhibit, once admitted, may be used equally by either party subject to any limitations as to its admission into evidence.

27.     The following procedures shall apply to the exchange of exhibits relating to opening statements:

        a.     By no later than 3:00 p.m.  Eastern Time on the calendar day before the opening statements, the parties shall exchange by electronic mail lists of any exhibits for which there are unruled upon objections, that they intend to use in their respective opening statements;

        b.     By no later than 6:00 p.m. Eastern Time that same day, the party receiving the exhibit list shall inform the party identifying the exhibits of any objections to such exhibits; and

      c.      By no later than 8:00 p.m. Eastern Time that same day, the parties shall meet and confer to resolve any objections;

      d.      Any continuing disputes as to exhibits to be used with opening statements shall be raised with the Court as appropriate before trial commences;

      e.      The parties shall exchange demonstrative exhibits for opening statements by 10:00 p.m. Eastern Time the calendar day prior to the first day of trial.

      f.      The parties need not exchange exhibits or demonstratives before closing arguments.

28.      The parties shall allow for inspection of any physical exhibits they intend to use at trial no later than 72 hours before such physical exhibits are first used.  The parties' objections to the physical exhibits, if any, shall be exchanged no later than 48 hours before they are used.  The parties shall meet and confer on any objections by no later than 24 hours the physical exhibit subject to an objection is used, the parties shall present any unresolved objections to the Court the morning of the proposed use of the physical exhibit.

29.      Legible copies of documents may be offered and received in evidence to the same extent as an original unless a genuine question is raised as to the authenticity of the original, or in the circumstances it would be unfair to admit the copy in lieu of the original. Legible copies of United States and foreign patents, patent applications, and publications thereof, and the contents of associated file histories, may be offered and received in evidence in lieu of certified copies thereof, subject to all other objections that might be made to the admissibility of certified copies.

30.     The listing of a trial exhibit does not constitute an admission as to the admissibility of the trial exhibit (i.e., a waiver of any applicable objection).  Each party reserves any right to make objections under FRE 104, 105, 401, 402, and 403 to any evidence offered by the other party, at the time such evidence is offered, in view of the specific context in which such evidence is offered.

31.     The following shall be deemed to be prima facie authentic, subject to the right of any party against whom such a document is offered ("Opposing Party") to adduce evidence to the contrary or to require that the offering party provide authenticating evidence if the Opposing Party has a reasonable basis to believe the document is not authentic: (i) any document produced from a party's files or web-site that bears that party's letterhead, copyright, or corporate logo; (ii) any email produced in this case from a party's files that on its face appears to have been authored by an employee, officer, or agent of that party; (iii) any source code produced by any party or third party in this action; and (iv) any U.S. or foreign patent office publication.

## VII.    WITNESSES TO BE CALLED IN PERSON OR BY DEPOSITION

32.     Plaintiffs' list of witnesses it may call at trial in person or by deposition is attached as Exhibit 9.

33.     Defendant's list of witnesses it may call at trial in person or by deposition is attached as Exhibit 10.

34.     By no later than January 13, 2014, the parties shall exchange final witness lists ("Final List of Trial Witnesses") in accordance with the Court's "Guidelines for Civil Trials (Revised July 12, 2011)."

35.     The listing of a witness on a party's witness list does not require that party to call that witness to testify, either in person or by deposition.

36.     A party shall promptly provide notice if for any reason it does not intend to call live a witness who is so identified on its Final List of Trial Witnesses. In that event, each party shall be allowed to designate (including counter-designations) and offer deposition testimony from such a witness, subject to the requirements of Fed. R. Civ. P. 32 and paragraph 42, below. To the extent a party gives notice that a fact witness identified as a live witness on the Final List of Trial Witnesses is not going to be called, designations for such witnesses will be provided within forty-eight (48) hours of the time the party informs the other parties that it will not call a witness at trial.  Counter-designations will be provided within twenty-four (24) hours of the time designations are provided. The responding party will have the opportunity to raise any appropriate objections.

37.     The following procedures shall apply to the identification of witnesses, exhibits, and demonstrative exhibits for a party's case-in-chief prior to the witness's testimony and/or use of exhibits:

    a.     By no later than 7:00 p.m. Eastern Time on the day before witnesses are expected to testify, the offering party will provide to the other party via electronic mail the names and order of the witnesses, including whether they will testify live or by deposition;

    b.     At the same time, the offering party will send by electronic mail a list of any exhibits and all final copies of demonstrative exhibits when first used (subject only to addressing evidentiary objections or rulings) they intend to use at trial for each witnesses;

    c.  By no later than 10:00 p.m. Eastern Time that same day, the party receiving the demonstratives or exhibits shall inform the offering party of any objections to such demonstratives or exhibits;

    d.  By no later than 11:00 pm Eastern Time that same day, the parties shall meet and confer to resolve any objections; and

    e.  Any continuing disputes as to exhibits to be used with witnesses shall be raised with the Court as appropriate before each trial day commences.

  38.  The notice provisions of this paragraph shall not apply to demonstrative exhibits created in the courtroom during testimony or to the enlargement, highlighting, ballooning, excerption, etc. of trial exhibits or testimony.

  39.  The translator of any certified translation included on any party's exhibit list is presumed to be a qualified expert in translations, and is presumed to have used ordinary accepted methods in translating the document listed, subject to the right of the party against whom the exhibits are offered to adduce evidence to the contrary.

  40.  A party offering a witness who may testify in a language other than English will notify the other side as to the extent to which an interpreter will be used no later than one week prior to any testimony from the witness; and the parties will meet and confer to agree on a mutually acceptable interpreter.

  41.  The parties agree that any deposition testimony to be used at trial may be used whether or not transcripts of such deposition have been signed and filed pursuant to Fed. R. Civ. P. 30(b).

42.     Unless otherwise agreed to by the parties during trial, each party shall provide notice of the specific lines and pages of each deposition transcript, prior to reading or playing a video of the deposition at trial (other than for impeachment of a witness) that a party intends to use by no later than 72 hours before such testimony is to be read or played. The parties agree that deposition testimony can be read into the trial record instead of being played by video.  The other party will identify any objections to the designated testimony and any specific pages and lines from that deposition to counter-designate by no later than 24 hours after the designations are provided.  The parties shall meet and confer to resolve any objections to designated deposition testimony by no later than 12 hours before such testimony is to be read or played.  If the objections to disputed testimony cannot be resolved by the parties, the objections will be presented to the Court as appropriate before trial resumes on the day of their anticipated use.  The parties agree to exchange any excerpts of source code to be used at trial according to the same procedure and schedule as deposition excerpts.

43.     To the extent the Court permits a party to present a witness by deposition at trial during its case-in-chief, the party offering the testimony will play or read both the designated portion of the testimony and the opposing party's counter-designations, omitting (as agreed upon in advance by the parties) objections or colloquy where appropriate. The time for such designations shall be allocated to each party accordingly.

44.     The listing of a deposition designation or discovery response does not constitute an admission as to the admissibility of the testimony or discovery response nor is it a waiver of any applicable objection.

45.     Plaintiffs agree that if a fact witness (who is not an expert witness for Plaintiffs) on Defendant's list of witnesses to be called at trial or by deposition will be called by Plaintiffs in its case, Defendant may on cross examination elicit testimony from such witness relating to Defendant's case in chief as needed to avoid having to recall the witness, and, therefore, Defendant's cross examination will not be limited to the scope of Plaintiffs' direct.  Defendant reserves the right to recall such witness in its case.  Defendant agrees that if a fact witness (who is not an expert witness for Defendant) on Plaintiffs' list of witnesses to be called at trial or by deposition will be called by Defendant in its case, Plaintiffs may on cross examination elicit testimony from such witness relating to Plaintiffs' case in chief as needed to avoid having to recall the witness, and, therefore, Plaintiffs' cross examination will not be limited to the scope of Defendant's direct. Plaintiffs reserve the right to recall such witness in its case.

46.     By 9:00 a.m. Eastern Time one day before it intends to rest its case-in-chief, the resting party shall give the other party notice of its intention to rest so that the parties have an opportunity to comply with the other notice provisions of this Order.

## VIII.    BRIEF STATEMENT OF INTENDED PROOFS

47.     In support of its claims and in addition to the facts not in dispute, Plaintiffs expect to offer the proofs set forth in Exhibit 11.  The statement does not purport to be exhaustive of all issues to be tried.

48.     In support of its claims and in addition to the facts not in dispute, Defendant expects to offer the proofs set forth in Exhibit 12.   The statement does not purport to be exhaustive of all issues to be tried.

## IX.    PENDING MOTIONS AND ISSUES

49.     On July 25, 2013, the parties filed a joint claim construction chart.  D.I. 208. On July 26, 2013, Plaintiffs filed its opening claim construction brief.  D.I. 210.  Defendant filed its reply claim construction brief on August 9, 2013.  D.I. 224.

50.     On July 26, 2013, Defendant moved to preclude IV's experts testimony concerning the licensing of the patents-in-suit, the purported commercial success of the claimed inventions, the purported commercial success of Motorola's allegedly infringing products, Dr. Alpert's opinion that Motorola copied the '462 patent, and Dr. Gibson's opinion concerning the priority date of the '450 patent.  D.I. 212.  Plaintiffs have opposed the motion.  D.I. 226.

51.     On August 20, 2013, Defendant moved for partial summary judgment of invalidity of the patents-in-suit.  D.I. 230.  Plaintiffs have opposed the motion.  D.I. 250.

52.     On September 10, 2013, Defendant moved for partial summary judgment of non-infringement of the patents-in-suit.  D.I. 252.  Plaintiffs have opposed the motion.  D.I. 267.

## X.     PROPOSED AMENDMENTS TO PLEADINGS

53.     Each party reserves the right to amend its pleadings to conform to proof.

## XI.     CERTIFICATE OF ATTEMPTED RESOLUTION OF CONTROVERSY

54.     The parties certify that two-way communications have occurred between persons having authority in a good faith effort to explore the resolution of the controversy by settlement.  No agreement has been reached.

## XII.     OTHER MATTERS THE PARTIES WISH TO ADDRESS AT THE PRETRIAL CONFERENCE

55.     Matters that the Plaintiffs would like to raise at the Pretrial Conference are set forth in Exhibit 13.

56.     Matters that the Defendant would like to raise at the Pretrial Conference are set forth in Exhibit 14.

57.     Following are evidentiary issues to which the parties have stipulated:

a.     The parties agree that, absent agreement to the contrary among the parties or permission from the Court on a case-by-case basis, a witness cannot be examined at trial with respect to a document that the witness was not permitted to view under the Protective Order entered in this case.

b.     In examining expert witnesses at trial, the parties agree that counsel is not permitted to inquire or elicit testimony about communications between experts and counsel or about draft reports or notes by the expert.

c.     The parties agree that neither party will offer any evidence, testimony, opinions, or arguments regarding settlement communications between the parties pursuant to Fed. R. Evid. 408 or pursuant to any agreements between the parties relative to such communications.

d.     The parties agree that they will not offer evidence or argument regarding the fact that the number of claims or number of prior art references were narrowed by agreement of the parties.

e.      The parties agree that they will not offer evidence or argument regarding any equitable defenses or remedies, or any reference to the bifurcation of issues relating to remedies and willfulness.[2]

f.      The parties agree not to refer to IV as a "troll" or similar term but nothing in the foregoing prohibits Motorola Mobility from introducing relevant facts about IV.

g.      Notwithstanding anything to the contrary herein, the parties agree that the following patents are being asserted with respect to the following products:

| Patent | Accused Products |
| --- | --- |
| '144 Patent | Atrix 2 |
| | Atrix 4G |
| | Atrix HD |
| | Admiral |
| | Electrify |
| | Electrify 2 |
| | Electrify M |
| | Photon 4G |
| | Photon Q 4G LTE |
| | Defy XT |
| | XT 886 |
| | XPRT |
| | Titanium |
| | Triumph |
| | Rambler |
| | Bali |
| | i576 |
| | Quantico |
| | Brute i680 |
| | Brute i686 |
| | Clutch i475 |
| | i412 |

---

[2]      As stated above, it is Motorola's position that willfulness is not at issue in any phase of this case, because, inter alia, IV did not plead it.

| | |
|---|---|
| | i886<br>Milestone X<br>Theory<br>i867 |
| '953 Patent | Atrix 2<br>Atrix 4G<br>Atrix HD<br>Admiral<br>Electrify<br>Electrify 2<br>Photon 4G<br>Photon Q 4G LTE<br>Defy XT<br>XT 886<br>XPRT<br>Titanium<br>Triumph<br>Milestone X |
| '450 Patent | Admiral<br>Photon 4G<br>Photon Q 4G LTE<br>XPRT |
| '462 Patent | Motorola Lapdock for Atrix 4G<br>Motorola Lapdock 100<br>Motorola Lapdock 500 Pro<br>Atrix 4G<br>Photon 4G<br>Electrify<br>Photon Q 4G LTE<br>Atrix HD<br>Atrix 2 |
| '054 Patent | Atrix 4G<br>Atrix 2<br>Atrix HD<br>Electrify<br>Electrify 2<br>Electrify M<br>Admiral<br>Photon 4G<br>Photon Q 4G LTE<br>XPRT |

| | | Titanium<br>Milestone X<br>Triumph<br>i867<br>Defy XT<br>XT 886 |
|---|---|---|
| '464 Patent | | Atrix 4G<br>Atrix 2<br>Atrix HD<br>Electrify<br>Electrify 2<br>Electrify M<br>Admiral<br>Photon 4G<br>Photon Q 4G LTE<br>XPRT<br>Titanium<br>Milestone X<br>Triumph<br>i867<br>Defy XT<br>XT 886 |

       h.     The parties agree that Motorola products that are branded or co-branded under a name or mark of Verizon Corporate Services Group or any of its affiliates, including but not limited to Verizon Wireless, are not accused of infringement.

## XIII.    VOIR DIRE

     58.    The parties will file any proposed special voir dire questions by January 10, 2014.  If the Court has not had an opportunity to issue its claim construction or summary judgment rulings by January 3, 2014, the parties agree to meet and confer regarding proposed revisions of the due date set forth in this Paragraph.

## XIV.    JURY INSTRUCTIONS

59.     The parties will file proposed preliminary and final jury instructions by January 10, 2014.  If the Court has not had an opportunity to issue its claim construction or summary judgment rulings by January 3, 2014, the parties agree to meet and confer regarding proposed revisions of the due date set forth in this Paragraph.

## XV.     VERDICT FORM

60.     The parties will file a proposed verdict form by January 10, 2014.  If the Court has not had an opportunity to issue its claim construction or summary judgment rulings by January 3, 2014, the parties agree to meet and confer regarding proposed revisions of the due date set forth in this Paragraph.

## XVI.    OTHER MISCELLANEOUS ISSUES

61.     Scope of Trial.   The parties agree to narrow the scope of issues to be tried as follows:

i.      Five days following all of the Court's claim construction and summary judgment rulings, Plaintiffs will identify the patents and claims that will be asserted at trial.

j.      By no later than three days after Plaintiffs identify the patents and claims to be asserted, Defendant will identify the defenses and prior art references that will be asserted at trial;

k.      By no later than one day after Defendant identifies its defenses, the parties will meet and confer to resolve any disputes regarding the patents, defenses, and prior art references that will be asserted at trial; and

l.      By no later than one day after the parties meet and confer, the parties will jointly inform the Court of the patents, defenses, and prior art references that will be asserted at trial.

62.     Expected Duration of Trial.   The parties believe that the issues in dispute, as narrowed pursuant to the procedure set forth above, should be set to be tried in 10 days, with the time being equally divided between Plaintiffs and Defendant.

63.     Order of Proof.  The parties agree that the presentation of evidence will be as follows: Plaintiffs will present background and its case on infringement; Defendant will answer Plaintiffs' infringement case and present background and its case on invalidity; Plaintiffs will answer Defendant's invalidity case. Motorola intends to rebut IV's validity case.  IV has proposed that both sides waive any further rebuttal and will raise this issue during the January 2, 2014 hearing.  To the extent Motorola is permitted to rebut Plaintiff's validity case, IV reserves its right to rebut Defendant's non-infringement case.

64.     Juror Information.   The parties may provide to each juror a jury notebook containing the Asserted Patents, any prior art admitted as evidence including any certified translations thereof, a chart showing the Court's claim constructions and the parties' agreed constructions for the Asserted Claims, and such other evidence on which the parties agree.  The jurors shall be permitted to take handwritten notes during the presentations of the parties and may bring these notebooks and handwritten notes into the deliberation room.

65.     Service of Documents.  Service of all documents required under this Order shall occur by electronic mail or FTP site.

## XVII.    ORDER TO CONTROL COURSE OF ACTION

US2008 5225080 2

66.     This Order shall control the subsequent course of action unless modified by the Court.

67.     The parties reserve their rights to propose modifications to this Order, and the attached exhibits, for good cause and subject to the Court's approval.  Good cause shall include any modifications made necessary by subsequent Court orders.

Dated: December 26, 2013

FARNAN LLP

/s/ Brian E. Farnan
Brian E. Farnan (#4089)
919 N. Market Street, 12th Floor
Wilmington, DE 19081-3032
(302) 777-0300
bfarnan@farnanlaw.com

Margaret Elizabeth Day (*pro hac vice*)
Ian N. Feinberg (*pro hac vice*)
David L. Alberti (*pro hac vice*)
Clayton Thompson (*pro hac vice*)
Marc C. Belloli (*pro hac vice*)
Sal Lim (*pro hac vice*)
Yakov Zolotorev (*pro hac vice*)
FEINBERG DAY ALBERTI &
THOMPSON LLP
1600 El Camino Real, Suite 280
Menlo Park, CA 94025
Telephone: (650) 618.4360
Facsimile: (650) 618.4368

*Attorneys for Plaintiffs Intellectual*
*Ventures I*
*LLC and Intellectual Ventures II LLC*

Respectfully submitted,

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Jack B. Blumenfeld
Jack B. Blumenfeld (#1014)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com

Steven D. Moore (pro hac vice)
William H. Boice (pro hac vice)
Jon R. Pierce (pro hac vice)
Alton L. Absher, III (pro hac vice)
Kilpatrick Townsend & Stockton LLP
smoore@kilpatricktownsend.com
bboice@kilpatricktownsend.com
jpierce@kilpatricktownsend.com
aabsher@kilpatricktownsend.com

*Attorneys for Motorola Mobility LLC*

SO ORDERED on this _____ day of January _____, 2014.

_____
The Honorable Sue L. Robinson

# EXHIBIT 1
## STATEMENT OF ADMITTED FACTS

### I.   PARTIES

1.      Intellectual Ventures I is a Delaware limited liability company with its principal place of business located in Bellevue, Washington.

2.      Intellectual Ventures II is a Delaware limited liability company with its principal place of business located in Bellevue, Washington.

3.      Motorola Mobility LLC is a Delaware limited liability company having its principal place of business in Libertyville, Illinois.

### II.   PATENTS-IN-SUIT

1.      The '144 patent issued on October 5, 2010.  It is titled "File Transfer System For Direct Transfer Between Computers."

2.      The named inventors of the '144 patent are Christopher Clarke and Maurice Haff.

3.      Intellectual Ventures I owns the '144 patent and holds the right to sue for infringement, including past infringement.

4.      The '953 patent issued on July 2, 2002.  It is titled "Illumination Device And Image Projection Apparatus Comprising The Device."

5.      The named inventors of the '953 patent are Kuo-Tung Tiao, Kuang-Vu Chen, Fu-Ming Chuang, and Jinn-Chou Yoo.

6.      Intellectual Ventures II is the exclusive licensee of the '953 patent and is the assignee of all causes of action and enforcement rights of any kind.

7.      The '450 patent issued on August 5, 2008.  It is titled "Transmission Control Protocol/Internet Protocol (TCP/IP) Packet-Centric Wireless Point To Multi-point (PTMP) Transmission System Architecture."

US2008 5225090 2

8.      The named inventor of the '450 patent is Jacob W. Jorgensen.

9.      Intellectual Ventures I owns the '450 patent and holds the right to sue for infringement, including past infringement.

10.      The '462 patent issued on October 10, 2006.  It is titled "Portable Computing, Communication And Entertainment Device With Central Processor Carried In A Detachable Handset."

11.      The named inventor of the '462 patent is Rajendra Kumar.

12.      Intellectual Ventures II owns the '462 patent and holds the right to sue for infringement, including past infringement.

13.      The '054 patent issued on April 29, 2003.  It is titled "Method And System For Distributing Updates By Presenting Directory Of Software Available For User Installation That Is Not Already Installed On User Station."

14.      The named inventor of the '054 patent is Richard R. Reisman.

15.      Intellectual Ventures I owns the '054 patent and holds the right to sue for infringement, including past infringement.

16.      The '464 patent issued on December 2, 2003.  It is titled "User Station Software That Controls Transport, Storage, And Presentation Of Content From A Remote Source."

17.      The named inventor of the '464 patent is Richard R. Reisman.

18.      Intellectual Ventures I owns the '464 patent and holds the right to sue for infringement, including past infringement.

-2-

III.    ACCUSED PRODUCTS

| Patent | Accused Products |
|---|---|
| '144 Patent | Atrix 2<br>Atrix 4G<br>Atrix HD<br>Admiral<br>Electrify<br>Electrify 2<br>Electrify M<br>Photon 4G<br>Photon Q 4G LTE<br>Defy XT<br>XT 886<br>XPRT<br>Titanium<br>Triumph<br>Rambler<br>Bali<br>i576<br>Quantico<br>Brute i680<br>Brute i686<br>Clutch i475<br>i412<br>i886<br>Milestone X<br>Theory<br>i867 |
| '953 Patent | Atrix 2<br>Atrix 4G<br>Atrix HD<br>Admiral<br>Electrify<br>Electrify 2<br>Photon 4G<br>Photon Q 4G LTE<br>Defy XT<br>XT 886<br>XPRT<br>Titanium<br>Triumph<br>Milestone X |

-3-

| '450 Patent | Admiral<br>Photon 4G<br>Photon Q 4G LTE<br>XPRT |
|---|---|
| '462 Patent | Motorola Lapdock for Atrix 4G<br>Motorola Lapdock 100<br>Motorola Lapdock 500 Pro<br>Atrix 4G<br>Photon 4G<br>Electrify<br>Photon Q 4G LTE<br>Atrix HD<br>Atrix 2 |
| '054 Patent | Atrix 4G<br>Atrix 2<br>Atrix HD<br>Electrify<br>Electrify 2<br>Electrify M<br>Admiral<br>Photon 4G<br>Photon Q 4G LTE<br>XPRT<br>Titanium<br>Milestone X<br>Triumph<br>i897<br>Defy XT<br>XT 886 |
| '464 Patent | Atrix 4G<br>Atrix 2<br>Atrix HD<br>Electrify<br>Electrify 2<br>Electrify M<br>Admiral<br>Photon 4G<br>Photon Q 4G LTE<br>XPRT<br>Titanium<br>Milestone X<br>Triumph |

-4-

| | i897 |
| | Defy XT |
| | XT 886 |

US2008 5225090 2

**EXHIBIT 2**
**PLAINTIFFS' STATEMENT OF FACTS THAT REMAIN TO BE LITIGATED**

Should the Court determine that any issue identified in this exhibit as an issue of fact is more properly identified as an issue of law, it should be so considered.   Plaintiff reserves the right to revise this exhibit as necessary in light of the Court's decisions on claim construction, summary judgment, or any evidentiary motion.

**I.    INFRINGEMENT**

1.    Whether Plaintiffs can prove by a preponderance of the evidence that Defendant's Accused Products infringe, literally or under the doctrine of equivalents, any of the following claims:

a.    Claims 10, 14, 15, 26, 29, 30 and 41 of the '144 patent;

b.    Claim 1 of the '953 patent;

c.    Claims 1-3, 5, 8-9 of the '450 patent;

d.    Claims 1-3, 8, 10-13 of the '462 patent;

e.    Claims 151-155, 159-165, 181-185, 189-195, 256-260, 264-270 of the '054 patent;

f.    Claims 1-8, 16-17, 19 of the '464 patent.

2.    Whether Plaintiffs can prove by a preponderance of the evidence that Defendant's is liable for contributory infringement and/or induced infringement of any of the following claims:

a.    Claims 10, 14, 15, 26, 29, 30, 41 of the '144 patent;

b.    Claims 1-3, 5, 8-9 of the '450 patent;

c.    Claims 1-3, 8, 10-13 of the '462 patent;

-6-

      d.      Claims 151-155, 159-165, 181-185, 189-195, 256-260, 264-270 of the '054 patent;

      e.      Claims 1-8, 16-17, 19 of the '464 patent

3.      Whether Plaintiffs can prove that a person of ordinary skill in the art is the following for the following patents:

      a.      '144 patent:  A person of ordinary skill in the art for the '144 patent at the time of the invention would have earned a Bachelor's Degree in Electrical Engineering, Computer Science, or Computer Engineering in combination with two years of working experience in implementing client-server or other networking systems, or equivalent training and experience;

      b.      '953 patent: A person of ordinary skill in the art for the '953 patent at the time of the invention would be an engineer with a Bachelor's Degree in Physics, Electrical Engineering, or Materials Science and Engineering, and two or more years of experience working with optical device, or equivalent training and experience;

      c.      '450 patent:  A person of ordinary skill in the art for the '450 patent at the time of the invention would have earned a Master's Degree in Electrical Engineering or a related technical field, or a Bachelor's Degree in Electrical Engineering in combination with two to three years of experience in the wireless communications field, or equivalent training and experience;

      d.      '462 patent: A person of ordinary skill in the art for the '462 patent at the time of the invention would be an engineer with a Bachelor's Degree in Electrical or Computer Engineering and one or more years of experience working

US2008 5225090 2

with portable computing or communications devices, or equivalent training and experience;

e.      '464 patent and '054 patent:  A person of ordinary skill in the art for the '054 and the '464 patents at the time of the inventions would have earned at least a Bachelor's Degree in computer science or electrical engineering and two or more years of experience in the areas of software design or computer programming, including experience with computer applications, computer networking, and user interfaces, or equivalent training and experience.

## II.     VALIDITY

4.      Whether Plaintiffs can prove by preponderance of the evidence the following dates of invention:

a.      '144 patent: April 1997 and in no event later than November 13, 1997;

b.      '953 patent:  May 26, 1998;

c.      '450 patent:  April 17, 1998 and in no event later than June 16, 1998;

d.      '462 patent:  April 7, 1999;

e.      '054 patent:  September 30, 1993, and in no event later than May 31, 1994;

f.      '464 patent:  September 30, 1993, and in no event later than May 31, 1994.

5.      Whether Defendant can prove by clear and convincing evidence that:

-8-

       a.      the purported prior art identified by Defendant is prior art to the patents-in-suit;

       b.      the purported prior art anticipates any of the asserted claims of the patents-in-suit;

       c.      the purported prior art – either alone or in combination with other purported prior art references – renders obvious any of the asserted claims of the patents-in-suit;

       d.      the asserted claims of the '144 patent, the '054 patent and the '464 patent do not meet the written description and enablement requirements of 35 U.S.C. section 112.

6.      Other factual issues related to validity include

       a.      The scope and content of the prior art at the time the inventions were made.

       b.      The level of ordinary skill in the art at the time the inventions were made.

       c.      The differences between the prior art and the claimed inventions.

       d.      Whether the prior art teaches away from the claimed inventions.

       e.      Whether the prior art is analogous prior art.

       f.      Whether the prior art is enabled prior art.

       g.      Whether and in what way there would have been a reason to combine elements to arrive at the claimed inventions.

h.      Whether secondary considerations, including long-felt need, failure of others, licensing, recognition in the industry, and commercial success, support the nonobviousness of the claimed inventions.

-10-

**EXHIBIT 3**

**DEFENDANT'S STATEMENT OF FACTS THAT REMAIN TO BE LITIGATED**

Defendant Motorola Mobility LLC respectfully submits the following issues of fact that remain to be litigated. Should the Court determine that any issue identified in this statement as an issue of fact is more properly considered an issue of law, Motorola Mobility respectfully requests that it should be so considered. Motorola Mobility's statement of facts addresses only factual disputes relevant to the liability phase of litigation for the Asserted Claims of the Asserted Patents as defined in the Proposed Joint Pretrial Order. Motorola Mobility reserves the right to revise the statement as necessary to address bifurcated issues. Motorola Mobility reserves the right to revise this statement as necessary in light of the Court's decisions on claim construction, summary judgment, or any evidentiary motions. Motorola Mobility also includes in this statement issues on which summary judgment, or partial summary judgment, was sought by Motorola Mobility. Inclusion of such issues in this statement should not be deemed an admission that those issues contain factual disputes and thus make summary judgment improper; rather, their inclusion in this statement is simply to preserve those issues for trial should one be needed. Motorola Mobility further addresses each Asserted Claim of each Asserted Patent without prejudice to its argument that Plaintiffs should not be permitted to try all Asserted Claims and Asserted Patents at trial.

I.    **Invalidity**

    A.    **Anticipation**

    1.    Whether each of claim 10, 14, 26, 29, and 41 of the '144 patent is anticipated, pursuant to 35 U.S.C. § 102, by any of the following references:

        a.    Overend, U.S. Patent No. 5,379,340;

-11-

b.      Legal Information Exchange ("LIX"), which was at least offered for sale in the United States prior to the invention date of the '144 patent and described in a printed publication made publicly available prior to the invention date of the '144 patent;

c.      NeXT System ("NeXT"), which was in public use and offered for sale in the United States Prior to the invention date of the '144 patent and described in printed publications made publicly available prior to the invention date of the '144 patent; or

d.      Internet Express: An Inter-Desktop Multimedia Data-Transfer Service, Murugappan Palaniappan and George Fitzmaurice, 1991 ("Internet Express").

2.      Whether claim 1 of the '953 patent is anticipated, pursuant to 35 U.S.C. § 102, by any of the following references:

a.      Arakawa, U.S. Patent No. 6,559,911;

b.      Hiyama, U.S. Patent No. 6,104,454; or

c.      Kashima, U.S. Patent No. 6,504,589.

3.      Whether each of claims 1-2 of the '462 patent is anticipated, pursuant to 35 U.S.C. § 102, by any of the following references:

a.      Nelson, U.S. Patent No. 5,436,857;

b.      Kobayashi, U.S. Patent No. 5,463,742;

c.      Jenkins, U.S. Patent No. 6,029,183; or

d.      Boyle, U.S. Patent No. 5,323,291.

4.      Whether each of claims 11-12 of the '462 patent is anticipated, pursuant to 35 U.S.C. § 102, by any of the following references:

a.      Nelson; or

b.      Kobayashi.

US2008 5225090 2

5.      Whether each of claims 151-155, 159-165, 181-185, 189-195, 256-260, and 264-270 of the '054 patent is anticipated, pursuant to 35 U.S.C. § 102, by any of the following references:

    a.      Grube, U.S. Patent No. 6,026,366;

    b.      U.S. App. No. 08/124,616;

    b.      CompuServe System, which was in public use and offered for sale in the United States Prior to the invention date of the '054 patent and described in printed publications made publicly available prior to the invention date of the '054 patent.

6.      Whether each of claims 151-155, 159, 160, 162, 165, 181-185, 189, 190, 192, 195, 256-260, 264, 265, 267, and 270 of the '054 patent is anticipated, pursuant to 35 U.S.C. § 102, by any of the following references:

    a.      Fawcett, U.S. Patent No. 6,073,214; or

    b.      Fawcett, U.S. Patent No. 6,327,617.

7.      Whether each of claims 151, 152, 154, 159, 160, 163, 181, 182, 184, 189, 190, 193, 256, 257, 259, 264, 265, and 268 of the '054 patent is anticipated, pursuant to 35 U.S.C. § 102, by any of the following references:

    a.      Boman, U.S. Patent No. 5,654,901

8.      Whether each of claims 1-8, 16-17, and 19 of the '464 patent is anticipated, pursuant to 35 U.S.C. § 102, by any of the following references:

    a.      Ogaki, U.S. Patent No. 4,654,799

    b.      CompuServe System, which was in public use and offered for sale in the United States Prior to the invention date of the '464 patent and described in printed publications made publicly available prior to the invention date of the '464 patent; or

-13-

c.      Paul Gilster, "The Mosaic Navigator," Wiley & Sons,. Inc., 1995.

9.      Whether each of claims 1-2, 4-8, and 19 of the '464 patent are anticipated, pursuant to 35 U.S.C. § 102, by any of the following references:

a.      Bowen & Payton, "How to Get the Most Out of CompuServe," 5th ed., 1991

10.     Whether each of claims 1, 2, 4, 5, and 8 of the '464 patent is anticipated, pursuant to 35 U.S.C. § 102, by any of the following references:

a.      Grube, U.S. Patent No. 5,201,067

11.     Whether each of claims 1, 5, and 8 of the '464 patent is anticipated, pursuant to 35 U.S.C. 102, by any of the following references:

a.      Tom Lichty, "The Official America Online for Macintosh Tour Guide," Ventana Press, 2d ed. 1994.

12.     Whether each of claims 1-3, 5, and 8-9 of the '450 patent is anticipated, pursuant to 35 U.S.C. 102, by any of the following references:

a.      SWAN: A Mobile Multimedia Wireless Network by Prathima Agrawal, Eoin Hyden, Paul Krzyzanowski, Partho Mishra, Mani B. Srivastava, and John A. Trotter, April 1996, IEEE Personal Communications, Page(s): 18-33.

b.      Sylvain, U.S. Patent No. 6,118,777

c.      JP H08-107417

d.      the Packet Shaper system, which was in public use and offered for sale in the United States Prior to the invention date of the '450 patent and described in printed publications made publicly available prior to the invention date of the '450 patent.

-14-

B.    **Obviousness**[1]

Motorola will offer evidence on the following issues of fact, with respect to obviousness of the asserted claims of the Asserted Patents, as set forth in Motorola's experts' reports served on IV.

1.    Whether each of claims 10, 14, 26, 29, and 41 of the '144 patent is obvious, pursuant to 35 U.S.C. § 103, to a person of ordinary skill in the art at the time of the claimed invention in view of one or more of the following references:

   a.    Overend, U.S. Patent No. 5,379,340;

   b.    Legal Information Exchange ("LIX"), which was offered for sale in the United States prior to the invention date of the '144 patent and described in a printed publication made publicly available prior to the invention date of the '144 patent;

   c.    NeXT System ("NeXT"), which was in public use and offered for sale in the United States Prior to the invention date of the '144 patent and described in printed publications made publicly available prior to the invention date of the '144 patent;

   d.    Internet Express: An Inter-Desktop Multimedia Data-Transfer Service, Murugappan Palaniappan and George Fitzmaurice, 1991 ("Internet Express");

   e.    Non-Repudiation With Mandatory Proof of Receipt, Tom Coffey and Puneet Saidha, ACM SIGCOMM Computer Communication Review, 1996 ("Coffey"); or

   f.    Micali, U.S. Patent No. 5,553,145.

2.    Whether each of claims 15 and 30 of the '144 patent is obvious, pursuant to 35 U.S.C. § 103, to a person of ordinary skill in the art at the time of the claimed invention in view of one or more of the following references:

---

[1] Intellectual Ventures objects to Motorola's use of "one or more of the following references" as being beyond the scope of the opinions offered by Motorola's experts regarding obviousness.

   a.  Overend, U.S. Patent No. 5,379,340;

   b.  Legal Information Exchange ("LIX"), which was offered for sale in the United States prior to the invention date of the '144 patent and described in a printed publication made publicly available prior to the invention date of the '144 patent;

   c.  NeXT System ("NeXT"), which was in public use and offered for sale in the United States Prior to the invention date of the '144 patent and described in printed publications made publicly available prior to the invention date of the '144 patent;

   d.  Internet Express: An Inter-Desktop Multimedia Data-Transfer Service, Murugappan Palaniappan and George Fitzmaurice, 1991 ("Internet Express"); or

   e.  Ferguson, U.S. Patent No. 5,801,700.

  3.  Whether claim 1 of the '953 patent is obvious, pursuant to 35 U.S.C. § 103, to a person of ordinary skill in the art at the time of the claimed invention in view of one or more of the following references:

   a.  Arakawa, U.S. Patent No. 6,559,911;

   b.  Hiyama, U.S. Patent No. 6,104,454;

   c.  Kashima, U.S. Patent No. 6,504,589;

   d.  Kawai, U.S. Patent No. 5,499,112;

   e.  Hooker, U.S. Patent No. 5,477,422;

   f.  Miyazaki, U.S. Patent No. 6,065,845;

   g.  Pelka, U.S. Patent No. 6,007,209;

   h.  Anderson, U.S. Patent No. 5,414,598;

   i.  Ouderkirk, WPO Publication No. WO 95/17692; or

   j.  Mukasa, Japanese Publication H3-6525.

-16-

      4.     Whether each of claims 1-3, 8-9, and 11-13 of the '462 patent is obvious, pursuant to 35 U.S.C. § 103, to a person of ordinary skill in the art at the time of the claimed invention in view of one or more of the following references:

        a.     Nelson, U.S. Patent No. 5,436,857;

        b.     Kobayashi, U.S. Patent No. 5,463,742;

        c.     Jenkins, U.S. Patent No. 6,029,183;

        d.     Boyle, U.S. Patent No. 5,323,291; or

        e.     Smith, U.S. Patent No. 7,549,007.

      5.     Whether each of claims 8-9 of the '462 patent is obvious, pursuant to 35 U.S.C. § 103, to a person of ordinary skill in the art at the time of the claimed invention in view of one or more of the following references:

        a.     Nelson, U.S. Patent No. 5,436,857;

        b.     Smith, U.S. Patent No. 7,549,007;

        c.     Kobayashi, U.S. Patent No. 5,463,742;

        d.     Toshiba Satellite Pro 430CDS/430CDT Product Specifications, 1998 ("Toshiba");

        e.     Boyle, U.S. Patent No. 5,323,291; or.

        f.     Jenkins, U.S. Patent No. 6,029,183.

      6.     Whether each of claims 8-10 of the '462 patent is obvious, pursuant to 35 U.S.C. § 103, to a person of ordinary skill in the art at the time of the claimed invention in view of one or more of the following references:

        a.     Nelson, U.S. Patent No. 5,436,857;

        b.     Smith, U.S. Patent No. 7,549,007;

US2008 5225090 2

      c.      Kobayashi, U.S. Patent No. 5,463,742;

      d.      Ethridge, U.S. Patent No. 5,798,733;

      e.      Boyle, U.S. Patent No. 5,323,291; or

      f.      Jenkins, U.S. Patent No. 6,029,183.

7.      Whether claim 10 of the '462 patent is obvious, pursuant to 35 U.S.C. § 103, to a person of ordinary skill in the art at the time of the claimed invention in view of one or more of the following references:

      a.      Nelson, U.S. Patent No. 5,436,857;

      b.      Smith, U.S. Patent No. 7,549,007;

      c.      Kobayashi, U.S. Patent No. 5,463,742;

      d.      Tao, U.S. Patent No. 5,555,491;

      e.      Boyle, U.S. Patent No. 5,323,291; or

      f.      Jenkins, U.S. Patent No. 6,029,183.

8.      Whether each of claims 11-13 of the '462 patent is obvious, pursuant to 35 U.S.C. § 103, to a person of ordinary skill in the art at the time of the claimed invention in view of one or more of the following references:

      a.      Nelson, U.S. Patent No. 5,436,857;

      b.      Smith, U.S. Patent No. 7,549,007;

      c.      Kobayashi, U.S. Patent No. 5,463,742;

      d.      Jenkins, U.S. Patent No. 6,029,183; or

      e.      Ditzik, U.S. Patent No. 5,983,073.

-18-

9.      Whether each of claims 151-155, 159-165, 181-185, 189-195, 256-260, 264-270 of the '054 patent is obvious, pursuant to 35 U.S.C. § 103, to a person of ordinary skill in the art at the time of the claimed invention in view of one or more of the following references:

a.      Grube, U.S. Patent No. 6,026,366;

b.      U.S. App. No. 08/124,616;

c.      CompuServe System, which was in public use and offered for sale in the United States Prior to the invention date of the '054 patent and described in printed publications made publicly available prior to the invention date of the '054 patent;

c.      Bowen & Payton, "How to Get the Most Out of CompuServe," 1st ed., 1984; or

d.      Jones, "Compuserve Users Receive Crosstalk Forum," Info World, Sept. 21, 1987.

e.      Tim Berners-Lee and Daniel Connolly, "Hypertext Markup Language (HTML):  A Representation of Textual Information and Meta Information for Retrieval and Interchange," Internet Draft Version 1.2 (June 1993).

f.      Dennis J. Reynolds, "Evaluating Dial-Up Internet Access Options," Computers in Libraries, 1993.

g.      April 1, 1994 message from Gerard Versteeg to Newsgroup alt.internet.services re:  Compuserve access via Internet.

h.      CompuServe Press Release:  CompuServe Extends Information Superhighway with Enhanced Internet Access, March 8, 1994

i.      CompuServe Press Release:  Questions & Answers Regarding CompuServe's Announcement of Internet Services, March 15, 1994;

-19-

12.     Whether each of claims 3 and 16-17 of the '464 patent is obvious, pursuant to 35 U.S.C. § 103, to a person of ordinary skill in the art at the time of the claimed invention in view of one or more of the following references:

a.      Bowen & Payton, "How to Get the Most Out of CompuServe," 5th ed., 1991;

b      Joel Diamond, "Giving CompuServe a Chance," Network World, May 15, 1995.

c.      April 1, 1994 message from Gerard Versteeg to Newsgroup alt.internet.services re:  Compuserve access via Internet.

d.      CompuServe Press Release:  CompuServe Extends Information Superhighway with Enhanced Internet Access, March 8, 1994

e.      CompuServe Press Release:  Questions & Answers Regarding CompuServe's Announcement of Internet Services, March 15, 1994; or

f.      Dennis J. Reynolds, "Evaluating Dial-Up Internet Access Options," Computers in Libraries, 1993.


14.     Whether each of claims 3 and 16-17 of the '464 patent is obvious, pursuant to 35 U.S.C. § 103, to a person of ordinary skill in the art at the time of the claimed invention in view of one or more of the following references:

a.      Ogaki, U.S. Patent No. 4,654,799

-20-

      b.     Tim Berners-Lee and Daniel Connolly, "Hypertext Markup Language (HTML):  A Representation of Textual Information and Meta Information for Retrieval and Interchange," Internet Draft Version 1.2 (June 1993).

      c.     Dennis J. Reynolds, "Evaluating Dial-Up Internet Access Options," Computers in Libraries, 1993.

15.     Whether claim 1 of the '450 patent is obvious, pursuant to 35 U.S.C. § 103, to a person of ordinary skill in the art at the time of the claimed invention in view of one or more of the following references:

      a.     Sylvain, U.S. Patent No. 6,118,777

      b.     RFC 791 Internet Protocol, September 1981

      c.     RFC 793 Transmission Control Protocol, September 1981

      d.     JP H08-107417

      e.     Raleigh, U.S. Patent No. 6,463,096

      f.     Bauman, U.S. Patent No. 6,046,979

      g.     Craddock, U.S. Patent No. 6,005,851

      h.     Yin, U.S. Patent No. 5,926,458

      i.     the Packet Shaper system, which was in public use and offered for sale in the United States Prior to the invention date of the '450 patent and described in printed publications made publicly available prior to the invention date of the '450 patent.

      j.     Riddle, U.S. Patent No. 6,412,000

      k.     Riddle, U.S. Provisional Patent Application No. 60/066,864

      l.     Packer, U.S. Patent Application No. 08/977,376.

      m.     the Stelliga/Softcom system, which was in public use and offered for sale in the United States Prior to the invention date of the '450 patent and described in printed publications made publicly available prior to the invention date of the '450 patent, including Stelliga, U.S. Patent No. 6,625,650 and U.S. Provisional Patent Application No. 60/090,939 (including Softcom literature).

      n.     SWAN: A Mobile Multimedia Wireless Network by Prathima Agrawal, Eoin Hyden, Paul Krzyzanowski, Partho Mishra, Mani B. Srivastava, and John A. Trotter, April 1996, IEEE Personal Communications, Page(s): 18-33.

      o.     ATM Concepts, Architectures, and Protocols by Ronald J. Vetter, February 1995, Communications of the ACM, Vol. 38, No. 2.

    16.     Whether each of claims 2-3 of the '450 patent is obvious, pursuant to 35 U.S.C. § 103, to a person of ordinary skill in the art at the time of the claimed invention in view of one or more of the following references:

      a.     Sylvain, U.S. Patent No. 6,118,777

      b.     RFC 791 Internet Protocol, September 1981

      c.     RFC 793 Transmission Control Protocol, September 1981

      d.     JP H08-107417

      e.     Raleigh, U.S. Patent No. 6,463,096

      f.     Bauman, U.S. Patent No. 6,046,979

      g.     Craddock, U.S. Patent No. 6,005,851

      h.     Yin, U.S. Patent No. 5,926,458

US2008 5225090 2

   i.  the Packet Shaper system, which was in public use and offered for sale in the United States Prior to the invention date of the '450 patent and described in printed publications made publicly available prior to the invention date of the '450 patent.

   j.  Riddle, U.S. Patent No. 6,412,000

   k.  Riddle, U.S. Provisional Patent Application No. 60/066,864

   l.  Packer, U.S. Patent Application No. 08/977,376.

   m.  the Stelliga/Softcom system, which was in public use and offered for sale in the United States Prior to the invention date of the '450 patent and described in printed publications made publicly available prior to the invention date of the '450 patent, including Stelliga, U.S. Patent No. 6,625,650 and U.S. Provisional Patent Application No. 60/090,939 (including Softcom literature).

   n.  SWAN: A Mobile Multimedia Wireless Network by Prathima Agrawal, Eoin Hyden, Paul Krzyzanowski, Partho Mishra, Mani B. Srivastava, and John A. Trotter, April 1996, IEEE Personal Communications, Page(s): 18-33.

   o.  ATM Concepts, Architectures, and Protocols by Ronald J. Vetter, February 1995, Communications of the ACM, Vol. 38, No. 2.

19.  Whether claim 5 of the '450 patent is obvious, pursuant to 35 U.S.C. § 103, to a person of ordinary skill in the art at the time of the claimed invention in view of one or more of the following references:

   a.  Sylvain, U.S. Patent No. 6,118,777

   b.  RFC 791 Internet Protocol, September 1981

   c.  RFC 793 Transmission Control Protocol, September 1981

   d.  JP H08-107417

e.      Raleigh, U.S. Patent No. 6,463,096

f.      Bauman, U.S. Patent No. 6,046,979

g.      Craddock, U.S. Patent No. 6,005,851

h.      Yin, U.S. Patent No. 5,926,458

i.      the Packet Shaper system, which was in public use and offered for sale in the United States Prior to the invention date of the '450 patent and described in printed publications made publicly available prior to the invention date of the '450 patent.

j.      Riddle, U.S. Patent No. 6,412,000

k.      Riddle, U.S. Provisional Patent Application No. 60/066,864

l.      Packer, U.S. Patent Application No. 08/977,376.

m.      the Stelliga/Softcom system, which was in public use and offered for sale in the United States Prior to the invention date of the '450 patent and described in printed publications made publicly available prior to the invention date of the '450 patent, including Stelliga, U.S. Patent No. 6,625,650 and U.S. Provisional Patent Application No. 60/090,939 (including Softcom literature).

n.      SWAN: A Mobile Multimedia Wireless Network by Prathima Agrawal, Eoin Hyden, Paul Krzyzanowski, Partho Mishra, Mani B. Srivastava, and John A. Trotter, April 1996, IEEE Personal Communications, Page(s): 18-33.

o.      ATM Concepts, Architectures, and Protocols by Ronald J. Vetter, February 1995, Communications of the ACM, Vol. 38, No. 2.

p.      Yoshimura, U.S. Patent No. 6,125,397

21.     Whether claim 8 of the '450 patent is obvious, pursuant to 35 U.S.C. § 103, to a person of ordinary skill in the art at the time of the claimed invention in view of one or more of the following references:

            a.      Sylvain, U.S. Patent No. 6,118,777

            b.      RFC 791 Internet Protocol, September 1981

            c.      RFC 793 Transmission Control Protocol, September 1981

            d.      JP H08-107417

            e.      Raleigh, U.S. Patent No. 6,463,096

            f.      Bauman, U.S. Patent No. 6,046,979

            g.      Craddock, U.S. Patent No. 6,005,851

            h.      Yin, U.S. Patent No. 5,926,458

            i.      the Packet Shaper system, which was in public use and offered for sale in the United States Prior to the invention date of the '450 patent and described in printed publications made publicly available prior to the invention date of the '450 patent.

            j.      Riddle, U.S. Patent No. 6,412,000

            k.      Riddle, U.S. Provisional Patent Application No. 60/066,864

            l.      Packer, U.S. Patent Application No. 08/977,376.

            m.      the Stelliga/Softcom system, which was in public use and offered for sale in the United States Prior to the invention date of the '450 patent and described in printed publications made publicly available prior to the invention date of the '450 patent, including Stelliga, U.S. Patent No. 6,625,650 and U.S. Provisional Patent Application No. 60/090,939 (including Softcom literature).

n.      SWAN: A Mobile Multimedia Wireless Network by Prathima Agrawal, Eoin Hyden, Paul Krzyzanowski, Partho Mishra, Mani B. Srivastava, and John A. Trotter, April 1996, IEEE Personal Communications, Page(s): 18-33.

o.      ATM Concepts, Architectures, and Protocols by Ronald J. Vetter, February 1995, Communications of the ACM, Vol. 38, No. 2. 22.      Whether claim 9 of the '450 patent is obvious, pursuant to 35 U.S.C. § 103, to a person of ordinary skill in the art at the time of the claimed invention in view of one or more of the following references:

a.      Sylvain, U.S. Patent No. 6,118,777

b.      RFC 791 Internet Protocol, September 1981

c.      RFC 793 Transmission Control Protocol, September 1981

d.      JP H08-107417

e.      Raleigh, U.S. Patent No. 6,463,096

f.      Bauman, U.S. Patent No. 6,046,979

g.      Craddock, U.S. Patent No. 6,005,851

h.      Yin, U.S. Patent No. 5,926,458

i.      the Packet Shaper system, which was in public use and offered for sale in the United States Prior to the invention date of the '450 patent and described in printed publications made publicly available prior to the invention date of the '450 patent.

j.      Riddle, U.S. Patent No. 6,412,000

k.      Riddle, U.S. Provisional Patent Application No. 60/066,864

l.      Packer, U.S. Patent Application No. 08/977,376.

m.      the Stelliga/Softcom system, which was in public use and offered for sale in the United States Prior to the invention date of the '450 patent and described in printed publications

-26-

made publicly available prior to the invention date of the '450 patent, including Stelliga, U.S. Patent No. 6,625,650 and U.S. Provisional Patent Application No. 60/090,939 (including Softcom literature).

    n.  SWAN: A Mobile Multimedia Wireless Network by Prathima Agrawal, Eoin Hyden, Paul Krzyzanowski, Partho Mishra, Mani B. Srivastava, and John A. Trotter, April 1996, IEEE Personal Communications, Page(s): 18-33.

    o.  ATM Concepts, Architectures, and Protocols by Ronald J. Vetter, February 1995, Communications of the ACM, Vol. 38, No. 2.

    **C.**  **Invalidity Under 35 U.S.C. § 112**

    1.  Whether each of the following claims is invalid for failing to fulfill the written description requirement, pursuant to 35 U.S.C. § 112 ¶ 1, because the specification fails to describe the claimed invention in sufficient detail such that a person of ordinary skill in the art at the time of the claimed invention could conclude the named inventors were in possession of the claimed invention:

    a.  Claims 10, 14, 15, 26, 29, 30, and 41 of the '144 patent.

    b.  Claims 151-155, 159-165, 181-185, 189-195, 256-260 and 264-270, of the '054 patent.

    c.  Claims 1-8, 16-17, and 19 of the '464 patent.

    2.  Whether each of the following claims is invalid for failing to fulfill the enablement requirement, pursuant to 35 U.S.C. § 112 ¶1, because the specification fails to describe the claimed invention in sufficient detail such that a person of ordinary skill in the art at the time of the claimed invention could practice the claimed invention:

    a.  Claims 10, 14, 15, 26, 29, 30, and 41 of the '144 patent.

b.       Claims 151-155, 159-165, 181-185, 189-195, 256-260 and 264-270 of the '054 patent.

c.       Claims 1-8, 16-17, and 19 of the '464 patent.

3.       Whether each of the following claims is invalid as indefinite, pursuant to 35 U.S.C. § 112 ¶ 2, such that a person of ordinary skill in the art at the time of the claimed invention would not understand what is claimed and what is not claimed in view of the specification:

a.       Claims 10, 14, 15, and 41 of the '144 patent;

b.       Claim 1 of the '953 patent; and

c.       Claims 1-3, 5, and 8-9 of the '450 patent.

D.       **Priority Date of Asserted Patents**

1.       Whether Plaintiff can prove that any asserted claim of the '054 patent is entitled to a priority date other than February 13, 2002.

2.       Whether Plaintiff can prove that any asserted claim of the '464 patent is entitled to a priority date other than May 21, 2002.

3.       Whether Plaintiff can prove that any asserted claim of the '450 patent is entitled to a priority date other than July 9, 1999.

4.       Whether Plaintiff can prove that any asserted claim of the '144 patent is entitled to a priority date other than November 13, 1997.

5.       Whether Plaintiff can prove that any asserted claim of the '953 patent is entitled to a priority date other than May 26, 1998.

6.       Whether Plaintiff can prove that any asserted claim of the '462 patent is entitled to a priority date other than April 7, 1999.

E.       **Other Issues Related to Invalidity**.

1.      Whether the LIX manual is prior art to the '144 patent.

2.      Whether Grube, U.S. Patent No. 6,026,366 is prior art to the '054 patent.

3.      Whether the CompuServe system is prior art to the '054 patent and/or the '464 patent.

4.      Whether Joel Diamond, "Giving CompuServe a Chance," Network World, May 15, 1995, is prior art to the '054 patent and/or the '464 patent.

5.      Whether the April 1, 1994 message from Gerard Versteeg to Newsgroup alt.internet.services "re:  Compuserve access via Internet" is prior art to the '054 patent and/or the '464 patent.

6.      Whether CompuServe Press Release:   CompuServe Extends Information Superhighway with Enhanced Internet Access, March 8, 1994 is prior art to the '054 patent and/or the '464 patent.

7.      Whether CompuServe Press Release:   Questions & Answers Regarding CompuServe's Announcement of Internet Services, March 15, 1994 is prior art to the '054 patent and/or the '464 patent.

8.      Whether Fawcett, U.S. Patent No. 6,073,214 is prior art to the '054 patent.

9.      Whether Fawcett, U.S. Patent No. 6,327,617 is prior art to the '054 patent.

10.      Whether Boman, U.S. Patent No. 5,654,901 is prior art to the '054 patent.

11.      Whether Paul Gilster, "The Mosaic Navigator:  The Essential Guide to the Internet Interface," John Wiley & Sons, Inc., 1st ed. 1995 is prior art to the '464 patent.

12.      Whether Tom Lichty, "The Official American Online for Macintosh Tour Guide," Ventana Press, 2d ed. 1994 is prior art to the '464 patent.

13.      Whether Raleigh, U.S. Patent No. 6,463,096 is prior art to the '450 patent.

-29-

14.     Whether the Packet Shaper system is prior art to the '450 patent.

15.     Whether the Stelliga / Softcom system is prior art to the '450 patent.

16.     Whether Bauman, U.S. Patent No. 6,046,979 is prior art to the '450 patent.

17.     Whether Yoshimura, U.S. Patent No. 6,125,397 is prior art to the '450 patent.


## II.     Non-Infringement

### A.     Direct Infringement

1.     Whether Plaintiff can prove by a preponderance of the evidence any acts of direct infringement through manufacture, use, sale, offer for sale, or importation of Atrix 2, Atrix 4G, Atrix HD, Admiral, Electrify, Electrify 2, Electrify M, Photon 4G, Photon Q 4G LTE, Defy XT, XT 886, XPRT, Titanium, Triumph, Rambler, Bali, i576, Quantico, Brute i680, Brute i686, Clutch i475, i412, i886, Milestone X, Theory, or i867, literally or under the doctrine of equivalents, of one or more asserted claims 10, 14, 15, 26, 29, 30, and 41 of the '144 patent.

2.     Whether Plaintiff can prove by a preponderance of the evidence any acts of direct infringement through manufacture, use, sale, offer for sale, or importation of Atrix 2, Atrix 4G, Atrix HD, Admiral, Electrify, Electrify 2, Photon 4G, Photon Q 4G LTE, Defy XT, XT 886, XPRT, Titanium, Triumph, or Milestone X, literally or under the doctrine of equivalents, of asserted claim 1 of the '953 patent.

3.     Whether Plaintiff can prove by a preponderance of the evidence any acts of direct infringement through manufacture, use, sale, offer for sale, or importation of Motorola Lapdock for Atrix 4G, Motorola Lapdock 100, Motorola Lapdock 500 Pro, Atrix 4G, Photon 4G, Electrify, Photon Q 4G LTE, Atrix HD, or Atrix 2, literally or under the doctrine of equivalents, of asserted claims 1-3, 8, 10-13 of the '462 patent.

-30-

4.      Whether Plaintiff can prove by a preponderance of the evidence any acts of direct infringement through use of Atrix 2, Atrix 4G, Atrix HD, Admiral, Electrify, Electrify 2, Electrify M, Photon 4G, Photon Q 4G LTE, Defy XT, XT 886, XPRT, Titanium, Triumph, Milestone X, Theory, or i867, literally or under the doctrine of equivalents, of asserted claims 151-155, 159-165, 181-185, 189-195, 256-260 and 264-270 of the '054 patent.

5.      Whether Plaintiff can prove by a preponderance of the evidence any acts of direct infringement through use of Atrix 2, Atrix 4G, Atrix HD, Admiral, Electrify, Electrify 2, Electrify M, Photon 4G, Photon Q 4G LTE, Defy XT, XT 886, XPRT, Titanium, Triumph, Milestone X, Theory, or i867, literally or under the doctrine of equivalents, of asserted claims 1-8, 16-17, and 19 of the '464 patent.

6.      Whether Plaintiff can prove by a preponderance of the evidence any acts of direct infringement through manufacture, use, sale, offer for sale, or importation of Admiral, Photon 4G, Photon Q 4G LTE, or XPRT, literally or under the doctrine of equivalents, of asserted claims 1-3, 5, and 8-9 of the '450 patent.

B.      **Inducement**

1.      Whether Plaintiff can prove by a preponderance of the evidence that Motorola had knowledge of any of  the Asserted Patents and knew or should have known that its actions would induce actual infringements of any Asserted Claim of any Asserted Patent of which it had knowledge.

C.      **Contributory Infringement**

1.      Whether Plaintiff can prove by a preponderance of the evidence that Motorola had knowledge of any of the Asserted Patents and intended to contribute to actual infringements of any Asserted Claim of any such Asserted Patent by providing into commerce any of the Accused

-31-

Products, and whether any such Accused Product is a non-commodity article incapable of substantial non-infringing use.

### D. Exhaustion

1.      To the extent the issue of exhaustion is reached in the liability trial as opposed to being considered during any trial that becomes necessary on damages or willfulness, whether the LCD assemblies designed and built by Samsung and sold to Motorola Mobility for inclusion in the Atrix HD, Atrix 4G, Electrify, and Photon 4G exhausted Plaintiff's rights to assert infringement of the '953 patent against those products by virtue of the license by Plaintiff to Samsung of a portfolio of patents, including the '953 patent, dated November 11, 2010.

## III. Other Issues

### A. Level of Ordinary Skill in the Art at the Time of Alleged Inventions

1.      Whether a person of ordinary skill in the art of the '144 patent is a person (1) with a bachelor's degree in computer science and three (3) years of experience with distributed systems; (2) an advanced degree in computer sciences; or (3) less technical education but more experience or less experience but more technical education.

2.      Whether a person of ordinary skill in the art of the '953 patent is a person (1) with a Master of Science degree in electrical engineering, applied physics, or a related field, and at least a year experience in working with liquid crystal display technology or related technology, or (2) with a Bachelor's of Science degree in electrical engineering, applied physics, or a related field, and at least two years of experience in liquid crystal display technology or a related technology.

3.      Whether a person of ordinary skill in the art of the '462 patent is a person (1) with a Master of Science degree in electrical engineering, applied physics, or a related field, and at least a year experience in working with portable computing and communication or related technology, or

-32-

(2) with a Bachelor's of Science degree in electrical engineering, applied physics, or a related field, and at least two years of experience with portable computing and communication or related technology.

4.     Whether a person of ordinary skill in the art of the '054 patent is a person with a Bachelor's of Science degree or equivalent with one to two years of programming experience.

5.     Whether a person of ordinary skill in the art of the '464 patent is a person with a Bachelor's of Science degree or equivalent with one to two years of programming experience.

6.     Whether a person of ordinary skill in the art of the '450 patent is a person with a Bachelor's of Science degree in electrical or computer engineering or computer science with one to two years of professional experience in working with network protocols, including TCP/IP protocol.

US2008 5225090 2

## EXHIBIT 4
## PLAINTIFFS' STATEMENT OF ISSUES OF LAW

Plaintiffs identify the following issues of law to be litigated.  Should the Court find that any issues of fact listed in Exhibit 2 of the Joint Pretrial Order should be considered as issues of law, Plaintiffs incorporate those issues in this exhibit.  Should the Court find that any issues identified in this Exhibit as an issue of law should be considered as an issue of fact, Plaintiffs incorporate those issues into Exhibit 2.  Plaintiffs also incorporate Exhibit 11 (Plaintiffs' Statement of Intended Proofs).  The issues of willfulness and damages have been bifurcated.  This statement, therefore, addresses only issues of law relevant to the liability phase of this action for the Asserted Claims of the Asserted Patents as defined in the Proposed Joint Pretrial Order.  Plaintiffs' issues of law to be litigated may change based on the Court's decisions on claim construction, summary judgment, or other open matters.  Plaintiffs reserve the right to revise this statement as needed in light of those decisions.  Plaintiffs reserve their rights to present issues of law set forth in the pending motions identified in this Pretrial Order, and to appeal any issues identified in motions that have been decided by the Court.

### I.    ISSUES ON WHICH PLAINTIFFS BEAR THE BURDEN OF PROOF

1.    Whether Plaintiffs can prove by a preponderance that Defendant infringes one or more asserted claims 10, 14, 15, 26, 29, 30 and 41 of the '144 patent either directly – by making, using, selling, offering for sale and/or importing the following products Atrix 4G, Atrix 2, Atrix HD, Admiral, Electrify, Electrify 2, Electrify M, Photon 4G, Photon Q 4G LTE, Defy XT, XT886, XPRT, Titanium, Triumph, Rambler, Bali, i576, Quantico, Brute

-34-

i680, Brute i686, Clutch i475, i412, i886, Milestone X, Theory, i867 – or indirectly by contributing to and or inducing infringement of one or more of the asserted claims.

2.      Whether Plaintiffs can prove by a preponderance that Defendant infringes asserted claim 1 of the '953 patent by making, using, selling, offering for sale and/or importing the following products Atrix 4G, Atrix 2, Atrix HD, Admiral, Electrify, Electrify 2, Photon 4G, Photon Q 4G LTE, Defy XT, XT886, XPRT, Titanium, Triumph, Milestone X.

3.      Whether Plaintiffs can prove by a preponderance that Defendant infringes one or more of asserted claims 1-3, 5 and 8-9 of the '450 patent either directly – by making, using, selling, offering for sale and/or importing the following products Admiral, Photon 4G, Photon Q 4G LTE, XPRT – or indirectly by contributing to and or inducing infringement of one or more of the asserted claims.

4.      Whether Plaintiffs can prove by a preponderance that Defendant infringes one or more of asserted claims 1-3, 8, 10-13 of the '462 patent either directly – by making, using, selling, offering for sale and/or importing the following products Lapdock for Atrix 4G, Lapdock 100, Lapdock 500 Pro, Atrix 4G, Photon 4G, Electrify, Photon Q 4G LTE, Atrix HD, Atrix 2 – or indirectly by contributing to and or inducing infringement of one or more of the asserted claims.

5.      Whether Plaintiffs can prove by a preponderance that Defendant infringes one or more of asserted claims 151-155, 159-165, 181-185, 189-195, 256-260, 264-270 of the '054 patent either directly – by making, using, selling, offering for sale and/or importing the following products Atrix 4G, Atrix 2, Atrix HD, Admiral, Electrify, Electrify 2, Electrify M, Photon 4G, Photon Q 4G LTE, Defy XT, XT886, XPRT, Titanium, Triumph, i867 – or

indirectly by contributing to and or inducing infringement of one or more of the asserted claims.

6.     Whether Plaintiffs can prove by a preponderance that Defendant infringes one or more of asserted claims 1-8, 16-17, and 19 of the '464 patent either directly – by making, using, selling, offering for sale and/or importing the following products Atrix 4G, Atrix 2, Atrix HD, Admiral, Electrify, Electrify 2, Electrify M, Photon 4G, Photon Q 4G LTE, Defy XT, XT886, XPRT, Titanium, Triumph, i867 – or indirectly by contributing to and or inducing infringement of one or more of the asserted claims.

7.     Plaintiffs bear the burden of proving infringement, either direct or indirect, by a preponderance of the evidence. *SmithKline Diagnostics, Inc. v. Helena Lab. Corp.*, 859 F.2d 878, 889 (Fed. Cir. 1988).

**A.     Direct Infringement**

8.     To prove direct infringement, Plaintiffs must prove by a preponderance of the evidence that Defendant "perform[s] each and every step or element of a claimed method or product." *BMC Res., Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1378 (Fed. Cir. 2007.

9.     A determination of infringement under 35 U.S.C. § 271(a) requires a two-step analysis. Initially, the claims at issue are interpreted to define their scope. *Cybor Corp. v. FAS Techs., Inc.*, 138 F.3d 1448, 1456 (Fed. Cir. 1998) (en banc). Next, the evidence must be examined to ascertain whether the construed claim has been infringed by the accused product. *Kegel Co. v. AMF Bowling, Inc.*, 127 F.3d 1420, 1425 (Fed. Cir. 1997)

*i.  Literal Infringement*

-36-

10.     Whether Plaintiffs can prove by a preponderance of the evidence that any of the Accused Products literally infringe any of the Asserted Claims.  "To establish literal infringement, all of the elements of the claim, as correctly construed, must be present in the accused system." *Netword, LLC v. Centraal Corp.*, 242 F.3d 1347, 1353 (Fed. Cir. 2001).

### ii.  Doctrine of Equivalents

11.     Whether Plaintiffs can prove by a preponderance of the evidence that any of the Accused Products infringe any of the Asserted Claims under the doctrine of equivalents.  If a product or method does not literally contain every claim limitation, the defendant may nevertheless infringe under the doctrine of equivalents. *See Gen. Elec. Co. v. Nintendo Co, Ltd.*, 179 F.3d 1350, 1359 (Fed. Cir. 1999).  "[A] product or process that does not literally infringe upon the express terms of a patent claim may nonetheless be found to infringe if there is 'equivalence' between the elements of the accused product or process and the claimed elements of the patented invention." *Warner-Jenkinson Co., Inc. v. Hilton Davis Chem. Co.,* 520 U.S. 17, 21 (1997).  "Infringement under the doctrine of equivalents may be found where those limitations of a claim not found exactly in the accused device are met equivalently." *Zygo Corp. v. Wyko Corp.,* 79 F.3d 1563, 1568 (Fed. Cir. 1996).

12.     Under the doctrine of equivalents, "a product or process that does not literally infringe upon the express terms of a patent may nonetheless be found to infringe if there is 'equivalence' between the elements of the accused product or process and the claimed elements of the patented invention." *Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 29 (1997).  To prove such equivalence, Plaintiff must "show[] that the

difference between the claimed invention and the accused product [is] insubstantial."
*Stumbo v. Eastman Outdoors, Inc.*, 508 F.3d 1358, 1364 (Fed. Cir. 2007).  "One way of doing so is by showing on a limitation by limitation basis that the accused product performs substantially the same function in substantially the same way with substantially the same result as each limitation of the patented product."  *Id.*

13.    "Infringement under the doctrine of equivalents is an equitable doctrine devised for 'situations where there is no literal infringement but [where] liability is nevertheless appropriate to prevent what is in essence a pirating of the patentee's invention.'"  *Insta-Foam Prods., Inc. v. Universal Foam Sys., Inc.*, 906 F.2d 698, 702 (Fed. Cir. 1990) (quoting *Loctite Corp. v. Ultraseal Ltd.*, 781 F.2d 861, 870 (Fed. Cir. 1985)).  "An appropriate range of equivalents may extend to post-invention advances in the art in an appropriate case."  *Varco, L.P. v. Pason Systems USA Corp.*, 436 F.3d 1368 (Fed. Cir. 2006) (quoting *Am. Hosp. Supply Corp. v. Travenol Labs, Inc.*, 745 F.2d 1, 9 (Fed. Cir. 1984)).  "Each element contained in a patent claim is deemed material to defining the scope of the patented invention, and thus the doctrine of equivalents must be applied to individual elements of the claim, not to the invention as a whole."  *Warner-Jenkinson,* 520 U.S. at 29.  In applying the "all elements rule" to determine infringement under the doctrine of equivalents, it is appropriate to identify "the role played by each element in the context of the specific patent claim."  *Id.* at 40.  This analysis "will thus inform the inquiry as to whether a substitute element matches the function, way, and result of the claimed element, or whether the substitute element plays a role substantially different from the claimed element."  *Id.*

## B.    Indirect Infringement

-38-

US2008 5225090 2

14.     Whether Plaintiffs can prove by a preponderance of the evidence that any of the Accused Products indirectly infringe any of the Asserted Claims.  35 U.S.C. § 271. To establish liability for indirect infringement, either inducement of infringement or contributory infringement, Plaintiff must first prove direct infringement.  *See DSU Medical Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1303 (Fed. Cir. 2006) ("[T]he patentee always has the burden to show direct infringement for each instance of indirect infringement.").

*i.  Inducement of Infringement*

15.     Whether Plaintiffs can prove by a preponderance of the evidence that Defendant induces infringement of one or more of the Asserted Claims.  35 U.S.C. § 271 ("Whoever actively induces infringement of a patent shall be liable as an infringer."). Plaintiff must show that Defendant knew of the Asserted Patents and "knew or should have known [its] actions would induce actual infringements."  *DSU Med. Corp.,* 471 F.3d at 1306.  A party is liable for inducement of infringement if it:  (1) knew about the patent; (2) intentionally encourages acts that constitute direct infringement; (3) knew or should have known that its actions will cause direct infringement or is willfully blind to the fact; and (4) another party directly infringes the claim.  *Id*.; *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2070-71 (2011).

16.     The knowledge requirement for inducement of infringement is fulfilled if a complaint sufficiently identifies the allegedly infringing conduct, and a defendant who receives the complaint decides to continue its conduct despite the knowledge gleaned from the complaint. *Id.*; *see also CyberFone Sys., LLC v. Cellco P'ship*, C.A. No. 11-827-SLR, 2012 WL 1509504, at *3 (D. Del. Apr. 30, 2012) ("In each instance where

-39-

indirect infringement is alleged, CyberFone states that the defendant 'has had knowledge

of the [asserted] patent at least as early as the filing of the original complaint[.]'").

17.     Evidence of active steps taken to induce infringement, such as advertising an

infringing use, or instructing how to engage in an infringing use, may support a finding

of an intention for the product to be used in an infringing manner.  *Ricoh Co., Ltd. v.*

*Quanta Computer Inc.*, 550 F.3d 1325, 1341 (Fed. Cir. 2008) (*quoting*

*Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, 936 (2005)).

18.     Manufacturer's instructions, such as user guides, can evidence an intent to

infringe. *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d

1369, 1379 (Fed. Cir. 2005), *quoting*, *Metro-Goldwyn-Mayer Studios Inc. v. Grokster,*

*Ltd.*, 545 U.S. 913, 936 (2005) ("Evidence of active steps taken to encourage direct

infringement, such as … instructing how to engage in an infringing use, show an

affirmative intent that the product be used to infringe.")(emphasis added).  A defendant

who "was aware of the [patent] and supplied the infringing products to …customers with

instructions on how they were to be used, which, when followed, would lead to

infringement" induces infringement.  *Minn. Mining and Mfg. Co. v. Chemque, Inc.*, 303

F.3d 1294, 1305 (Fed. Cir. 2002); *see also Golden Blount, Inc. v. Robert H. Peterson*

*Co.*, 438 F.3d 1354, 1361-62 (Fed. Cir. 2006) (instructions that teach infringing

configuration, even if infringement is not a foregone conclusion, results in a finding of

requisite intent to induce infringement); *Biotec Biologische Naturverpackungen GmbH*

*& Co. v. Biocorp, Inc.*, 249 F.3d 1341, 1351 (Fed. Cir. 2001) (defendant induced

infringement by providing instructions to customers on how to use a product in a manner

that constituted direct infringement)

ii. *Contributory Infringement*

19.     Whether Plaintiffs can prove by a preponderance of the evidence that Defendant contributed towards another's direct infringement of one or more of the Asserted Claims.   Under 35 U.S.C. § 271(c), Defendant is liable for infringement if it "offers to sell or sells within the United States or imports into the United States ... a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use."   Plaintiff must prove an act of direct infringement.  *DSU Med. Corp.,* 471 F.3d at 1306.   In addition, Plaintiff must prove that Defendant "knew that the combination for which its components were especially made was both patented and infringing" and that there were "no substantial non-infringing uses." *Lucent Technologies, Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1320 (Fed. Cir. 2009).

20.     When an article has no meaningful use other than to infringe the claims of a  patent, patent infringement liability cannot be avoided under the "substantial noninfringing use" exception of § 271(c).   *See Golden Blount, Inc.*, 438 F.3d at 1363 (holding that showing of substantial noninfringing use requires proof that a device was "actually used" in a noninfringing way); *Hodosh v. Block Drug Co.*, 833 F.2d 1575 (Fed. Cir. 1987) (method claims infringed by use of a product containing the claimed ingredient because the ingredient had no substantial noninfringing uses in the product). "Furthermore, the 'occasional and aberrant use of these products, [even] where they are clearly designed to be used in a system specified in the claims of a patent, does not rise

-41-

to the level of "a staple article or commodity of commerce suitable for substantial non-infringing use." *ArthroCare Corp.*, 310 F. Supp. 2d at 657 (citations and quotations omitted).

21.     Hypothetical uses that are not actually used do not satisfy the "substantial noninfringing use" exception.  *See Mentor*, 244 F.3d at 1379 (holding jury could reject potential uses because record did not indicate any were actually used); *Pollock v. Thunderline-Z, Inc.*, 215 F.3d 1351 (noting that merely because product may be used in some way does not establish substantial noninfringing use).  Intermittent, accidental uses do not constitute a "substantial noninfringing use."  *See Mendenhall v. Astec Indus., Inc.*, 891 F.2d 299, 1989 WL 136774 at *1 (Fed. Cir. 1999) ("The operation of [defendant's device] under conditions which do not trigger the [patented] feature does not constitute substantial noninfringing use.  That a patented method includes steps that are … performed only occasionally when certain conditions arise, does not preclude a finding that the sale of an apparatus that includes this feature infringes the method patent under section 271(c).").

22.     A contributory infringer cannot escape liability merely by bundling a component that has no substantial noninfringing use with some separate additional feature.  *See Ricoh*, 550 F.3d at 1337-38 (*citing Metro-Goldwyn-Mayer Studios Inc.*, 545 U.S. at 919-24).

## II.     ISSUES ON WHICH DEFENDANT BEARS THE BURDEN OF PROOF

### A.     Invalidity

23.     Whether certain of the Asserted Claims is invalid.  All patents are presumed valid.  *Novo Nordisk A/S v. Caraco Pharm. Labs., Ltd.*, 719 F.3d 1346, 1352 (Fed. Cir. 2013) ("It is black-letter law that a patent is presumed valid.").  35 U.S.C. § 282 states:

> A patent shall be presumed valid.  Each claim of a patent (whether in independent, dependent or multiple dependent form) shall be presumed valid independently of the validity of other claims; dependent or multiple dependent claims shall be presumed valid even though dependent upon an invalid claim . . . The burden of establishing invalidity of a patent or any claim thereof shall rest on the party asserting such invalidity.

24.     A patent claim is invalid if the claimed invention is anticipated by or obvious in view of the relevant prior art.  *See* 35 U.S.C. § 282; *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 427 (2007).

25.     Defendant bears the burden of proving invalidity by clear and convincing evidence.  *Microsoft Corp. v. i4i Ltd. Partnership,* 131 S.Ct. 2238, 2242 (2011).

26.     Defendant bears the burden of persuasion throughout the entirety of the litigation.  *Novo Nordisk A/S*, 719 F.3d at 1352 ("[B]ecause the presumption of validity remains intact throughout the litigation, the burden of persuasion never shifts to the patentee.") (internal citation and quotation omitted).

### i. Anticipation

27.     Defendant must prove by clear and convincing evidence whether one or more of the Asserted Claims is anticipated by prior art and therefore invalid under 35 U.S.C. § 102.  A patent claim is invalid as anticipated under 35 U.S.C. § 102 if "within the four corners of a single, prior art document every element of the claimed invention [is described], either expressly or inherently, such that a person of ordinary skill in the art could practice the invention without undue experimentation."  *Callaway Golf Co. v.*

-43-

*Acushnet Co.,* 576 F.3d 1331, 1346 (Fed. Cir. 2009) (quoting *Advanced Display Sys. Inc. v. Kent State Univ.*, 212 F.3d 1272, 1282 (Fed. Cir. 2000)).

28.     There must be no difference between the claimed invention and the reference disclosure, as viewed by a person of ordinary skill in the field of the invention." *Scripps Clinic & Research Found. v. Genentech, Inc.*, 927 F.2d 1565, 1576 (Fed. Cir. 1991), *overruled on other grounds by*, *Abbott Labs. v. Sandoz, Inc.*, 566 F.3d 1282 (Fed. Cir. 2009) (en banc).

29.     Although a prior art reference may anticipate without explicitly disclosing a feature of the claimed invention, if that missing characteristic is inherently present in the single anticipating reference, that inherent limitation must be one that is "necessarily present" and not one that may be established by "probabilities or possibilities." *See Continental Can Co. USA v. Monsanto Co.*, 948 F.2d 1264, 1268-69 (Fed. Cir. 1991). To establish inherency, extrinsic evidence "must make clear that the missing descriptive matter is necessarily present in the thing described in the reference, and that it would be so recognized by persons of ordinary skill." *Id.* at 1268.  That is, "[t]he mere fact that a certain thing *may* result from a given set of circumstances is not sufficient." *Id.* at 1269 (emphasis in original) (citations omitted).

30.     A prior art reference must be enabled to one of skill in the art if it is to anticipate. *Elan Pharm., Inc. v. Mayo Found. for Med. Educ. & Research*, 346 F.3d 1051, 1054 (Fed. Cir. 2003). ("To serve as an anticipating reference, the reference must enable that which it is asserted to anticipate.").

      ii.   *Obviousness*

-44-

31.     Defendant must prove by clear and convincing evidence whether one or more of the Asserted Claims is invalid as obvious based on the combination of one or more references with another reference and/or knowledge of one of ordinary skill in the art under 35 U.S.C. § 103.  A patent claim is invalid as obvious under 35 U.S.C. § 103 "if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." 35 U.S.C. § 103(a); *see also KSR*, 550 U.S. at 406-407.

32.     While an "expansive and flexible approach" should be used in evaluating obviousness, there must be some evidence of a reason to combine the references.  *KSR*, 550 U.S. at 415, 419.  A "patent composed of several elements is not proved obvious merely by demonstrating that each of its elements was, independently, known in the prior art."  *KSR*, 550 U.S. at 418.  "Inventions in most, if not all, instances rely upon building blocks long since uncovered, and claimed discoveries almost of necessity will be combinations of what, in some sense, is already known."  *Id.* at 418-19.

33.     The question of obviousness is a legal determination based on underlying facts, and the "ultimate judgment of obviousness is a legal determination." *KSR*, 550 U.S. at 426-27*, citing Graham v. John Deere Co.*, 383 U.S. 1, 17-18 (1966).  The underlying facts include: (1) the scope and content of the prior art; (2) the level of ordinary skill in the art; (3) the differences between the claimed invention and the prior art; and (4) any objective indicators of non-obviousness, more commonly termed secondary considerations. *See Graham v. John Deere Co.,* 383 U.S. 1, 17-18 (1966).

-45-

34.     A patent claim is invalid as obvious under 35 U.S.C. § 103 if the differences between the claim and the prior art are such that the claimed subject matter as a whole would have been obvious to a person of ordinary skill in the art at the time the invention was made. *See Union Carbide Plastics & Tech. Corp. v. Shell Oil Co.*, 308 F.3d 1167, 1187 (Fed. Cir. 2002).

35.     Obviousness may be shown based on a combination of references, or based on a single reference even if the reference does not teach the particular claimed combination.  *See, e.g., Boston Scientific Scimed, Inc. v. Cordis Corp.*, 554 F.3d 982, 989-990 (Fed. Cir. 2009) (reversing district court, finding asserted claim obvious based on single reference).

36.     Secondary considerations or objective indicia of nonobviousness should be considered to guard against hindsight bias.  Such factors include: (i) copying; (ii) long felt but unresolved need; (iii) failure of others to develop the invention; (iv) licenses showing industry respect for the invention; (v) commercial success; (vi) unexpected results created by the claimed invention; (vii) whether the claimed invention was praised by others in the field; and (vii) skepticism of skilled artisans before the invention. *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 711 F.3d 1348, 1368 (Fed. Cir. 2013); *Cross Medical Prods.*, 424 F.3d 1293, 1322-23 (Fed. Cir. 2005); *Ormco Corp. v. Align Tech., Inc.*, 463 F.3d 1299, 1311 (Fed. Cir. 2006).  This list is not exhaustive, however, and may also include additional factors related to obviousness or nonobviousness. *See Graham v. John Deere Co.*, 383 U.S. 1, 17- 18 (1966).

*iii.   Authentication and Publication*

-46-

37.     Whether Defendant has met its burden under the Federal Rules of Evidence to show that the documents it intends to assert as prior art, are authentic, are not inadmissible hearsay, and were publicly available before the relevant patent priority dates to qualify as prior art under 35 U.S.C. § 102.  Fed. R. Evid. 901 and 803; 35 U.S.C. § 102.  To establish that a document is prior at, it is Defendant's burden to present sufficient evidence to establish that the document was publicly known or published by "a satisfactory showing that such document has been disseminated or otherwise made available to the extent that persons interested and ordinarily skilled in the subject matter or art exercising reasonable diligence, can locate it." *Kyocera Wireless Corp. v. ITC*, 545 F.3d 1340, 1350 (Fed. Cir. 2008).

### iv.   Lack of Written Description and Enablement[1]

38.     Defendant must prove by clear and convincing evidence whether the specification of each of the Asserted Patents provides a written description of the manner and process of making and using the claimed invention of the Asserted Claims, in such "full, clear, concise, and exact terms as to enable any person skilled in the art … to make and use the [claimed invention]," without undue experimentation, and whether the written description conveys to one of ordinary skill in the art that the named inventor/s were in possession of the claimed invention.  35 U.S.C. § 112.

39.     Whether one or more Asserted Claims is invalid as indefinite, pursuant to 35 U.S.C. § 112, such that a person of ordinary skill in the art at the time of the invention

---

[1] There are no legal issues as to indefiniteness as Motorola waived any such arguments by failing to properly and timely raise them in its claim construction briefing or its summary judgment briefing.  *Praxair, Inc. v. ATMI, Inc.*, 543 F.3d 1306, 1319 (Fed. Cir. 2008) ("Indefiniteness is a matter of claim construction….").

-47-

would not understand what is claimed and what is not claimed in view of the specification.

### v. Priority

40.     Whether Plaintiffs have shown that the asserted claims of the patents-in-suit are entitled to priority dates and dates of invention that are earlier than the filing date of the application that matured into the asserted claims.

41.     Whehter any of Defendant's purported prior art predates the relevant date of invention and whether there is sufficient evidence to conclude that the purported prior art at issue is entitled to the date asserted by Defendant

42.     Whehter any of Defendant's purported prior art patents predate the relevant date of invention and whether there is sufficient evidence to conclude that the purported prior art patent at issue is entitled to the date asserted by Defendant.  An abandoned patent application is not prior art.  Under some cirtcumstances a patent may serve as prior art as of its earliest effective filing date, even if the application to which the later issued patent claimed priority is abandoned.  *In re Wertheim*, 646 F.2d 527, 533-34 (C.C.P.A. 1981) (Rich J. writing for majority).  To be considered as prior art, a continuation-in-part patent is only entitled to its parent's filing date if (1) the subject matter relied upon as allegedly anticipatory of another reference is carried over from the parent, *In re Klesper*, 397 F.2d 882, 885 (CCPA 1968); and (2) if the claims of the continuation-in-part patent are fully supported under section 112 by the parent specification.  *In re Wertheim*, 646 F.2d 527, 539 (CCPA 1981).  That level of disclosure references 35 U.S.C. Sec. 112, which the Patent Office reviews in reviewing the later, issuing application for patentability.

-48-

## III.    EXCEPTIONAL CASE

43.    Whether this is an exceptional case warranting awarding Plaintiffs their costs, attorney's fees and expenses under 35 U.S.C. § 285 or the Court's equitable power.

-49-

## EXHIBIT 5
## DEFENDANT'S STATEMENT OF ISSUES OF LAW

Motorola Mobility identifies the following issues of law to be litigated. Should the Court find that any issues of fact listed in Exhibit 3 of the Joint Pretrial Order should be considered as issues of law, Motorola Mobility incorporates those issues in this exhibit. Should the Court find that any issues identified in this exhibit as an issue of law should be considered as an issue of fact, Motorola Mobility incorporates those issues into Exhibit 3. Motorola Mobility also incorporates Defendant's Statement of Intended Proofs, attached hereto.  The issues of willfulness and damages have been bifurcated; this statement therefore addresses only issues of law relevant to the liability phase of this action for the Asserted Claims of the Asserted Patents.  Motorola Mobility reserves the right to revise this statement as necessary to address bifurcated issues. Motorola Mobility's issues of law to be litigated may change based on the Court's decisions on claim construction, summary judgment, *Daubert* motions, or other open matters. Motorola Mobility reserves the right to revise this statement as needed in light of those decisions. To the extent the Court adopts certain of Motorola Mobility's proposed claim constructions or grants certain summary judgment motions, Motorola Mobility contends that no issues remain to be litigated as to certain of the Asserted Patents and Asserted Claims. Motorola Mobility reserves its rights to present issues of law set forth in the pending motions identified in this Pretrial Order, and to appeal any issues identified in motions that have been decided by the Court.

US2008 5225090 2

## I.      ISSUES ON WHICH PLAINTIFF BEARS THE BURDEN OF PROOF

1.      Whether Plaintiff can prove by a preponderance of the evidence that the Accused Products, as set forth in Section XII of the Joint Proposed Pretrial Order, infringe one or more of the Asserted Claims, as set forth in Section I ¶4 of the Joint Proposed Pretrial order, of the '144 patent.

2.      Whether Plaintiff can prove by a preponderance of the evidence that the Accused Products, as set forth in Section XII of the Joint Proposed Pretrial Order, infringe one or more of the Asserted Claims, as set forth in Section I ¶4 of the Joint Proposed Pretrial order, of the '054 patent.

3.      Whether Plaintiff can prove by a preponderance of the evidence that the Accused Products, as set forth in Section XII of the Joint Proposed Pretrial Order, infringe one or more of the Asserted Claims, as set forth in Section I ¶4 of the Joint Proposed Pretrial order, of the '464 patent.

4.      Whether Plaintiff can prove by a preponderance of the evidence that the Accused Products, as set forth in Section XII of the Joint Proposed Pretrial Order, infringe one or more of the Asserted Claims, as set forth in Section I ¶4 of the Joint Proposed Pretrial order, of the '953 patent.

5.      Whether Plaintiff can prove by a preponderance of the evidence that the Accused Products, as set forth in Section XII of the Joint Proposed Pretrial Order, infringe one or more of the Asserted Claims, as set forth in Section I ¶4 of the Joint Proposed Pretrial order, of the '450 patent.

6.      Whether Plaintiff can prove by a preponderance of the evidence that the Accused Products, as set forth in Section XII of the Joint Proposed Pretrial Order, infringe one or more of

the Asserted Claims, as set forth in Section I ¶4 of the Joint Proposed Pretrial order, of the '462 patent.

7.      Plaintiff bears the burden of proving infringement, either direct or indirect, by a preponderance of the evidence. *SmithKline Diagnostics, Inc. v. Helena Lab. Corp.*, 859 F.2d 878, 889 (Fed. Cir. 1988).

**B.      Direct Infringement**

8.      Whether Plaintiff can prove by a preponderance of the evidence that any of the Accused Products directly infringe any of the Asserted Claims.

9.      To prove direct infringement, Plaintiff must prove by a preponderance of the evidence that Motorola Mobility or another entity "perform[s] each and every step or element of a claimed method or product." *BMC Res., Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1378 (Fed. Cir. 2007), overruled on other grounds by *Akamai Techs., Inc. v. Limelight Networks, Inc.,* 692 F.3d 1301 (Fed. Cir. 2012). Plaintiff must show "without exception, [that the] accused product[s] contains each limitation or its equivalent." *Athletic Alternatives, Inc. v. Prince Mfg., Inc.*, 73 F.3d 1573, 1582 (Fed. Cir. 1996).

10.     If an Accused Product does not infringe an independent claim, it cannot, as a matter of law, infringe any claim depending from that independent claim.  *See Wahpeton Canvas Co., Inc. v. Frontier, Inc.,* 870 F.2d 1546, 1553 (Fed. Cir. 1989).

**2.      Literal Infringement**

11.     Whether Plaintiff can prove by a preponderance of the evidence that any of the Accused Products literally infringe any of the Asserted Claims. "To establish literal infringement, all of the elements of the claim, as correctly construed, must be present in the accused system." *Netword, LLC v. Centraal Corp.*, 242 F.3d 1347, 1353 (Fed. Cir. 2001). The properly construed

claim must read on the accused device exactly. *Cortland Line Co. v. Orvis Co.*, 203 F.3d 1351, 1358 (Fed. Cir. 2000). The absence of even one claim element of an Asserted Claim precludes literal infringement of that claim. *See Kahn v. GMC*, 135 F.3d 1472, 1477 (Fed. Cir. 1998).

### 3.    Doctrine of Equivalents

12.    Whether Plaintiff can prove by a preponderance of the evidence that any of the Accused Products infringe any of the Asserted Claims under the doctrine of equivalents. If a product or method does not literally contain every claim limitation, the patentee bears the burden of proving infringement under the doctrine of equivalents. *See Gen. Elec. Co. v. Nintendo Co, Ltd.*, 179 F.3d 1350, 1359 (Fed. Cir. 1999).

13.    Under the doctrine of equivalents, "a product or process that does not literally infringe upon the express terms of a patent may nonetheless be found to infringe if there is 'equivalence' between the elements of the accused product or process and the claimed elements of the patented invention." *Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 29 (1997). To prove infringement under the doctrine of equivalents, Plaintiff must prove by a preponderance of the evidence that "the accused device contains an equivalent for each limitation not literally satisfied." *Catalina Marketing Int'l, Inc. v. Coolsavings.com, Inc.*, 289 F.3d 801, 812 (Fed. Cir. 2002). To prove such equivalence, Plaintiff must "show[] that the difference between the claimed invention and the accused product [is] insubstantial." *Stumbo v. Eastman Outdoors, Inc.*, 508 F.3d 1358, 1364 (Fed. Cir. 2007). "One way of doing so is by showing on a limitation by limitation basis that the accused product performs substantially the same function in substantially the same way with substantially the same result as each limitation of the patented product." *Id.*

14.    To meet its burden, Plaintiff must provide "particularized testimony and linking argument[s] as to the insubstantiality of differences between the claimed invention and the accused

device or process" and must present such testimony and linking arguments "on a limitation-by-limitation basis," *Am. Calcar, Inc. v. Am. Honda Motor Co., Inc.,* 651 F.3d 1318, 1338-39 (Fed. Cir. 2011) (internal citations and quotations omitted).

15.     Reliance on the doctrine of equivalents may be foreclosed by prosecution history estoppel. *Warner-Jenkinson*, 520 U.S. at 30. A patent applicant presumptively surrenders coverage of all equivalents to a claim element when the patentee narrows the claim for a reason related to patentability. *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 344 F.3d 1359, 1366 (Fed. Cir. 2003); *see also Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 736-37 (2002) ("A patentee who narrows a claim as a condition for obtaining a patent disavows his claim to the broader subject matter, whether the amendment was made to avoid the prior art or to comply with § 112.").

16.     The doctrine of equivalents may also be foreclosed by the "all elements rule," which preserves the public notice function of claims by preventing the doctrine of equivalents from expanding claims effectively to eliminate a claim limitation. *See Warner- Jenkinson*, 520 U.S. at 29. Where a claim limitation is absent from an accused product or process, there can be no infringement under the doctrine of equivalents. *See, e.g., Telemac Cellular Corp. v. Topp Telecom, Inc.*, 247 F.3d 1316, 1331 (Fed. Cir. 2001); *Zodiac Pool Care, Inc. v. Hoffinger Indus., Inc.*, 206 F.3d 1408, 1416 (Fed. Cir. 2000).

17.     "The disclosure-dedication rule requires an inventor who discloses specific matter to claim it, and to submit the broader claim for examination. Otherwise, that matter is dedicated to the public and may not be recaptured under the doctrine of equivalents." *PSC Computer Prods., Inc. v. Foxconn Int'l.*, 355 F.3d 1353, 1360 (Fed. Cir. 2004). "A patentee may not write narrow claims for allowance by the PTO and subsequently attempt to broaden the claims in court by using

the doctrine of equivalents." *Id.* at 1357 (citing *Autogiro Co. of Am. v. United States*, 384 F.2d 391 (1967) ("Courts can neither broaden nor narrow the claims to give the patentee something different than what he has set forth.")). Thus, dedication to the public occurs where a sufficient written description of an embodiment exists in a patent application and a broad claim has not been submitted for examination. *Id.* at 1360 ("PSC was thus obliged either to claim plastic parts in addition to metal parts and to submit this broader claim for examination, or to not claim them and dedicate the use of plastic parts to the public.").

### C.     Indirect Infringement

18.     Whether Plaintiff can prove by a preponderance of the evidence that any of the Accused Products indirectly infringe any of the Asserted Claims. 35 U.S.C. § 271. To establish liability for indirect infringement, either inducement of infringement or contributory infringement, Plaintiff must first prove direct infringement. *See DSU Medical Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1303 (Fed. Cir. 2006) ("[T]he patentee always has the burden to show direct infringement for each instance of indirect infringement"); *Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1272 (Fed. Cir. 2004) ("Indirect infringement, whether inducement to infringe or contributory infringement, can only arise in the presence of direct infringement."). "Hypothetical instances of direct infringement are insufficient to establish vicarious liability or indirect infringement." *ACCO Brands, Inc. v. ABA Locks Mfr. Co. Ltd.*, 501 F.3d 1307, 1313 (Fed. Cir. 2007). Plaintiff must prove that a user did or necessarily would infringe. *See, e.g., id.* at 1313-14.

### Inducement of Infringement

19.     Whether Plaintiff can prove by a preponderance of the evidence that Motorola Mobility induces infringement of one or more of the Asserted Claims.  In addition to requiring proof of direct infringement, to prove active inducement of infringement, Plaintiff must further

show that Motorola Mobility knew of the Asserted Patents and "knew or should have known [its] actions would induce actual infringements." *DSU Med. Corp.,* 471 F.3d at 1306. Plaintiff must show that Motorola Mobility "knowingly induced infringement and possessed specific intent to encourage another's infringement," and "not merely that the inducer had knowledge of the direct infringer's activities." *Id.* Specifically, Plaintiff must show that Motorola Mobility knew of the Asserted Patents, encouraged or instructed how to use the product in a manner that infringes the Asserted Claims, knew or should have known that its encouragement or instructions would likely result in others infringing the Asserted Patents, and that infringement actually occurred. *SRI Intern. Inc. v. Internet Sec. Systems,* 647 F. Sup. 2d. 323, 335-338 (D. Del. 2009) (granting judgment as a matter of law of no induced infringement).

### Contributory Infringement

20.     Whether Plaintiffs can prove by a preponderance of the evidence that Motorola Mobility is liable for contributory infringement through sales of the Accused products.  Liability for contributory infringement through the sale of products used by other to infringe directly requires a finding of direct infringement, knowledge that the product was especially made or adapted for a particular use, and knowledge of the patent  infringed by that use.  *Hewlett-Packard Co. v. Bausch & Lomb, Inc*., 909 F.2d 1464, 1469 n.4 (Fed. Cir. 1990); *see also Trell v. Marlee Elecs. Corp*., 912 F.2d 1443, 1448 (Fed. Cir. 1990) (remanding for district court to determine whether accused contributory infringer had knowledge of the asserted patent).  Contributory infringement requires proof that the accused infringer intended that its product be used to infringe another's patent.  *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 932 (2005) (attaching contributory infringement to "instances in which it may be presumed from distribution of an article in commerce that the distributor intended the article to be used to infringe another's patent, and so may justly be held liable for that infringement."); *Ricoh Co., Ltd. v.*

*Quanta Computer Inc.*, 550 F.3d 1325, 1338 (Fed. Cir. 2008); *Lucent Techs., Inc. v. Gateway, Inc.,* 580 F.3d 1301, 1321 (Fed. Cir. 2009).    Contributory infringement exists only if the accused product is "not a staple article or commodity of commerce suitable for substantial noninfringing use . . ."  35 U.S.C. § 271(c).  A non-infringing use is "substantial" when it is not "unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental."  *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1327 (Fed. Cir. 2009).

### D.    Prosecution History Estoppel

21.    Whether Plaintiff is barred, under the doctrine of prosecution history estoppel, from construing the Asserted Claims of the Asserted Patents in such a way as may cover any of Motorola Mobility's products or processes by reasons of statements made to the United States Patent and Trademark Office during the prosecution of the applications that led to the issuance of the Asserted Patents.

## II.    ISSUES ON WHICH DEFENDANT BEARS THE BURDEN OF PROOF

### A.    Invalidity

22.    Whether each of the Asserted Claims is invalid. A patent claim is invalid if the claimed invention is anticipated by or obvious in view of the relevant prior art. *See* 35 U.S.C. § 282; *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 427 (2007).

23.    While new evidence touching on validity not considered by the Examiner may "carry more weight and go further toward sustaining [Defendant's] unchanging burden," *American Hoist & Derrick Co. v. Sowa & Sons, Inc.,* 725 F.2d 1350, 1360 (Fed. Cir. 1984), cited in *Microsoft Corp. v. i4i Ltd. Partnership,* 131 S.Ct. 2238, 2250 (2011), the "presumption of validity" and "heightened burden" of proving invalidity are "different expressions of the same thing—a single hurdle to be cleared." *Chiron Corp. v. Genentech, Inc.,* 363 F.3d 1247, 1258 (Fed.

Cir. 2004) (quoting *American Hoist,* 725 F.2d at 1360); *see also Microsoft*, 131 S.Ct. at 2243 ("burden [of proving invalidity] is constant and never changes and is to convince the court of invalidity by clear evidence."). The evidentiary standard of proof applies to questions of fact and not to questions of law. *See, e.g., Addington v. Texas*, 441 U.S. 418, 423 (1979).

24.     An Examiner's decision is not binding on a court. *See, e.g.*, *Fromson v. Advance Offset Plate, Inc.,* 755 F.2d 1549, 1555 (Fed. Cir. 1985) ("The Examiner's decision, on an original or reissue application, is never binding on a court."); *Tyler Refrigeration Corp. v. Kysor Indus. Corp.*, 777 F.2d 687, 690 (Fed. Cir. 1985) ("The judge took account of the presumption of validity but this is a case in which the court could, as it did, decide differently from the PTO examiner on the basis of the evidence before the court."); *Gen. Elec. Co. v. Hoechst Celanese Corp.*, 740 F. Supp. 305, 313 (D. Del. 1990) ("The Examiner's determination that the GE patent is valid is evidence of the claims' validity, but is not binding on the court."); *see also Belden Techs. v. Superior Essex Comms.,* 802 F.Supp. 2d 555, 569 (D. Del. 2011) ("Admitting evidence about the [patent-in-suit's] reexamination, the outcome of which is not binding on the Court, would have only served to confuse the jury and was ultimately far more prejudicial than probative.")

25.     A prior art reference is not "cumulative" of references considered by the Examiner if it discloses an element the patentee used to distinguish the prior art before the Examiner from the patentee's claimed invention. *Belden Techs. Inc. v. Superior Essex Comms.*, 733 F. Supp. 2d 517, 544 (D. Del. 2010) (rejecting plaintiff's argument that a prior art reference was cumulative of prior art considered by the examiner).

### 1.     Anticipation

26.     Whether one or more of the Asserted Claims is anticipated by prior art and therefore invalid under 35 U.S.C. § 102. A patent claim is invalid as anticipated under 35 U.S.C. §

102 if "within the four corners of a single, prior art document every element of the claimed invention [is described], either expressly or inherently, such that a person of ordinary skill in the art could practice the invention without undue experimentation." *Callaway Golf Co. v. Acushnet Co.,* 576 F.3d 1331, 1346 (Fed. Cir. 2009) (quoting *Advanced Display Sys. Inc. v. Kent State Univ.*, 212 F.3d 1272, 1282 (Fed. Cir. 2000)).

27.    An anticipatory prior art reference may disclose each limitation expressly or inherently. *In re Gleave*, 560 F.3d 1331, 1334-35 (Fed. Cir. 2009). A reference may "be anticipating if a person of ordinary skill in the art would understand [the reference] as disclosing [otherwise missing elements] and if such a person could have combined the [reference's] description of the invention with his own knowledge to make the claimed invention." *Helifix, Ltd. v. Blok-Lok, Ltd.*, 208 F.3d 1339, 1347 (Fed. Cir. 2000). "Simply put, the fact that a characteristic is a necessary feature or result of a prior-art embodiment (that is itself sufficiently described and enabled) is enough for inherent anticipation." *Toro Co. v. Deere & Co.*, 355 F.3d 1313, 1321 (Fed. Cir. 2004). A prior art reference need not use the exact same language as a patent claim to be anticipatory – anticipation need not be "ipsissimis verbis." *See In re Bond*, 910 F.2d 831, 832 (Fed. Cir. 1990).

28.    "[A] prior art reference may anticipate without disclosing a feature of the claimed invention if that missing characteristic is necessarily present, or inherent, in the single anticipating reference." *SmithKline Beecham Corp. v. Apotex Corp.*, 403 F.3d 1331, 1343 (Fed. Cir. 2005); *see also Schering Corp. v. Geneva Pharms., Inc.*, 339 F.3d 1373, 1379 (Fed. Cir. 2003) ("Because inherency places subject matter in the public domain as well as an express disclosure, the inherent disclosure of the entire claimed subject matter anticipates as well as inherent disclosure of a single feature of the claimed subject matter. The extent of the inherent disclosure does not limit its

anticipatory effect."); *Continental Can Co. v. Monsanto Co.*, 948 F.2d 1264, 1268 (Fed. Cir. 1991). As such, "anticipation does not require actual performance of suggestions in a disclosure. Rather, [it] only requires that those suggestions be enabling to one of skill in the art." *Bristol-Myers Squibb Co. v. Ben Venue Labs., Inc.*, 246 F.3d 1368, 1378-81 (Fed. Cir. 2001). Furthermore, there is no requirement that a person of ordinary skill in the art recognize that the inherent property would be present in the prior art reference, or that there be past recognition of the inherent feature. *Schering Corp.*, 339 F.3d at 1378. "Where...the result is a necessary consequence of what was deliberately intended, it is of no import that the article's authors did not appreciate the results." *MEHL/Biophile Int'l Corp. v. Milgraum*, 192 F.3d 1362, 1366 (Fed. Cir. 1999); *Atlas Powder Co. v. Ireco, Inc.*, 190 F.3d 1342, 1348-49 (Fed. Cir. 1999). In some cases, the inherent property corresponds to a claimed new benefit or characteristic of an invention otherwise in the prior art. In those cases, the new realization alone does not render the old invention patentable. *See Atlas Powder*, 190 F.3d at 1347; *Johnson & Johnson v. W.L. Gore & Assocs.*, 436 F.Supp. 704, 725 (D. Del. 1977) ("Recognition of the inherent properties of a material does not constitute invention.").

29.     A reference that discloses multiple options for a particular feature will anticipate a later application that uses one of the disclosed options. "The anticipation analysis asks solely whether the prior art reference discloses and enables the claimed invention, and not how the prior art characterizes that disclosure or whether alternatives are also disclosed." *Perricone v. Medicis Pharm. Corp.*, 432 F.3d 1368, 1376 (Fed. Cir. 2005) (*quoting Hewlett Packard Co. v. Mustek Sys.*, 340 F.3d 1314, 1324 n.6 (Fed. Cir. 2003)); *see also Leggett & Platt, Inc. v. Vutek, Inc.*, 537 F.3d 1349, 1356 (Fed. Cir. 2008) (rejecting "the erroneous assumption that the disclosure of multiple examples renders one example less anticipatory"); *In re Gleave*, 560 F.3d 1331, 1336 37 (Fed. Cir.

2009) (rejecting the argument that a prior art reference cannot anticipate by listing an element in a long list of possibilities); *Application of Petering*, 301 F.2d 676, 681 (C.C.P.A. 1962) (holding that it was "immaterial that [the patent] did not expressly spell out the limited class as we have done here. It is our opinion that one skilled in this art would, on reading the [] patent, at once envisage each member of this limited class, even though this skilled person might not at once define in his mind the formal boundaries of the class as we have done here."). Thus, when a list of options or permutations is disclosed in the prior art, anticipation does not turn on the number of elements in the list, but rather on whether the claimed subject matter is enabled by the prior art reference. *Perricone*, 432 F.3d at 1377-78.

30.     Prior art that supplies a specific example contained within the range(s) given by a patent claim will invalidate that claim as anticipated. *See Titanium Metals Corp. v. Banner*, 778 F.2d 775, 782 (Fed. Cir. 1985). A single example is sufficient to invalidate the entire claim. *See Atlas Powder*, 190 F.3d at 1346. When a patent claims a limitation "in terms of ranges," a single prior art reference that falls within each of the ranges anticipates the claim. *Id.* The example can include specific values mentioned in the prior art or it can be a point derived from a graph in the prior art. *See Titanium Metals*, 778 F.2d at 781. Once a specific example has been found that is contained within the range(s) of the patent claim, the claim will be invalidated without regard to other considerations. *See id.*

31.     Material not explicitly contained in a single document may still be considered for anticipation if that material is incorporated by reference into the document. "Incorporation by reference provides a method for integrating material from various documents into a host document—a patent or printed publication in an anticipation determination—by citing such material in a manner that makes clear that the material is effectively part of the host document as if

US2008 5225090 2

it were explicitly contained therein." *See Advanced Display Sys. v. Kent State*, 212 F.3d 1272, 1282 (Fed. Cir. 2000). To incorporate by reference, "the host document must identify with detailed particularity what specific material it incorporates and clearly indicate where that material is found in the various documents." *Id.*

### 2.    Obviousness

32.    Whether one or more of the Asserted Claims is invalid as obvious based on the combination of one or more references with another reference and/or knowledge of one of ordinary skill in the art under 35 U.S.C. § 103. A patent claim is invalid as obvious under 35 U.S.C. § 103 "if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." 35 U.S.C. § 103(a); *see also KSR Int'l Co. v. Teleflex Inc.,* 550 U.S. 398, 406-407 (2007).

33.    The person of ordinary skill in the art is "not an automaton," but rather has "ordinary creativity" to fit together his knowledge with the prior art. *Id.* at 421. "If a person of ordinary skill can implement a predictable variation, § 103 likely bars patentability. For the same reason, if a technique has been used to improve one device, and a person of ordinary skill in the art would recognize that it would improve similar devices in the same way, using the technique is obvious unless its actual application is beyond his or her skill." *Id.* at 401. While a Court must guard against hindsight bias, such concerns should not deny the Court "recourse to common sense" as part of analyzing obviousness. *Id.*

34.    "[A]dmitted prior art can be relied upon for both anticipation and obviousness determinations, regardless of whether the admitted prior art would otherwise qualify as prior art under the statutory categories of 35 U.S.C. 102." Manual of Patent Examining Procedures

("MPEP") § 2141.01; *and* MPEP § 2129 ("A statement by an applicant in the specification or made during prosecution identifying the work of another as 'prior art' is an admission which can be relied upon for both anticipation and obviousness determinations."). *See also Tokyo Keiso Co. Ltd. v. SMC Corp.*, 307 Fed. Appx. 446, 452-53 (Fed. Cir. 2009) (holding claimed invention obvious based on combination of prior art reference and admitted prior art described in the patent).

35.     An "expansive and flexible approach" should be used in evaluating obviousness. *KSR*, 550 U.S. at 415, 419. The question of obviousness is a legal determination based on underlying facts, and the "ultimate judgment of obviousness is a legal determination." *KSR*, 550 U.S. at 426-27, citing *Graham v. John Deere Co.*, 383 U.S. 1, 17-18 (1966). The underlying facts include: (1) the scope and content of the prior art; (2) the level of ordinary skill in the art; (3) the differences between the claimed invention and the prior art; and (4) any objective indicators of non-obviousness, more commonly termed secondary considerations. *See Graham v. John Deere Co.,* 383 U.S. 1, 17-18 (1966); *see also Tegal Corp. v. Tokyo Electron Am., Inc.*, 257 F.3d 1331, 1348 (Fed. Cir. 2001); *Ecolochem, Inc. v. S. Cal. Edison Co.,* 227 F.3d 1361, 1379 (Fed. Cir. 2000); *Ryko Mfg. Co. v. Nu Star, Inc.,* 950 F.2d 714 (Fed. Cir. 1991); *Smiths Indus. Med. Sys., Inc. v. Vital Signs, Inc.*, 183 F.3d 1347, 1353 (Fed. Cir. 1999).

36.     A patent claim is invalid as obvious under 35 U.S.C. § 103 if the differences between the claim and the prior art are such that the claimed subject matter as a whole would have been obvious to a person of ordinary skill in the art at the time the invention was made. *See Union Carbide Plastics & Tech. Corp. v. Shell Oil Co.*, 308 F.3d 1167, 1187 (Fed. Cir. 2002). The hypothetical "person of ordinary skill in the art" is attributed "knowledge of all prior art in the field of the inventor's endeavor and of prior art solutions for a common problem even if outside that field." *In re Nilssen*, 851 F.2d 1401, 1403 (Fed. Cir. 1988).

37.     Obviousness may be shown based on a combination of references, or based on a single reference even if the reference does not teach the particular claimed combination. *See, e.g., Boston Scientific Scimed, Inc. v. Cordis Corp.*, 554 F.3d 982, 989-990 (Fed. Cir. 2009) (reversing district court, finding asserted claim obvious based on single reference).

38.     The Supreme Court explained in *KSR Int'l Co. v. Teleflex Inc.* that "if a technique has been used to improve one device, and a person of ordinary skill in the art would recognize that it would improve similar devices in the same way, using the technique is obvious unless its actual application is beyond his or her skill." 550 U.S. at 417. A teaching, motivation, or suggestion to combine references may be a "helpful insight," but it is not a requirement for demonstrating obviousness. *Id.* at 418. To teach away from a combination, a reference must expressly "criticize, discredit, or otherwise discourage the solution claimed." *In re* Fulton, 391 F.3d 1195, 1201 (Fed. Cir. 2004). Further, "to determine whether there was an apparent reason to combine the known elements in the fashion claimed by the patent at issue," factors to consider include "interrelated teachings of multiple patents; the effects of demands known to the design community or present in the marketplace; and the background knowledge possessed by a person having ordinary skill in the art." *KSR*, 550 U.S. at 417. Although the Court must guard against hindsight bias, such concerns should not deny the Court "recourse to common sense" as part of the obviousness analysis. *Id.* at 421.

39.     One way to demonstrate that patented subject matter is obvious is to show that "there existed at the time of invention a known problem for which there was an obvious solution encompassed by the patent's claims." *KSR*, 550 U.S. at 420. Indeed, "[a]ny need or problem known in the field of endeavor at the time of invention and addressed by the patent can provide a reason for combining the elements in the manner claimed." *Id.* Also, "the fact that a combination

was obvious to try might show that it was obvious under § 103," particularly where there was "a design need or market pressure to solve a problem and there are a finite number of identified, predictable solutions, a person of ordinary skill in the art has good reason to pursue the known options within his or her technical grasp. If this leads to the anticipated success, it is likely the product not of innovation but of ordinary skill and common sense." *Id.* at 421*; see also Muniauction, Inc. v. Thomson Corp.,* 532 F.3d 1318, 1327 (Fed. Cir. 2008).

40.     Secondary considerations that relate to obviousness or nonobviousness of the subject matter of the asserted claims of the patents include (i) whether products practicing those claims were commercially successful and whether there is a nexus between the invention and any commercial success, (ii) whether there was any long felt need for the claimed invention, and whether the claimed invention satisfied that long felt need, (iii) whether the claimed invention was or was not praised by others in the field and (iv) whether the accused products were developed independently. *See Cross Medical Prods.,* 424 F.3d 1293, 1322-23 (Fed. Cir. 2005); *Ormco Corp. v. Align Tech., Inc.,* 463 F.3d 1299, 1311 (Fed. Cir. 2006). This list is not exhaustive, however, and may also include additional factors related to obviousness or nonobviousness. *See Graham v. John Deere Co.,* 383 U.S. 1, 17- 18 (1966).

41.     "The patentee bears the burden of showing that a nexus exists between the claimed features of the invention and the objective evidence offered to show non-obviousness." *WMS Gaming, Inc. v. Int'l Game Tech.,* 184 F.3d 1339, 1359 (Fed. Cir. 1999).

42.     The existence of secondary considerations "does not control the obviousness determination." *Richardson-Vicks Inc. v. Upjohn Co.,* 122 F.3d 1476, 1483 (Fed. Cir. 1997). Where there is a strong case of obviousness, it cannot be overcome by secondary considerations. *See, e.g., Leapfrog Enters., Inc. v. Fisher-Price, Inc.,* 485 F.3d 1157, 1162 (Fed. Cir. 2007);

*Agrizap, Inc. v. Woodstream Corp.*, 520 F.3d 1337, 1344 (Fed. Cir. 2008); *Muniauction*, 532 F.3d at 1323.

43.    To the extent Plaintiff is permitted to present evidence of "secondary considerations" of non-obviousness[4], whether Plaintiff can show secondary considerations of non-obviousness to overcome the *prima facie* case of obviousness. Where there is a strong prima facie case of obviousness, it cannot be overcome by secondary considerations, especially where there is insufficient nexus between the claimed invention and the secondary considerations. *See, e.g., Leapfrog*, 485 F.3d at 1162; *Muniauction*, 532 F.3d at 1327-1328. The existence of secondary considerations "does not control the obviousness determination." *Richardson-Vicks Inc. v. Upjohn Co.*, 122 F.3d 1476, 1483 (Fed. Cir. 1997).

44.    To the extent Plaintiff is permitted to present evidence of "secondary considerations" of non-obviousness, whether Plaintiff can meet its burden of "showing that a nexus exists between the claimed features of the invention and the objective evidence offered to show non-obviousness." *WMS Gaming, Inc. v. Int'l Game Tech.*, 184 F.3d 1339, 1359 (Fed. Cir. 1999). For example, to the extent Plaintiff claims "commercial success" or "licensing" of any product suggests non-obviousness, whether Plaintiff can establish a nexus between the commercial success and the claimed invention. *See Wm. Wrigley Jr. Co. v. Cadbury Adams USA LLC*, 683 F.3d 1356, 1363 (Fed. Cir. 2012) ("for commercial success to be probative evidence of nonobviousness, a nexus must be shown between the claimed invention and the evidence of commercial success;" affirming district court that no sufficient nexus was shown where party did not show success of product "directly attributable" to claimed invention.).  In determining whether licensure is actual evidence of secondary considerations of non-obviousness, the license rate is indicative of whether there was actual value to the licensee in taking the license.  Thus, the rate

paid is an important consideration in whether a license constitutes a secondary consideration of non-obviousness.  *Transocean Offshore Deepwater Drilling, Inc. v. Maersk Drilling USA, Inc.*, 699 F.3d 1340, 1353 (Fed. Cir. 2012); *see also John E. Thropp's Sons Co. v. Seiberling*, 264 U.S. 320, 329-30 (1924) (noting that when a license has a low royalty rate, the "purchase of peace" may have been the motivation for license and thus evidence of licensing is of limited value to patentability).

45.     And to the extent Plaintiff claims "copying" suggests non-obviousness of any alleged invention, whether Plaintiff can show any copying of the claimed invention/s. "[A] nexus between the copying and the novel aspects of the claimed invention must exist for evidence of copying to be given significant weight in an obviousness analysis." *Wm. Wrigley*, 683 F.3d at 1364 (affirming district court that even where Plaintiff showed Defendant sought to copy Plaintiff's invention, Plaintiff had no evidence suggesting that the "novel combination ... is what led [Defendant] to copy [Plaintiff's products].") Evidence of copying may in fact suggest that there is no nexus to the claimed invention where companies "market[] very similar products." *Id.* Even in such situations where copying exists, therefore, "evidence of copying" may be a "measure of the extent to which parties in the [particular] market typically copy any development by their competitors, whether patented or not." *Id.*

### 3.     Authentication and Publication

46.     To the extent Plaintiff challenges the authenticity of Defendant's prior art references, whether Defendant's evidence of authenticity—including testimony and the appearance, contents and distinctive characteristics of references, taken in conjunction with the circumstances—is sufficient to meet Defendant's "slight" burden to establish authenticity by evidence "sufficient to support a finding that the item is what the proponent claims it is." Fed. R.

Evid. 901(a); *United States v. Reilly*, 33 F.3d 1396, 1404 (3d Cir. 1994). The evidence used to authenticate a reference need not itself be admissible. Fed. R. Evid. 104(a) (in making a determination regarding preliminary questions concerning the admissibility of evidence, a court "is not bound by evidence rules, except those on privileges.").

47.    To the extent Plaintiff challenges publication of Defendant's prior art references, whether there is sufficient evidence to conclude that each reference was publicly known or published, as those terms are used in the U.S. Patent Act, by "a satisfactory showing that such document has been disseminated or otherwise made available to the extent that persons interested and ordinarily skilled in the subject matter or art exercising reasonable diligence, can locate it." *Kyocera Wireless Corp. v. ITC*, 545 F.3d 1340, 1350 (Fed. Cir. 2008).

### 4.    Priority

48.    Whether in response to Defendant's evidence of invalidity, Plaintiff can present sufficient evidence that any patent claim is entitled to a priority date earlier than the filing date of the application that matured into the patent in which that claim can be found. *PowerOasis, Inc. v. T-Mobile USA, Inc.,* 522 F.3d 1299, 1305-06 (Fed. Cir. 2008).

49.    Conception must be proven by evidence showing conception of each element of the claimed invention to such an extent that all that remains is to undertake the mechanics of reducing the invention to practice.  The uncorroborated testimony of the inventor cannot be used to support a date of conception.  "An inventor is entitled to  priority based on conception only as of a date when the complete conception has been manifested or disclosed in some fashion."  Chisum on Patents, § 10.04[2].  "Conception requires an idea to be so "definite and permanent" that "all that remains to be accomplished ... belongs to the department of construction."  *Dawson v. Dawson*, 710 F.3d 1347, 1355 (Fed. Cir. 2013) (quoting 1 *Robinson on Patents* 532 (1890)).  "Conception

exists when a definite and permanent idea of an operative invention, including every feature of the subject matter sought to be patented, is known.  Conception is complete when one of ordinary skill in the art could construct the apparatus without unduly extensive research or experimentation." *Sewall v. Walters*, 21 F.3d 411, 415 (Fed. Cir. 1994); *see also Mergenthaler v. Scudder*, 11 App. D.C. 264, 1897 WL 17698, at *8 (App. D.C. 1897).  "Conception must be proven by evidence showing what the inventor has disclosed to others and what that disclosure means to one of ordinary skill in the art." *Cordance Corp. v. Amazon.com, Inc.*, 658 F.3d 1330, 1334 (Fed. Cir. 2011) (internal quotes omitted).  "Although the fundamental inquiry in conception is whether the inventor held the complete invention in his or her own mind, proof of conception requires objective evidence of what the inventor has disclosed to others, and what that disclosure would fairly suggest to one of ordinary skill in the art." *In re Jolley*, 308 F.3d 1317, 1323 (Fed. Cir. 2002).  "[C]onception by an inventor, for the purpose of establishing priority, can not be proved by his mere allegation nor by his unsupported testimony where there has been no disclosure to others or embodiment of the invention in some clearly perceptible form . . ." *Price v. Symsek*, 988 F.2d 1187, 1194-95 (Fed. Cir. 1993) (quoting *Mergenthaler*); *see also Kardulas v. Florida Mach. Prods. Co.*, 438 F.2d 1118, 1121 (5th Cir. 1971) ("The date of invention cannot be carried back to that of the earliest mental conception.  There must be a disclosure sufficient to enable one with ordinary skill in the art to reduce the invention to practice."), *Cislak v. Wagner*, 215 F.2d 275 (C.C.P.A. 1954).

49.     To the extent that Plaintiffs challenge whether any of Defendant's prior art patents predate the relevant date of invention, whether there is sufficient evidence to conclude that the prior art patent at issue is entitled to the date asserted by Defendant.  A prior art patent will serve as prior art as of its earliest effective filing date, even if the application to which the later issued

US2008 5225090 2

patent claimed priority is abandoned.  *In re Wertheim*, 646 F.2d 527, 533-34 (C.C.P.A. 1981) (Rich J. writing for majority).  The test for ensuring that the later issuing patent is entitled to its earliest effective application date for priority purposes is whether "the disclosure was contained in substance in the said earliest application."  *Id*. (*quoting* 35 U.S.C. Sec. 102(e)).  That level of disclosure references 35 U.S.C. Sec. 112, which the Patent Office reviews in reviewing the later, issuing application for patentability.

### 5.      Lack of Written Description and Enablement and Indefiniteness

50.      Whether the specification of each of the Asserted Patents provides a written description of the manner and process of making and using the claimed invention of the Asserted Claims, in such "full, clear, concise, and exact terms as to enable any person skilled in the art ... to make and use the [claimed invention]," without undue experimentation, and whether the written description conveys to one of ordinary skill in the art that the named inventor/s were in possession of the claimed invention. 35 U.S.C. § 112.   A patent fails the statutory written description requirement when the specification does not disclose what the claims are construed to cover.  *Atl. Research Mktg. Sys., Inc. v. Troy*, 659 F.3d 1345, 1352-55 (Fed. Cir. 2011).  "[T]he hallmark of written description is disclosure."  *Ariad Pharms., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351 (Fed. Cir. 2010) (en banc).  "[T]he written description requirement ensure[s] that the scope of the right to exclude, as set forth in the claims, does not overreach the scope of the inventor's contribution . . . as described in the patent …."  *In re Katz Interactive Call Processing Patent Litig*., 639 F.3d 1303, 1319 (Fed. Cir. 2011) (internal quotation marks omitted).

51.      Whether the specification of each of the Asserted Patents sufficiently enables one of skill in the art to practice the full scope of each of the asserted claims.  "This important doctrine prevents both inadequate disclosure of an invention and overbroad claiming that might otherwise

attempt to cover more than was actually invented.  Thus, a patentee chooses broad claim language at the peril of losing any claim that cannot be enabled across its full scope of coverage." *MagSil Corp. v. Hitachi Global Storage Techs., Inc.*, 687 F.3d 1377, 1380-81 (Fed. Cir. 2012).  The Federal Circuit has held various factors are relevant to whether a patent sufficiently enables one of skill in the art to practice the full scope including, for example, "the amount of direction or guidance presented," "the presence or absence of working examples," "the state of the prior art," and "the breadth of the claims." *Martek Biosciences Corp. v. Nutrinova, Inc.*, 579 F.3d 1363, 1378 (Fed. Cir. 2009) (*quoting In re Wands*, 858 F.2d 731, 737 (Fed. Cir. 1988)).  Where the specification teaches away from what is sought to be claimed, claims are invalid for lack of enablement. *See Liebel-Flarsheim Co. v. Medrad, Inc.*, 481 F.3d 1371, 1380 (Fed. Cir. 2007).

52.     Whether one or more Asserted Claims is invalid as indefinite, pursuant to 35 U.S.C. § 112, such that a person of ordinary skill in the art at the time of the invention would not understand what is claimed and what is not claimed in view of the specification. *Phillips*, 415 F.3d at 1313.  Indefiniteness arises when one skilled in the art cannot determine whether a given product is within, or outside, the scope of the claims. *See Morton Int'l v. Cardinal Chem. Co.*, 5 F.3d 1464, 1470 (Fed. Cir. 1993); *see also Honeywell Int'l, Inc. v. Int'l Trade Comm'n*, 341 F.3d 1332, 1341 (Fed. Cir. 2003).  The Federal Circuit has made clear that, the issue of indefiniteness "is amenable to resolution by the jury where the issues are factual in nature." *BJ Services Co. v. Halliburton Energy Services, Inc.*, 338 F.3d 1368, 1371-72 (Fed. Cir. 2003).

## III.     EXPERT TESTIMONY

53.     Under Federal Rule of Evidence 702, an expert is permitted to provide opinion testimony that "will help the trier of fact to understand the evidence or to determine a fact in issue" only when "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product

of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." The court acts as "gatekeeper" to ensure that testimony does not reach the jury when it "is irrelevant or does not result from the application of reliable methodologies or theories to the facts of the case." *Micro Chem., Inc. v. Lextron, Inc.,* 317 F.3d 1387, 1391 (Fed. Cir. 2003). The court "ensure[s] that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579, 589 (1993); *accord Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 147 (1999).

54.     A court also ensures that an expert's testimony has "a reliable basis in the knowledge and experience of [the expert's] discipline." *Daubert*, 509 U.S. at 589, 592. The party offering the expert testimony has the burden of proving admissibility. *Id.*

55.     In addition, the conclusions drawn by the expert from the application of a reliable method must have a sufficiently strong analytical connection to the facts of the case to be admissible. *See General Elec. Co. v. Joiner,* 522 U.S. 136, 146 (1997). "Trained experts commonly extrapolate from existing data. But nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *Id.*

56.     An expert report must contain "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i). An expert's trial testimony is limited to information and opinions disclosed in his or her expert reports. *See Honeywell Int'l., Inc. v. Universal Avionics Systems Corp.,* 289 F.Supp.2d 493, 499-500 (D. Del. 2003) ("the testimony of expert witnesses is limited to the information contained in their expert reports. Therefore, since Hansman's testimony on the doctrine of equivalents would not be allowed at trial, it will not be relied upon by the court in deciding defendants' motions for

summary judgment on non-infringement."); *see also Arthrocare Corp. v. Smith & Nephew, Inc.*, 2003 WL 1905636, at *1 (D. Del. April 14, 2003) (granting Defendant's motion in limine to exclude certain expert testimony of Plaintiff because "experts are limited by their reports").

## IV.   COUNTERCLAIMS

57.     Whether based on Plaintiff's failure to show infringement of one or more of the Asserted Claims, Defendant should be granted declaratory judgment of noninfringement.

58.     Whether based on clear and convincing evidence of invalidity of the Asserted Claims, Defendant should be granted declaratory judgment of invalidity of the Asserted Claims of the Asserted Patents.

## V.   EXCEPTIONAL CASE

59.     Whether this is an exceptional case warranting awarding Defendant its costs, attorney's fees and expenses under 35 U.S.C. § 285 or the Court's equitable power.

## VI.   EXHAUSTION

60.     To the extent the issue of exhaustion is reached in the liability trial as opposed to being considered during any trial that becomes necessary on damages or willfulness, Motorola provides a statement of law on this issue.  As the Supreme Court has recognized for over one hundred and fifty years, "[t]he longstanding doctrine of patent exhaustion provides that the initial authorized sale of a patented item terminates all patent rights to that item." *Quanta Computer, Inc. v LG Elecs., Inc.*, 128 S. Ct. 2109, 2115 (2008). In applying the *Quanta* precedent, the Federal Circuit has held that "[t]he proper focus [of the analysis] is on whether the sales were authorized." *Tessera, Inc. v. Int'l Trade Comm'n*, 646 F.3d 1357, 1370 (Fed. Cir. 2011), *cert. denied*, 132 S. Ct. 2707 (2012).  Thus, a patentee cannot attempt to recover a second time when it authorized the sale of the patented product a first time. The exhaustion inquiry also requires that the authorized sale be

of a product or service that "sufficiently embodies the patent – even if it does not completely practice the patent . . . ." *Quanta*, 128 S. Ct. at 2117. Applying prior Supreme Court precedent, the *Quanta* Court noted that "because the[] only reasonable and intended use was to practice the patent and because 'they embodied the essential features of [the] patented invention'" an authorized sale exhausts downstream patent rights. *Id*. at 2119.  In *Quanta*, plaintiff LGE previously granted Intel a license to the patents that LGE was then asserting against Quanta. 128 S. Ct. at 2114. Quanta purchased microprocessors for the allegedly infringing products from Intel. *Id*. The license agreement between LGE and Intel specified that no license was granted for the combination of licensed products with items acquired from a non-party to the agreement. *Id*. LGE, therefore, based its infringement allegation on the fact that Intel's customers were not granted a license and the combination was not licensed.  *Id*.  Despite this language, the Supreme Court found Intel's licensed sale to Quanta extinguished LGE's patent rights. *Id*. at 2121.  The Supreme Court rejected LGE's argument stating  "LGE overlooks important aspects of the structure of the Intel-LGE transaction. Nothing in the License Agreement restricts Intel's right to sell its microprocessors and chipsets to purchasers who intend to combine them with non-Intel parts." *Id*. Similar facts existed in the *Tessera* case. 646 F.3d at 1369. In that case, Tessera licensed the asserted patents. The terms of the license agreement provided, "Subject to the terms and conditions [of this agreement], Tessera hereby grants Licensee a . . . license to the Tessera Patents . . . and to sell . . . and/or offer for sale such TCC Licensed Products." *Id*. at 1362 (alteration added and ellipsis in original). The license agreements at issue also stated that  "Licensee is licensed only to Licensed Products for which Licensee or a third party has satisfied a royalty obligation." *Id*. at 1363. Tessera argued, as did LGE, that the exclusion from the license language limits the rights of the third party who purchased licensed products. *Id*. at 1370 ("Tessera spends considerable time arguing about the

effect of the 'Exclusion for License' provision in the TCC Licenses . . . ."). The Federal Circuit stated "[t]hese arguments add unnecessary complexity to a rather straight forward analysis. ***The proper focus is on whether the sales were authorized***." *Id*. (emphasis added).

# EXHIBIT 6
# JOINT LIST OF EXHIBITS

| *Intellectual Ventures v. Motorola*<br>*U.S. District Court for the District of Delaware*<br>*Case No. 11-cv-908-SLR-MPT*<br>*(revised as of 11/12/2013)* | | | | |
|---|---|---|---|---|
| **Joint Exhibits** | | | | |
| **Description** | **BegBates** | **EndBates** | **Trial Exhibit?** | **Comments** |
| Certified File History - U.S. Patent No. 6,658,464 (Part 1) | IV-MMI-0106627 | IV-MMI-0107209 | | |
| Certified File History - U.S. Patent No. 6,658,464 (Part 2) | IV-MMI-0098282 | IV-MMI-0098622 | | |
| Certified File History - U.S. Patent No. 6,412,953 | IV-MMI-0096750 | IV-MMI-0097062 | | |
| Certified File History - U.S. Patent No. 6,557,054 (Part 1) | IV-MMI-0097063 | IV-MMI-0097361 | | |
| Certified File History - U.S. Patent No. 6,557,054 (Part 2) | IV-MMI-0097970 | IV-MMI-0098281 | | |
| Certified File History - U.S. Patent No. 7,409,450 | IV-MMI-0099249 | IV-MMI-0100924 | | |
| Certified File History - U.S. Patent No. 7,810,144 | IV-MMI-0101321 | IV-MMI-0102287 | | |
| Certified File History - U.S. Patent No. 7,120,462 | IV-MMI-0102354 | IV-MMI-0102450 | | |
| U.S. Patent No. 6,412,953 | IV-MMI-0082780 | IV-MMI-0082795 | | |
| U.S. Patent No. 6,557,054 | IV-MMI-0082796 | IV-MMI-0082856 | | |
| U.S. Patent No. 6,658,464 | IV-MMI-0082857 | IV-MMI-0082906 | | |
| U.S. Patent No. 7,120,462 | IV-MMI-0082907 | IV-MMI-0082914 | | |
| U.S. Patent No. 7,810,144 | IV-MMI-0082915 | IV-MMI-0082965 | | |
| U.S. Patent No. 7,409,450 | IV-MMI-0110238 | IV-MMI-0110324 | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**EXHIBIT 7**
**PLAINTIFFS' LIST OF EXHIBITS IT MAY OFFER AT TRIAL**

| | | | | |
|---|---|---|---|---|
| | *Intellectual Ventures v. Motorola*<br>*U.S. District Court for the District of Delaware*<br>*Case No. 11-cv-908-SLR-MPT* | | | |
| | *IV's Exhibit List* | | | |
| *Ex. No.* | *Description* | *BegBates* | *EndBates* | *Objections* |
| 1 | Motorola Admiral - Device (PPX-0100) | IV-MMI-0098958 | IV-MMI-0098959 | |
| 2 | Motorola Admiral - Box (PPX-0101) | IV-MMI-0098960 | IV-MMI-0098965 | |
| 3 | Motorola Admiral - Get Started User's Guide (PPX-0102) | IV-MMI-0098966 | IV-MMI-0099013 | |
| 4 | Motorola Admiral - Device (PPX-0103) | IV-MMI-0099014 | IV-MMI-0099015 | |
| 5 | Motorola Admiral - Box (PPX-0104) | IV-MMI-0099016 | IV-MMI-0099020 | |
| 6 | Motorola Admiral - User Guide (Sprint) (PPX-0105) | IV-MMI-0099021 | IV-MMI-0099068 | |
| 7 | Motorola Q 4G LTE - Device (PPX-0106) | IV-MMI-0099069 | IV-MMI-0099070 | |
| 8 | Motorola Q 4G LTE - Box (PPX-0107) | IV-MMI-0099071 | IV-MMI-0099075 | |
| 9 | Motorola Photon Q 4G LTE - User Guide (PPX-0108) | IV-MMI-0099076 | IV-MMI-0099123 | |
| 10 | Motorola Q 4G LTE - Device (PPX-0109) | IV-MMI-0099124 | IV-MMI-0099125 | |
| 11 | Motorola Q 4G LTE - Box (PPX-0110) | IV-MMI-0099126 | IV-MMI-0099131 | |
| 12 | Motorola Q 4G LTE - User Guide (PPX-0111) | IV-MMI-0099132 | IV-MMI-0099179 | |
| 13 | Motorola Atrix HD - Device (PPX-0112) | IV-MMI-0099180 | IV-MMI-0099181 | |
| 14 | Motorola Atrix HD - Box (PPX-0113) | IV-MMI-0099182 | IV-MMI-0099189 | |
| 15 | Motorola Atrix HD - Quick Start Guide (PPX-0114) | IV-MMI-0099190 | IV-MMI-0099199 | |
| 16 | Motorola Atrix HD - Device (PPX-0115) | IV-MMI-0099200 | IV-MMI-0099201 | |
| 17 | Motorola Atrix HD - Box (PPX-0116) | IV-MMI-0099202 | IV-MMI-0099209 | |
| 18 | Motorola Atrix HD - Quick Start Guide (PPX-0117) | IV-MMI-0099210 | IV-MMI-0099219 | |
| 19 | Motorola Electrify 2 - Device (PPX-0118) | IV-MMI-0099220 | IV-MMI-0099221 | |
| 20 | Motorola Electrify 2 - Box (PPX-0119) | IV-MMI-0099222 | IV-MMI-0099227 | |
| 21 | Motorola Electrify 2 - User's Manual (PPX-0120) | IV-MMI-0099228 | IV-MMI-0099241 | |
| 22 | Motorola Defy XT - Device (PPX-0121) | IV-MMI-0099242 | IV-MMI-0099243 | |
| 23 | Motorola Defy XT - Box (PPX-0122) | IV-MMI-0099244 | IV-MMI-0099248 | |
| 24 | Motorola Defy XT - Services Guide (PPX-0123) | IV-MMI-0100925 | IV-MMI-0100976 | |
| 25 | Motorola i867 - Device (PPX-0124) | IV-MMI-0100977 | IV-MMI-0100978 | |
| 26 | Motorola i867 - Box (PPX-0125) | IV-MMI-0100979 | IV-MMI-0100984 | |
| 27 | Motorola i867 - User Guide (PPX-0126) | IV-MMI-0100985 | IV-MMI-0101055 | |
| 28 | Motorola Triumph - Device (PPX-0127) | IV-MMI-0101056 | IV-MMI-0101057 | |
| 29 | Motorola Triumph - Box (PPX-0128) | IV-MMI-0101058 | IV-MMI-0101064 | |
| 30 | Motorola Triumph - User Guide (PPX-0129) | IV-MMI-0101065 | IV-MMI-0101091 | |
| 31 | Motorola Milestone X - Device (PPX-0130) | IV-MMI-0101092 | IV-MMI-0101093 | |
| 32 | Motorola Milestone X - Box (PPX-0131) | IV-MMI-0101094 | IV-MMI-0101097 | |
| 33 | Motorola Milestone X - User Guide (PPX-0132) | IV-MMI-0101098 | IV-MMI-0101131 | |
| 34 | Motorola Titanium - Device (PPX-0133) | IV-MMI-0101132 | IV-MMI-0101133 | |
| 35 | Motorola Titanium - User Guide (PPX-0134) | IV-MMI-0101134 | IV-MMI-0101209 | |
| 36 | Motorola XPRT - Device (PPX-0135) | IV-MMI-0101210 | IV-MMI-0101211 | |
| 37 | Motorola XPRT - Box (PPX-0136) | IV-MMI-0101212 | IV-MMI-0101217 | |
| 38 | Motorola XPRT - User Guide (PPX-0137) | IV-MMI-0101218 | IV-MMI-0101259 | |
| 39 | Motorola Admiral - Device (PPX-0138) | IV-MMI-0101260 | IV-MMI-0101261 | |
| 40 | Motorola Admiral - Box Material (PPX-0139) | IV-MMI-0101262 | IV-MMI-0101267 | |

| | | | |
|---|---|---|---|
| 41 | Motorola Admiral - User Guide (PPX-0140) | IV-MMI-0101268 | IV-MMI-0101315 |
| 42 | Motorola Photon 4G [MB855] - Device (PPX-0141) | IV-MMI-0101316 | IV-MMI-0101317 |
| 43 | Motorola Photon 4G [MB855] - Box (PPX-0142) | IV-MMI-0101318 | IV-MMI-0101320 |
| 44 | Motorola Photon 4G [MB855] - User's Guide (PPX-0143) | IV-MMI-0095038 | IV-MMI-0095084 |
| 45 | Motorola Atrix 2 [MB865/ME865] - Device (PPX-0144) | IV-MMI-0095091 | IV-MMI-0095092 |
| 46 | Motorola Atrix 2 [MB865/ME865] - Box (PPX-0145) | IV-MMI-0095093 | IV-MMI-0095098 |
| 47 | Motorola Atrix 2 [MB865/ME865] - Instruction Manual (PPX-0146) | IV-MMI-0095099 | IV-MMI-0095122 |
| 48 | Motorola Atrix 4G [MB860/MB861/ME860] - Device (PPX-0147) | IV-MMI-0095123 | IV-MMI-0095124 |
| 49 | Motorola Atrix 4G [MB860/MB861/ME860] - Box (PPX-0148) | IV-MMI-0095125 | IV-MMI-0095129 |
| 50 | Motorola Atrix 4G [MB860/MB861/ME860] - User's Guide (PPX-0149) | IV-MMI-0095130 | IV-MMI-0095151 |
| 51 | Motorola Atrix HD [MB866] - Device (PPX-0150) | IV-MMI-0095152 | IV-MMI-0095153 |
| 52 | Motorola Atrix HD [MB866] - Box (PPX-0151) | IV-MMI-0095154 | IV-MMI-0095161 |
| 53 | Motorola Atrix HD [MB866] - Quick Start Guide (PPX-0152) | IV-MMI-0095162 | IV-MMI-0095171 |
| 54 | Motorola Bali - Device (PPX-0153) | IV-MMI-0110909 | IV-MMI-0110910 |
| 55 | Motorola Bali - Box (PPX-0154) | IV-MMI-0110911 | IV-MMI-0110913 |
| 56 | Motorola Bali - User's Guide (PPX-0155) | IV-MMI-0110914 | IV-MMI-0110945 |
| 57 | Motorola Theory - Device (PPX-0156) | IV-MMI-0119046 | IV-MMI-0110947 |
| 58 | Motorola Theory - Box (PPX-0157) | IV-MMI-0110948 | IV-MMI-0110950 |
| 59 | Motorola Theory - User's Guide (PPX-0158) | IV-MMI-0110951 | IV-MMI-0110975 |
| 60 | Motorola Atrix 4G Lapdock (Kit SJYN 0737A) - Device (PPX-0159) | IV-MMI-0095172 | IV-MMI-0095173 |
| 61 | Motorola Atrix 4G Lapdock (Kit SJYN 0737A) - Box (PPX-0160) | IV-MMI-0095174 | IV-MMI-0095175 |
| 62 | Motorola Atrix 4G Lapdock (Kit SJYN 0737A) - User's Guide (PPX-0161) | IV-MMI-0095176 | IV-MMI-0095177 |
| 63 | Motorola Lapdock 100 (Kit SJYN 0918A) - User's Guide (PPX-0162) | IV-MMI-0095178 | IV-MMI-0095189 |
| 64 | Motorola Lapdock 100 (Kit SJYN 0918A) - Device (PPX-0163) | IV-MMI-0095190 | IV-MMI-0095191 |
| 65 | Motorola Lapdock 100 (Kit SJYN 0918A) - Box (PPX-0164) | IV-MMI-0095192 | IV-MMI-0095194 |
| 66 | Motorola Lapdock 500 (Kit SJYN 0920A) - Quick Get Started Guide (PPX-0165) | IV-MMI-0095195 | IV-MMI-0095206 |
| 67 | Motorola Lapdock 500 (Kit SJYN0920A) - Device (PPX-0166) | IV-MMI-0095207 | IV-MMI-0095208 |
| 68 | Motorola Lapdock 500 Pro (Kit SJYN0920A) - Box (PPX-0167) | IV-MMI-0095209 | IV-MMI-0095211 |
| 69 | Motorola Lapdock 500 Pro (Kit SJYN0920A) - Box (PPX-0168) | IV-MMI-0095212 | IV-MMI-0095225 |
| 70 | Motorola Electrify [MB853] - Device (PPX-0169) | IV-MMI-0095226 | IV-MMI-0095227 |
| 71 | Motorola Electrify [MB853] - Box (PPX-0170) | IV-MMI-0095228 | IV-MMI-0095233 |

| | | | | |
|---|---|---|---|---|
| 72 | Motorola Electrify [MB853] - User's Guide (PPX-0171) | IV-MMI-0095236 | IV-MMI-0095242 | |
| 73 | Motorola XT886 - Device (PPX-0172) | IV-MMI-0095254 | IV-MMI-0095255 | |
| 74 | Motorola XT886 - Box (PPX-0173) | IV-MMI-0094958 | IV-MMI-0094963 | |
| 75 | Motorola XT886 - User Guide (PPX-0174) | IV-MMI-0094964 | IV-MMI-0094969 | |
| 76 | Motorola Electrify M (XT901) - Device (PPX-0175) | IV-MMI-0094970 | IV-MMI-0094971 | |
| 77 | Motorola Electrify M (XT901) - Box (PPX-0176) | IV-MMI-0094972 | IV-MMI-0094977 | |
| 78 | Motorola Electrify M (XT901) - User's Guide (PPX-0177) | IV-MMI-0097480 | IV-MMI-0097562 | |
| 79 | Motorola Rambler - Device (PPX-0178) | IV-MMI-0097563 | IV-MMI-0097564 | |
| 80 | Motorola Rambler - User's Guide (PPX-0179) | IV-MMI-0094978 | IV-MMI-0095035 | |
| 81 | Motorola i576 - Device (PPX-0180) | IV-MMI-0095036 | IV-MMI-0095037 | |
| 82 | Motorola i576 - Box (PPX-0181) | IV-MMI-0095085 | IV-MMI-0095090 | |
| 83 | Motorola i576 - User's Guide (PPX-0182) | IV-MMI-0097362 | IV-MMI-0097379 | |
| 84 | Motorola Quantico - Device (PPX-0183) | IV-MMI-0095234 | IV-MMI-0095235 | |
| 85 | Motorola Quantico - Tutorial (PPX-0184) | IV-MMI-0095243 | IV-MMI-0095253 | |
| 86 | Motorola Brute i686 - Device (PPX-0185) | IV-MMI-0095256 | IV-MMI-0095257 | |
| 87 | Motorola Brute i686 - User's Guide (PPX-0186) | IV-MMI-0096255 | IV-MMI-0096444 | |
| 88 | Motorola i412 - Device (PPX-0187) | IV-MMI-0096445 | IV-MMI-0096446 | |
| 89 | Motorola i412 - Box (PPX-0188) | IV-MMI-0096447 | IV-MMI-0096448 | |
| 90 | Motorola i412 - User's Guide (PPX-0189) | IV-MMI-0095590 | IV-MMI-0095621 | |
| 91 | Motorola Brute i680 - Device (PPX-0190) | IV-MMI-0095750 | IV-MMI-0095751 | |
| 92 | Motorola Brute i680 - Box (PPX-0191) | IV-MMI-0095752 | IV-MMI-0095771 | |
| 93 | Motorola Brute i680 - User's Guide (PPX-0192) | IV-MMI-0098852 | IV-MMI-0098951 | |
| 94 | Motorola i886 - Device (PPX-0193) | IV-MMI-0096247 | IV-MMI-0096248 | |
| 95 | Motorola i886 - Box (PPX-0194) | IV-MMI-0096249 | IV-MMI-0096254 | |
| 96 | Motorola i886 - User's Guide (PPX-0195) | IV-MMI-0097881 | IV-MMI-0097956 | |
| 97 | Motorola Clutch i475 - Device (PPX-0196) | IV-MMI-0097680 | IV-MMI-0097681 | |
| 98 | Motorola Clutch i475 - Box (PPX-0197) | IV-MMI-0097682 | IV-MMI-0097684 | |
| 99 | Motorola Clutch i475 - User's Guide (PPX-0198) | IV-MMI-0097685 | IV-MMI-0097717 | |
| 100 | Motorola Photon Q 4G LTE [XT896/XT897] - Device (PPX-0199) | IV-MMI-0097750 | IV-MMI-0097751 | |
| 101 | Motorola Photon Q 4G LTE [XT896/XT897] - Box (PPX-0200) | IV-MMI-0097752 | IV-MMI-0097757 | |
| 102 | Motorola Photon Q 4G LTE [XT896/XT897] - User's Guide (PPX-0201) | IV-MMI-0097857 | IV-MMI-0097880 | |
| 103 | R_Rankings by Deal by Asset | IV-MMI-0110786 | IV-MMI-0110786 | FRE 402, 403, 702, 802 (Subject of MM Daubert motion) |
| 104 | Excel Chart of Patents | IV-MMI-0110785 | IV-MMI-0110785 | FRE 402, 403, 702, 802 (Subject of MM Daubert motion) |
| 105 | Patent License Agreement between IV International Licensing Netherlands S.V. and HTC Corp. | IV-MMI-0104851 | IV-MMI-0104872 | FRE 402, 403, 702, 802 (Subject of MM Daubert motion) |
| 106 | Patent License Agreement between IV International License and LGE, effective 11/4/2011 | IV-MMI-0105005 | IV-MMI-0105054.1 | FRE 402, 403, 702, 802 (Subject of MM Daubert motion) |

| | | | | |
|---|---|---|---|---|
| 107 | License Agreement between IV International Licensing and Samsung Electronics Co., Ltd., effective 11/11/2010 | IV-MMI-0105176 | IV-MMI-0105200.1 | FRE 402, 403, 702, 802 (Subject of MM Daubert motion) |
| 108 | Signature Page to License Agreement between IV International Licensing and Samsung Electronics Co., Ltd., effective 11/11/2010 | IV-MMI-0003910 | IV-MMI-0003910 | FRE 402, 403, 702, 802 (Subject of MM Daubert motion) |
| 109 | Patent Purchase Agreement | IV-MMI-0078426 | IV-MMI-0078451 | |
| 110 | Assignment | IV-MMI-0080626 | IV-MMI-0080629 | |
| 111 | Assignment | IV-MMI-0081045 | IV-MMI-0081058 | |
| 112 | Assignment | IV-MMI-0081059 | IV-MMI-0081072 | |
| 113 | Assignment | IV-MMI-0081073 | IV-MMI-0081078 | |
| 114 | Assignment | IV-MMI-0081079 | IV-MMI-0081083 | |
| 115 | Assignment | IV-MMI-0081098 | IV-MMI-0081104 | |
| 116 | Patent Purchase Agreement | IV-MMI-0005288 | IV-MMI-0005328 | |
| 117 | Amendment to Patent Purchase Agreement | IV-MMI-0005226 | IV-MMI-0005241 | |
| 118 | Assignment | IV-MMI-0080671 | IV-MMI-0080681 | |
| 119 | Assignment | IV-MMI-0081014 | IV-MMI-0081019 | |
| 120 | Assignment | IV-MMI-0081020 | IV-MMI-0081025 | |
| 121 | Assignment | IV-MMI-0081032 | IV-MMI-0081037 | |
| 122 | Patent Purchase Agreement | IV-MMI-0005138 | IV-MMI-0005174 | |
| 123 | Patent Purchase Agreement | IV-MMI-0005175 | IV-MMI-0005211 | |
| 124 | Assignment of Patent Rights | IV-MMI-0005107 | IV-MMI-0005113 | |
| 125 | Assignment | IV-MMI-0080604 | IV-MMI-0080609 | |
| 126 | Assignment | IV-MMI-0080630 | IV-MMI-0080635 | |
| 127 | Assignment | IV-MMI-0080636 | IV-MMI-0080644 | |
| 128 | Assignment | IV-MMI-0080648 | IV-MMI-0080655 | |
| 129 | Assignment | IV-MMI-0081090 | IV-MMI-0081097 | |
| 130 | Patent License Agreement | IV-MMI-0005033 | IV-MMI-0005056 | |
| 131 | Assigment of Patent Rights | IV-MMI-0005063 | IV-MMI-0005066 | |
| 132 | Assignment | IV-MMI-0080599 | IV-MMI-0080603 | |
| 133 | Assignment | IV-MMI-0080656 | IV-MMI-0080662 | |
| 134 | Assignment | IV-MMI-0080663 | IV-MMI-0080670 | |
| 135 | Assignment | IV-MMI-0044120 | IV-MMI-0044121 | |
| 136 | Assignment | IV-MMI-0022890 | IV-MMI-0022893 | |
| 137 | Secured Party Bill of Sale and Transfer Agreement | IV-MMI-0022963 | IV-MMI-0022973 | |
| 138 | Assignment | IV-MMI-0080610 | IV-MMI-0080619 | |
| 139 | Assignment | IV-MMI-0080620 | IV-MMI-0080625 | |
| 140 | Assignment | IV-MMI-0080844 | IV-MMI-0080851 | |
| 141 | Assignment | IV-MMI-0080852 | IV-MMI-0080867 | |
| 142 | Assignment | IV-MMI-0081026 | IV-MMI-0081031 | |
| 143 | Screen Shots of Questionnaires, Stewart Expert Report, Appendix C | IV-MMI-0083965 | IV-MMI-0083980 | FRE 702, 704, 802 |
| 144 | Summary Tabulations of Results, Stewart Expert Report, Appendix D | IV-MMI-0083981 | IV-MMI-0084051 | FRE 702, 704, 802 |
| 145 | Malibu's MAXimum IP applied to cable technology | JORGENSEN005510 | JORGENSEN005542 | FRE 402, 403, 802 |
| 146 | Malibu Networks - Introduction to the WINAAR System Architecture, dated 1/5/1999 (Native PowerPoint) | IV-MMI-087113 | IV-MMI-087113 | FRE 402, 403, 802 |

| | | | | |
|---|---|---|---|---|
| 147 | Malibu Networks - Introduction to the WINAAR System Architecture, dated 1/5/1999 | IV-MMI-087113 | IV-MMI-087113 | FRE 402, 403, 802 |
| 148 | Malibu Networks - Introduction to the WINAAR System Architecture, dated 1/5/1999 | JORGENSEN005675 | JORGENSEN005715 | FRE 402, 403, 802 |
| 149 | The Malibu Networks WINAAR System Architecture - Preliminary, dated 6/16/1998 | JORGENSEN005815 | JORGENSEN005823 | FRE 402, 403, 802 |
| 150 | The Malibu Networks WINAAR System Architecture - Preliminary with additions, dated 6/16/1998 | JORGENSEN005835 | JORGENSEN005843 | FRE 402, 403, 802 |
| 151 | Diagram of packet flow with and without QoS | JORGENSEN000402 | JORGENSEN000402 | FRE 402, 403, 802 |
| 152 | Diagram of flows | JORGENSEN001291 | JORGENSEN001291 | FRE 402, 403, 802 |
| 153 | Diagram of flows | JORGENSEN001292 | JORGENSEN001292 | FRE 402, 403, 802 |
| 154 | Article on Malibu Networks, "Betting Big on IP" | JORGENSEN005215 | JORGENSEN005218 | FRE 402, 403, 802 |
| 155 | Malibu Networks WINAAR System Architecture | JORGENSEN005824 | JORGENSEN005832 | FRE 402, 403, 802 |
| 156 | Malibu Press Release | JORGENSEN005962 | JORGENSEN005963 | FRE 402, 403, 802 |
| 157 | Malibu Networks - The Fusion of Wireless and IP | BES001805 | BES001829 | FRE 402, 403, 802 |
| 158 | Malibu Networks - The Fusion of IP and Wireless | BES001972 | BES002013 | FRE 402, 403, 802 |
| 159 | Malibu Business Plan | BES001933 | BES001971 | FRE 402, 403, 802 |
| 160 | Powerpoint | BES002035 | BES002056 | FRE 402, 403, 802 |
| 161 | Malibu Networks Business Plan; Exhibit 4 to Bakrevski Deposition | n/a | n/a | FRE 402, 403, 802 |
| 162 | Letter dated 10/6/2011 from Marc Belloli to Motorola re patent and infringement by Motorola | IV-MMI-0084671 | IV-MMI-0084673 | |
| 163 | U.S. Provisional Patent Application 60/092,452 | IV-MMI-0097718 | IV-MMI-0097749 | |
| 164 | U.S. Patent No. 6,862,622 (09/349,477) - File History | IV-MMI-0108435 | IV-MMI-0110237 | |
| 165 | YouTube Video - Motorola Admiral Review (PhoneArena) | IV-MMI-0110808 | IV-MMI-0110808 | FRE 402, 403, 701, 802, 901 |
| 166 | YouTube Video - Motorola Admiral Review (AttachkOfTheShow) | IV-MMI-0110809 | IV-MMI-0110809 | FRE 402, 403, 701, 802, 901 |
| 167 | YouTube Video - Motorola Admiral Review (watchvideosonline) | IV-MMI-0110810 | IV-MMI-0110810 | FRE 402, 403, 701, 802, 901 |
| 168 | YouTube Video - Motorola Admiral Unboxing (wirefly) | IV-MMI-0110811 | IV-MMI-0110811 | FRE 402, 403, 701, 802, 901 |
| 169 | Motorola Admiral- Direct Connect | IV-MMI-0111021 | IV-MMI-0111028 | |
| 170 | Motorola Admiral - 3G Wi-Fi Hot Spot | IV-MMI-0111029 | IV-MMI-0111030 | |
| 171 | 7,409,450 (95/002,076) | IV-MMI-0124473 | IV-MMI-0124972 | |
| 172 | Motorola Source Code | MMI-IV-SC0000314 | MMI-IV-SC0000314 | |
| 173 | Motorola Source Code | MMI-IV-SC0000319 | MMI-IV-SC0000319 | |
| 174 | Motorola Source Code | MMI-IV-SC0000390 | MMI-IV-SC0000390 | |
| 175 | Motorola Source Code | MMI-IV-SC0000396 | MMI-IV-SC0000400 | |
| 176 | Motorola Source Code | MMI-IV-SC0012775 | MMI-IV-SC0012775 | |
| 177 | Motorola Source Code | MMI-IV-SC0013019 | MMI-IV-SC0013021 | |
| 178 | Motorola Source Code | MMI-IV-SC0013100 | MMI-IV-SC0013105 | |
| 179 | Motorola Source Code | MMI-IV-SC0013112 | MMI-IV-SC0013116 | |
| 180 | Motorola Source Code | MMI-IV-SC0013128 | MMI-IV-SC0013128 | |
| 181 | Project Summary of Pax CDMA | MMI-IV0005025 | MMI-IV0005028 | |
| 182 | Motorola Source Code | MMI-IV-SC0000413 | MMI-IV-SC0000413 | |
| 183 | Motorola Source Code | MMI-IV-SC0000423 | MMI-IV-SC0000423 | |
| 184 | Motorola Source Code | MMI-IV-SC0000425 | MMI-IV-SC0000425 | |

| | | | | |
|---|---|---|---|---|
| 185 | Motorola Source Code | MMI-IV-SC0000428 | MMI-IV-SC0000428 | |
| 186 | Motorola Source Code | MMI-IV-SC0000430 | MMI-IV-SC0000431 | |
| 187 | Motorola Source Code | MMI-IV-SC0000639 | MMI-IV-SC0000643 | |
| 188 | Motorola Source Code | MMI-IV-SC0000837 | MMI-IV-SC0000873 | |
| 189 | Motorola Source Code | MMI-IV-SC0001253 | MMI-IV-SC0001258 | |
| 190 | Motorola Source Code | MMI-IV-SC0001821 | MMI-IV-SC0001830 | |
| 191 | Motorola Source Code | MMI-IV-SC0003155 | MMI-IV-SC0003158 | |
| 192 | Motorola Source Code | MMI-IV-SC0003161 | MMI-IV-SC0003163 | |
| 193 | Motorola Source Code | MMI-IV-SC0003193 | MMI-IV-SC0003223 | |
| 194 | Motorola Source Code | MMI-IV-SC0003248 | MMI-IV-SC0003252 | |
| 195 | Motorola Source Code | MMI-IV-SC0003254 | MMI-IV-SC0003263 | |
| 196 | Motorola Source Code | MMI-IV-SC0003373 | MMI-IV-SC0003389 | |
| 197 | Passas et al., Quality-of-Service-Oriented Medium Access Control for Wireless ATM Networks, IEEE Communications Magazine, Nov. 1997 | MMI-IV0953808 | MMI-IV0953816 | |
| 198 | cdma2000 High Rate Packet Data Air Interface Specification, 3GPP2 C.S0024-A, v3 | MMI-IV095545 | MMI-IV095545 | This appears to be a typo. Motorola otherwise reserves the right to object. |
| 199 | cdma2000 High Rate Packet Data Air Interface Specification, 3GPP2 C.S0024-A, v3 | MMI-IV0959545 | MMI-IV0960708 | |
| 200 | Quality of Service (QoS) Feature for 1xEV-DO Revision A | MMI-IV0960976 | MMI-IV0961141 | |
| 201 | U.S. Patent No. 6,046,980 | MMI-IV0990351 | MMI-IV0990383 | |
| 202 | Packetshaper Data Sheet, Galloway | MMI-IV0990573 | MMI-IV0990575 | |
| 203 | Sprint Test Case Results - Pax-Admiral | MMI-IV1013223 | MMI-IV1013223 | FRE 402, 403, 802, 901 |
| 204 | Agrawal, et a., An experimental indoor wireless network - SWAN: A Mobile Multimedia Wireless Network | MMI-IV1046437 | MMI-IV1046452 | |
| 205 | U.S. Provisional Patent Application 60/090,939 (GigaBlade Specifications, MMI-IV1047613 - MMI-IV1047614) | MMI-IV1046886 | MMI-IV1047619 | |
| 206 | U.S. Patent No. 6,046,979 | MMI-IV1048112 | MMI-IV1048130 | |
| 207 | U.S. Patent No. 6,005,851 | MMI-IV1048211 | MMI-IV1048220 | |
| 208 | Japanese Patent Application (Pub. No. H8-107417) | MMI-IV1048229 | MMI-IV1048238 | |
| 209 | U.S. Patent No. 6,463,096 | MMI-IV1048262 | MMI-IV1048275 | |
| 210 | Video Matrix of Motorola Phones, Exhibit 5 to Jerry Gibson's Opening Expert Report | N/A | N/A | FRE 402, 403, 701, 704, 802, 901 |
| 211 | PAX MR1 - Qchat Out of Service Update, dated 2/9/2012 | MMI-IV0138867 | MMI-IV0138868 | FRE 402, 403, 802 |
| 212 | User Trial Results | MMI-IV0139046 | MMI-IV0139046 | FRE 402, 403, 802, 901 |
| 213 | List of Qchat Registration Scenarios from Qualcomm | MMI-IV0139048 | MMI-IV0139049 | FRE 402, 403, 802 |
| 214 | Sprint Release Notes - Model: XT603, SW Version: 5.5.1Q-117_PAW-28, dated 2/13/2012 | MMI-IV0139183 | MMI-IV0139202 | FRE 402, 403, 802 |
| 215 | Sprint Customer Equipment EVDO Release A Functional | MMI-IV0141670 | MMI-IV0141670 | FRE 402, 403, 802 |
| 216 | CDMA-Sprint Certification Process, dated 9/28/2010 | MMI-IV0172439 | MMI-IV0172448 | FRE 402, 403, 802 |

| | | | | |
|---|---|---|---|---|
| 217 | PAX TA-7 Product Test Data | MMI-IV0182130 | MMI-IV0182131 | FRE 402, 403, 802, 901 |
| 218 | PAX - User Trial Performance Summary | MMI-IV0182141 | MMI-IV0182145 | FRE 402, 403, 802, 901 |
| 219 | PAX TA-3 Product Test Data, dated 10/4/2012 | MMI-IV0182213 | MMI-IV0182219 | FRE 402, 403, 802, 901 |
| 220 | Qchat - impact for PAX, dated 10/15/2010 | MMI-IV0200263 | MMI-IV0200282 | FRE 402, 403, 802 |
| 221 | Qualcomm Source Code | Q1IVSC9080000001 | Q1IVSC9080000640 | |
| 222 | CDMA2000 1xEV-DO (Rev A Overview) - Student Guide Book 1, 80-W0470-1 Rev H | QCIV0001847 | QCIV0001990 | FRE 402, 403, 701, 802 |
| 223 | CDMA2000 1xEV-DO (Rev A Overview) - Student Guide Book 2, 80-W0470-1 Rev H | QCIV0001991 | QCIV0002180 | FRE 402, 403, 701, 802 |
| 224 | 1xEV-DO Revision A Over-the-Air QoS Configuration Example ("Qualcomm EV-DO Rev. A QoS Example) | QCIV0003048 | QCIV0003107 | FRE 402, 403, 701, 802 |
| 225 | CDMA2000 1XEV-DO REV A Parameters: Design and Analysis | QCIV0003698 | QCIV0003891 | FRE 402, 403, 701, 802 |
| 226 | Sprint Customer Equipment EVDO Release A Functional Requirements, Version 2.2.1, dated 10/27/2009 | SPRINT002481 | SPRINT002507 | FRE 402, 403, 802 |
| 227 | U.S. Patent No. 5,930,472 | n/a | n/a | |
| 228 | U.S. Patent No. 5,610,910 | n/a | n/a | |
| 229 | U.S. Patent No. 5,926,458 | n/a | n/a | |
| 230 | U.S. Patent No. 6,125,397 | n/a | n/a | |
| 231 | U.S. Patent No. 6,018,516 | n/a | n/a | |
| 232 | U.S. Patent No. 6,038,216 | n/a | n/a | |
| 233 | U.S. Patent No. 6,115,357 | n/a | n/a | |
| 234 | U.S. Patent No. 6,205,120 | n/a | n/a | |
| 235 | U.S. Patent No. 5,774,461 | n/a | n/a | |
| 236 | U.S. Patent No. 5,889,816 | n/a | n/a | |
| 237 | U.S. Patent No. 6,118,777 | n/a | n/a | |
| 238 | The so-called Packet Shaper System | n/a | n/a | |
| 239 | Balakrishnan et al., A Comparison of Mechanisms for Improving TCP Performance Over Wireless Links, IEEE/ACM Transactions on Networking, Dec. 1997 | n/a | n/a | |
| 240 | The so-called Stelliga / Softcom System | n/a | n/a | |
| 241 | Qchat 5.0 3G 1xEV-DO Infrastructure Vendor Requirement | SPRINT003793 | SPRINT004047 | FRE 402, 403, 802, 901 |
| 242 | 1xEV-DO Rev. A Technology in a Nutshell | SPRINT004048 | SPRINT004073 | FRE 402, 403, 701, 802, 901 |
| 243 | Motorola Admiral Printout | IV-MMI-0125653 | IV-MMI-0125654 | |
| 244 | Display Module No. 72014016002 Assembly Drawings (Rev. A) | MMI-IV0021461 | MMI-IV0021466 | |
| 245 | Display Module No. 72014610001 Assembly Drawings (Rev. 02) | MMI-IV0021467 | MMI-IV0021472 | |
| 246 | Display Module No. 72014604001 Assembly Drawings (Rev. C) | MMI-IV0021473 | MMI-IV0021482 | |
| 247 | Display Module No. 72014605001 Assembly Drawings (Rev. A) | MMI-IV0021483 | MMI-IV0021488 | |

| | | | |
|---|---|---|---|
| 248 | Display Module No. 72014608004 Assembly Drawings (Rev. B) | MMI-IV0021495 | MMI-IV0021500 | |
| 249 | Display Module No. 72014610001 Assembly Drawings (Rev. B) | MMI-IV0021501 | MMI-IV0021506 | |
| 250 | Display Module No. 72014609001 Assembly Drawings (Rev. B) | MMI-IV0021515 | MMI-IV0021520 | |
| 251 | Display Module No. 72014604002 Assembly Drawings (Rev. B) | MMI-IV0021539 | MMI-IV0021546 | |
| 252 | Display Module No. 72014608006 Assembly Drawings (Rev. A) | MMI-IV0021579 | MMI-IV0021586 | |
| 253 | Display Module No. 72014608004 Assembly Drawings (Rev. A) | MMI-IV0021593 | MMI-IV0021598 | |
| 254 | Display Module No. 72014610001 Assembly Drawings (Rev. A) | MMI-IV0021623 | MMI-IV0021628 | |
| 255 | Display Module No. 72014002002 Assembly Drawings (Rev. A) | MMI-IV0950386 | MMI-IV0950393 | |
| 256 | Display Module No. 7201461001 Assembly Drawings (Rev. A) | MMI-IV0950418 | MMI-IV0950523 | |
| 257 | Display Module No. 72014016001 Assembly Drawings (Rev. A) | MMI-IV0955881 | MMI-IV0955881 | |
| 258 | Display Module No. 72014016001 Assembly Drawings (Rev. B) | MMI-IV0955889 | MMI-IV0955889 | |
| 259 | Material or Method Specification No. 71014250002 (Rev. A) | MMI-IV0950524 | MMI-IV0950598 | |
| 260 | Material or Method Specification No. 71014607001 (Rev. A) | MMI-IV0950685 | MMI-IV0950769 | |
| 261 | Material or Method Specification No. 72014055003 (Rev. B) | MMI-IV0950796 | MMI-IV0950871 | |
| 262 | Material or Method Specification No. 72014055001 (Rev. A) | MMI-IV0951135 | MMI-IV0951213 | |
| 263 | Display Module No. 72014002004 Assembly Drawings (Rev. A) | MMI-IV0951272 | MMI-IV0951280 | |
| 264 | Material or Method Specification No. 71014723001 (Rev. C) | MMI-IV0955729 | MMI-IV0955729 | |
| 265 | Material or Method Specification No. 71014250001 (Rev. A) | MMI-IV0955993 | MMI-IV0955993 | |
| 266 | Material or Method Specification No. 71014607001 (Rev. A) | MMI-IV0956061 | MMI-IV0956145 | |
| 267 | Material or Method Specification No. 72014003004 (Rev. B) | MMI-IV0956211 | MMI-IV0956289 | |
| 268 | Material or Method Specification No. 72014056001 (Rev. B) | MMI-IV0956290 | MMI-IV0956373 | |
| 269 | Display Module No. 72014016002 Assembly Drawings (Rev. A) | MMI-IV0977717 | MMI-IV0977722 | |
| 270 | Material or Method Specification No. 72014055003 (Rev. B) | MMI-IV0977798 | MMI-IV0977873 | |
| 271 | Motorola Triumph - Getting Started Guide | MMI-IV0003881 | MMI-IV0003982 | |
| 272 | Motorola Triumph - User's Guide | MMI-IV0003983 | MMI-IV0004050 | |

| | | | | |
|---|---|---|---|---|
| 273 | Motorola Admiral - Important Information for Motorola Admiral | MMI-IV0005029 | MMI-IV0005070 | |
| 274 | Motorola Atrix 4G - User's Guide (AT&T) | MMI-IV0005534 | MMI-IV0005619 | |
| 275 | Motorola XPRT - User Guide | MMI-IV0007939 | MMI-IV0008041 | |
| 276 | Motorola Photon 4G - Product Documentation | MMI-IV0008787 | MMI-IV0008854 | |
| 277 | Motorola Photon 4G - Product Documentation | MMI-IV0008860 | MMI-IV0008925 | |
| 278 | Motorola Photon 4G - User Guide (Sprint) | MMI-IV0008931 | MMI-IV0009082 | |
| 279 | Table provided by Motorola | MMI-IV-0990637 | MMI-IV-0990637 | |
| 280 | Translation of JP Version of the TW Priority 87108195 (JP11-352589) | IV-MMI-0082570 | IV-MMI-0082603 | |
| 281 | JP Version of the TW Priority 87108195 (JP11-352589) | IV-MMI-0082604 | IV-MMI-0082617 | |
| 282 | TW Application No. 87108195 Translation, Application Date: 5/26/1998 | IV-MMI-0082685 | IV-MMI-0082733 | |
| 283 | TW Application No. 87108195, Application Date: 5/26/1998 | IV-MMI-0082734 | IV-MMI-0082779 | |
| 284 | Exhibit A to Dr. Cairns Delcaration in Support of IV's Opposition to Motorola's Motion for Summary Judgment of Invalidity | n/a | n/a | FRCP 26(a)(2)(B)(iii) |
| 285 | Motorola, produced under protective order: directories on disk DRV14-SV-; 08-21-2012\Atrix4G_Olympus_MR3\; 08-21-2012\Photon_SunfireWE_MR5\; 08-21-2012\ Electrify_SunfireWE_MR1\; directories on disk DRV-29: 03-08-2013\Atrix2_EdisonUMTS_MR1\ | MMI-IV-SC0013228 | MMI-IV-SC0015208 | |
| 286 | Electrify Project Summary | MMI-IV0001037 | MMI-IV0001040 | |
| 287 | Electrify Repair Optimization Support Training | MMI-IV0001041 | MMI-IV0001051 | |
| 288 | Electrify Assembly Manual | MMI-IV0001052 | MMI-IV0001089 | |
| 289 | Electrify Disassembly Manual | MMI-IV0001090 | MMI-IV0001123 | |
| 290 | Photon 4G & Electrify Repair Optimization Service Training Level 3 | MMI-IV0001124 | MMI-IV0001124 | |
| 291 | Photon 4G Repair Optimization Service Training Level 3 | MMI-IV0001125 | MMI-IV0001155 | |
| 292 | Photon 4G Repair Optimization Service Training Level 3 | MMI-IV0001156 | MMI-IV0001216 | |
| 293 | Photon 4G Troubleshooting Guide | MMI-IV0001254 | MMI-IV0001383 | |
| 294 | 'Laptopdock' Atrix Bundle Process Guide | MMI-IV0001647 | MMI-IV0001651 | |
| 295 | Lapdock 1.5 Assembly Manual | MMI-IV0001652 | MMI-IV0001688 | |
| 296 | Lapdock 1.5 Disassembly Manual | MMI-IV0001689 | MMI-IV0001721 | |
| 297 | Lapdock 1.5 Product Overview | MMI-IV0001722 | MMI-IV0001729 | |
| 298 | Lapdock Project Summary | MMI-IV0001730 | MMI-IV0001732 | |
| 299 | Atrix 2 Project Summary | MMI-IV0001733 | MMI-IV0001741 | |
| 300 | Atrix 2 Process Guide | MMI-IV0001742 | MMI-IV0001747 | |
| 301 | Atrix 2 Assembly Manual | MMI-IV0001748 | MMI-IV0001785 | |
| 302 | Atrix 2 Disassembly Manual | MMI-IV0001786 | MMI-IV0001801 | |
| 303 | Atrix 2 Repair Optimization Service Manual Level 3 | MMI-IV0001804 | MMI-IV0001806 | |
| 304 | Atrix 2 Schematics | MMI-IV0001807 | MMI-IV0001835 | |
| 305 | Atrix 2 Repair Optimization Support Training Level 3 | MMI-IV0001836 | MMI-IV0001913 | |
| 306 | Atrix 2 Theory of Operation Rev. 1.0 | MMI-IV0001914 | MMI-IV0001962 | |
| 307 | Atrix 2 Troubleshooting Guide | MMI-IV0001963 | MMI-IV0002053 | |
| 308 | Electrify Schematic Parts List Level 1 & 2 | MMI-IV0004695 | MMI-IV0004695 | |

| | | | |
|---|---|---|---|
| 309 | Lapdock Schematic Parts List Level 1 & 2 | MMI-IV0004698 | MMI-IV0004698 | |
| 310 | Lapdock 2 Premium Schematic Parts List | MMI-IV0004699 | MMI-IV0004699 | |
| 311 | Atrix 4G Product Summary 101211 | MMI-IV0005445 | MMI-IV0005458 | |
| 312 | Atrix 4G Product Technical Specification Webpage | MMI-IV0005459 | MMI-IV0005462 | |
| 313 | Atrix Deep Dive Voice of Consumers Unsolicited Feedback | MMI-IV0005463 | MMI-IV0005480 | FRE 402, 403, 802 |
| 314 | Atrix 4G Project Summary 062111 | MMI-IV0005512 | MMI-IV0005520 | |
| 315 | Atrix 4G Project Summary 012612 | MMI-IV0005521 | MMI-IV0005533 | |
| 316 | Atrix 4G pg 47 | MMI-IV0005534 | MMI-IV0005619 | |
| 317 | Atrix 4G AT&T User Manual | MMI-IV0005620 | MMI-IV0005621 | |
| 318 | Atrix User Guide | MMI-IV0005622 | MMI-IV0005687 | |
| 319 | Atrix Service Bulletin Screen | MMI-IV0005688 | MMI-IV0005690 | |
| 320 | Atrix Service Bulletin Battery | MMI-IV0005691 | MMI-IV0005692 | |
| 321 | Atrix Service Bulletin Audio | MMI-IV0005693 | MMI-IV0005695 | |
| 322 | Atrix 4G Service Engineering Process Guide | MMI-IV0005696 | MMI-IV0005702 | |
| 323 | Atrix Assembly Manual | MMI-IV0005703 | MMI-IV0005741 | |
| 324 | Atrix Disassembly Manual | MMI-IV0005742 | MMI-IV0005770 | |
| 325 | Atrix Schematic Parts List | MMI-IV0005771 | MMI-IV0005771 | |
| 326 | Atrix Schematic Parts List | MMI-IV0005772 | MMI-IV0005772 | |
| 327 | Atrix Schematic Parts List | MMI-IV0005773 | MMI-IV0005773 | |
| 328 | Atrix Schematic Parts List 042611 (one of many) | MMI-IV0005774 | MMI-IV0005774 | |
| 329 | Atrix 4G Level 2 Training Slides | MMI-IV0005775 | MMI-IV0005788 | |
| 330 | Atrix Schematics | MMI-IV0005789 | MMI-IV0005791 | |
| 331 | Atrix Repair Optimization Service Training Level 3 | MMI-IV0005792 | MMI-IV0005793 | |
| 332 | Atrix Power Distribution Diagram | MMI-IV0005794 | MMI-IV0005794 | |
| 333 | Repair Optimization Service Training Level 3 | MMI-IV0005795 | MMI-IV0005824 | |
| 334 | Atrix Repair Optimization Support Training Level 3 | MMI-IV0005825 | MMI-IV0005857 | |
| 335 | Photon 4G Schematic Parts List | MMI-IV0008269 | MMI-IV0008269 | |
| 336 | Photon 4G Process Guide | MMI-IV0008270 | MMI-IV0008276 | |
| 337 | Photon Assembly Manual | MMI-IV0008277 | MMI-IV0008314 | |
| 338 | Photon Disassembly Manual | MMI-IV0008315 | MMI-IV0008348 | |
| 339 | Photon 4G Schematic Parts List | MMI-IV0008349 | MMI-IV0008349 | |
| 340 | Photon 4G Repair Optimization Service Training Level 3 | MMI-IV0008350 | MMI-IV0008351 | |
| 341 | Photon 4G Repair Optimization Service Training Level 3 | MMI-IV0008352 | MMI-IV0008353 | |
| 342 | Photon 4G Repair Optimization Service Training Level 3 | MMI-IV0008354 | MMI-IV0008354 | |
| 343 | Photon 4G Troubleshooting Guide | MMI-IV0008355 | MMI-IV0008481 | |
| 344 | Photon 4G Schematic Parts List | MMI-IV0008484 | MMI-IV0008484 | |
| 345 | Schematic | MMI-IV0008485 | MMI-IV0008517 | |
| 346 | Photon TOO Repair Optimization Service Training Level 3 | MMI-IV0008518 | MMI-IV0008578 | |
| 347 | Photon 4G Repair Optimization Support Training Level 3 | MMI-IV0008579 | MMI-IV0008615 | |
| 348 | Photon 4G Repair Optimization Support Training Level 1 & 2 | MMI-IV0008772 | MMI-IV0008782 | |
| 349 | Photon 4G Product Technical Specification Webpage | MMI-IV0008783 | MMI-IV0008786 | |
| 350 | Photon 4G User Manual 1 | MMI-IV0008787 | MMI-IV0008854 | |
| 351 | Photon 4G Project Summary 101911 | MMI-IV0008855 | MMI-IV0008859 | |
| 352 | Photon 4G User Manual 2 | MMI-IV0008860 | MMI-IV0008925 | |
| 353 | Photon 4G Project Summary 012712 | MMI-IV0008926 | MMI-IV0008930 | |

| 354 | Photon 4G User Guide | MMI-IV0008931 | MMI-IV0009082 | |
| 355 | Photon 4G Project Summary 101011 | MMI-IV0009083 | MMI-IV0009087 | |
| 356 | Lapdock 2.0 Premium Material or Methods Specification | MMI-IV0017012 | MMI-IV0017043 | |
| 357 | Lapdock 1.5 Material or Methods Specification | MMI-IV0017081 | MMI-IV0017116 | |
| 358 | Lapdock 2.0 standard Material or Methods Specification | MMI-IV0017150 | MMI-IV0017181 | |
| 359 | Lapdock Design & Concept Evaluation | MMI-IV0018974 | MMI-IV0019012 | |
| 360 | Lapdock 2 Standard Software Requirements Specification | MMI-IV0023335 | MMI-IV0023347 | |
| 361 | Lapdock 2 Standard Financials | MMI-IV0023381 | MMI-IV0023381 | |
| 362 | Lapdock 2 Standard Software Design Review | MMI-IV0023382 | MMI-IV0023395 | |
| 363 | Lapdock 2.0 Standard Marketing Brochure | MMI-IV0023452 | MMI-IV0023469 | |
| 364 | Lapdock 2 Standard Atrix 2 Bundle Product Description | MMI-IV0023521 | MMI-IV0023523 | |
| 365 | List of Testing Reports | MMI-IV0023527 | MMI-IV0023527 | FRE 402, 403, 802, 901 |
| 366 | Lapdock 2 Standard Product Council Review | MMI-IV0023532 | MMI-IV0023578 | |
| 367 | Lapdock 2 Beta1 Build Product Description | MMI-IV0023586 | MMI-IV0023587 | |
| 368 | Lapdock 2 Requirements Matrixx | MMI-IV0023601 | MMI-IV0023601 | |
| 369 | Lapdock BOM Component Materials | MMI-IV0023662 | MMI-IV0023662 | |
| 370 | Lapdock ID Checklist | MMI-IV0023724 | MMI-IV0023750 | |
| 371 | Lapdock Chip Study | MMI-IV0023785 | MMI-IV0023791 | |
| 372 | Lapdock Data Sheet Cradle Schematic | MMI-IV0023792 | MMI-IV0023794 | |
| 373 | Lapdock Data Sheet LCD Cover | MMI-IV0023799 | MMI-IV0023801 | |
| 374 | Lapdock Cradle Design Study | MMI-IV0023850 | MMI-IV0023855 | |
| 375 | Lapdock Data Sheet Screw MM | MMI-IV0023870 | MMI-IV0023871 | |
| 376 | Lapdock Data Sheet Logic Low | MMI-IV0023913 | MMI-IV0023916 | |
| 377 | Lapdock Process Management Plan | MMI-IV0023917 | MMI-IV0023917 | |
| 378 | Lapdock Data Sheet LCD Bezel | MMI-IV0024006 | MMI-IV0024007 | |
| 379 | Lapdock Material or Methods Specification | MMI-IV0024131 | MMI-IV0024151 | |
| 380 | Lapdock Cosmetics Specification | MMI-IV0024180 | MMI-IV0024190 | |
| 381 | Lapdock Data Sheet LCD Bezel | MMI-IV0024193 | MMI-IV0024195 | |
| 382 | Lapdock Reliability Test Specification | MMI-IV0024270 | MMI-IV0024270 | |
| 383 | Lapdock Data Sheet Cables | MMI-IV0024282 | MMI-IV0024283 | |
| 384 | Lapdock Data Sheet MB ASSY | MMI-IV0024293 | MMI-IV0024294 | |
| 385 | Lapdock Data Sheet MB ASSY | MMI-IV0024328 | MMI-IV0024329 | |
| 386 | Lapdock Tracking List 082410 (one of many) | MMI-IV0024330 | MMI-IV0024330 | |
| 387 | Lapdock Battery LED Diagram | MMI-IV0024370 | MMI-IV0024370 | |
| 388 | Lapdock Labels | MMI-IV0024442 | MMI-IV0024443 | |
| 389 | Lapdock Issues List (one of many) | MMI-IV0024448 | MMI-IV0024448 | |
| 390 | Lapdock IEC Test Certification | MMI-IV0024449 | MMI-IV0024555 | FRE 402, 403, 802, 901 |
| 391 | Lapdock Design Proposal | MMI-IV0024577 | MMI-IV0024587 | |
| 392 | Lapdock Phase B Circuit Changes | MMI-IV0024619 | MMI-IV0024623 | |
| 393 | Lapdock Atrix Bundle Manual | MMI-IV0024706 | MMI-IV0024761 | |
| 394 | Lapdock Label Schematics | MMI-IV0024772 | MMI-IV0024774 | |
| 395 | Lapdock Cosmetic Specification | MMI-IV0024928 | MMI-IV0024938 | |
| 396 | Lapdock Data Sheet Logic Low | MMI-IV0024958 | MMI-IV0024961 | |
| 397 | Lapdock Data Sheet LCD Panel | MMI-IV0024966 | MMI-IV0024999 | |
| 398 | Lapdock Data Sheet Keyboard | MMI-IV0025002 | MMI-IV0025003 | |

| | | | | |
|---|---|---|---|---|
| 399 | Lapdock 2 Premium Packaging Brief | MMI-IV0025040 | MMI-IV0025040 | |
| 400 | Defect Report (one of many) | MMI-IV0025056 | MMI-IV0025056 | |
| 401 | Lapdock 2 Premium Motorola Product Portfolio Screenshot | MMI-IV0025439 | MMI-IV0025439 | |
| 402 | Lapdock 2 Premium Marketing Brochure | MMI-IV0025442 | MMI-IV0025459 | |
| 403 | Lapdock 2 Premium Product Specifications | MMI-IV0025466 | MMI-IV0025466 | |
| 404 | Lapdock 2 Premium Version List | MMI-IV0025543 | MMI-IV0025549 | |
| 405 | Lapdock 2 Premium Material or Methods Specification | MMI-IV0025553 | MMI-IV0025573 | |
| 406 | Lapdock 2 Premium Draft User Guide | MMI-IV0025586 | MMI-IV0025592 | |
| 407 | Lapdock 2 Premium Software Release Readiness Review (RRR) | MMI-IV0025648 | MMI-IV0025656 | |
| 408 | Portable Hand-Held Device SAR Test Report 110711 | MMI-IV0025677 | MMI-IV0025758 | FRE 402, 403, 802, 901 |
| 409 | Lapdock 2 Premium Alpha Build Product Description | MMI-IV0025788 | MMI-IV0025789 | |
| 410 | Lapdock 3.0 Summary | MMI-IV0025791 | MMI-IV0025814 | |
| 411 | Lapdock 500 User Guide | MMI-IV0025879 | MMI-IV0025932 | |
| 412 | Lapdock 2 Premium Kick Off Summary | MMI-IV0025963 | MMI-IV0026002 | |
| 413 | Lapdock 2 Premium Product Description V1.4 | MMI-IV0026004 | MMI-IV0026023 | |
| 414 | Lapdock AT&T User Guide | MMI-IV0026027 | MMI-IV0026038 | |
| 415 | Motorola Unit Pricing Details (one of many) | MMI-IV0026042 | MMI-IV0026042 | FRE 402, 403, 901 |
| 416 | Lapdock Atrix 4G Bundle Manual AT&T | MMI-IV0026072 | MMI-IV0026072 | |
| 417 | Lapdock 100 User Manual | MMI-IV0026080 | MMI-IV0026133 | |
| 418 | Lapdock User Guide | MMI-IV0026499 | MMI-IV0026510 | |
| 419 | Lapdock Compliance Certification Test Report | MMI-IV0027015 | MMI-IV0027041 | |
| 420 | Lapdock Financials | MMI-IV0030653 | MMI-IV0030653 | FRE 402, 403, 901 |
| 421 | Lapdock Circuit Pin List | MMI-IV0031001 | MMI-IV0031001 | |
| 422 | Lapdock" Part Screw | MMI-IV0031148 | MMI-IV0031148 | |
| 423 | Atrix 2 Theory of Operation | MMI-IV0063855 | MMI-IV0063903 | |
| 424 | Edison ITC Re-Design Recommendation (Attorney Client Privileged) | MMI-IV0063964 | MMI-IV0063971 | FRE 402, 403, 501, 502 |
| 425 | Edison Hardware Summary | MMI-IV0063972 | MMI-IV0063972 | |
| 426 | Atrix 2 Specifications | MMI-IV0064070 | MMI-IV0064070 | |
| 427 | Atrix 2 vs. Atrix Comparison | MMI-IV0064071 | MMI-IV0064076 | |
| 428 | Atrix 2 New Product Copy Manifesto | MMI-IV0064110 | MMI-IV0064118 | |
| 429 | Atrix 2 Product Council Review (one of many) | MMI-IV0064119 | MMI-IV0064156 | |
| 430 | Atrix 2 MainMux (references M570) (one of many) | MMI-IV0064498 | MMI-IV0064498 | |
| 431 | AT&T Feature Compliance Matrix | MMI-IV0073330 | MMI-IV0073330 | FRE 402, 403, 802, 901 |
| 432 | Lapdock Olympus Ecosystem | MMI-IV0165341 | MMI-IV0165371 | |
| 433 | Photon 4G Combined GSM Full Test Report | MMI-IV0427263 | MMI-IV0427485 | FRE 402, 403, 802,. 901 |
| 434 | Motorola Stability Plan Testing (Olympus Sample) | MMI-IV0449318 | MMI-IV0449347 | FRE 402, 403, 802, 901 |
| 435 | Atrix Partial Test Report GSM | MMI-IV0449847 | MMI-IV0449909 | FRE 402, 403, 802, 901 |
| 436 | Atrix HD Project Summary | MMI-IV0952683 | MMI-IV0952688 | |

| | | | | |
|---|---|---|---|---|
| 437 | Video of Infringement | IV-MMI-0103014 | IV-MMI-0103025 | FRE 402, 403, 701, 802, 901; FRCP 26 (a) (2) (B)(iii) |
| 438 | Video of Infringement | IV-MMI-0103030 | IV-MMI-0103033 | FRE 402, 403, 701, 802, 901; FRCP 26 (a) (2) (B)(iii) |
| 439 | File History for Publication No. 2012/0170204 to Ahn | IV-MMI-0124973 | IV-MMI-0125045 | |
| 440 | Publication No. 2012/01700204 to Ahn | IV-MMI-0084052 | IV-MMI-0084068 | |
| 441 | Motorola Laptop Dock User's Guide | IV-MMI-0094422 | IV-MMI-0094435 | |
| 442 | Tegra 2 Interface Design Guidelines | IV-MMI-0085201 | IV-MMI-0086599 | |
| 443 | 45 Days With the Motorola Atrix Lapdock | IV-MMI-0088399 | IV-MMI-0088403 | |
| 444 | Motorola Mobility and AT&T Announce ATRIX 4G, the Future of Mobile Computing | IV-MMI-0084668 | IV-MMI-0084670 | |
| 445 | Lapdock out of the Box | IV-MMI-0088329 | IV-MMI-008832 | |
| 446 | Motorola Lapdock 100 Fact Sheet | IV-MMI-0084779 | IV-MMI-0084780 | |
| 447 | Motorola Lapdock 100 Fact Sheet | IV-MMI-0084781 | IV-MMI-0084782 | |
| 448 | OMAP4430 | IV-MMI-008614 | IV-MMI-0094421 | |
| 449 | Motorola, "Lapdock 100 - Features" | IV-MMI-0088320 | IV-MMI-0088322 | |
| 450 | Motorola Lapdock 500 Pro | IV-MMI-0088410 | IV-MMI-0088473 | |
| 451 | Motorola Lapdock 500 Pro Fact Sheet | IV-MMI-0084786 | IV-MMI-0084787 | |
| 452 | Lapdock 500 Pro Compatibility | IV-MMI-0088327 | IV-MMI-0088328 | |
| 453 | Motorola: all our high-end smartphones will have Webtob from June onwards | IV-MMI-0110999 | IV-MMI-0111001 | |
| 454 | MMI Q1 2011 Earnings Call Transcript | IV-MMI-0110976 | IV-MMI-0110998 | |
| 455 | AT&T Selling Lapdock | IV-MMI-0088613 | IV-MMI-0088613 | |
| 456 | Motorola Atrix 4G AT&T User's Guide | IV-MMI-0087340 | IV-MMI-0087429 | |
| 457 | Motorola Photon 4G Sprint User's Guide | IV-MMI-0084501 | IV-MMI-0084655 | |
| 458 | Motorola Electrify User Guide | IV-MMI-0087264 | IV-MMI-0087339 | |
| 459 | Motorola Atrix 2 User's Guide | IV-MMI-0088474 | IV-MMI-0088565 | |
| 460 | D346,797 | IVA0846 | IVA0850 | |
| 461 | D488,455 | IVA0851 | IVA0857 | |
| 462 | D343,173 | IVA0858 | IVA0860 | |
| 463 | Melear, C., "Multimedia concepts using MC68332 microcontroller," WESCON/'93 Conference Record, Sep. 28-30, 1993, pp. 95-105 | IV-MMI-0125076 | IV-MMI-0125086 | |
| 464 | James E. Thornton, "Parallel Operation In The Control Data 6600," AFIPS Proceedings, October 27-29, 1964, pp. 33-40 | IV-MMI-0125052 | IV-MMI-0125059 | |
| 465 | IEEE Standard Dictionary of Electrical and Electronics Terms," IEEE Std. 100-1996, Sixth Edition, 1996, pp. 143, 823 | IV-MMI-0125060 | IV-MMI-0125067 | |
| 466 | Microsoft Computer Dictionary," Fourth Edition, 1997, at p. 349 | IV-MMI-0125068 | IV-MMI-0125070 | |
| 467 | Britannica Online Encyclopedia, "telephone," http://www.britannica.com/EBchecked/topic/585993/telephone | IV-MMI-0125612 | IV-MMI-0125652 | |
| 468 | Merriam Webster's Collegiate® Dictionary," Tenth Edition, 1997, at p. 527, definition of "handset" | IV-MMI-0125071 | IV-MMI-0125075 | |

| | | | | |
|---|---|---|---|---|
| 469 | "Merriam Webster's Collegiate® Dictionary," Tenth Edition, 1997, at p. 526 | IV-MMI-0125071 | IV-MMI-0125075 | |
| 470 | Microsoft Computer Dictionary," Fourth Edition, 1997, at p. 211 | IV-MMI-0125068 | IV-MMI-0125070 | |
| 471 | "Merriam Webster's Collegiate® Dictionary," Tenth Edition, 1997, at p. 907 | IV-MMI-0125071 | IV-MMI-0125075 | |
| 472 | U. S. Application 09/171,290 | IV-MMI-0124473 | IV-MMI-0124972 | |
| 473 | U.S. Patent No. 6,157,545 | IV-MMI-0125580 | IV-MMI-0125594 | |
| 474 | Handset/Notebook Computer | KUMAR0000001 | KUMAR0000001 | |
| 475 | The Pocket Partner:  A Handset/Notebook Computer | KUMAR0000002 | KUMAR0000003 | |
| 476 | Khyber Technologies PowerPoint | KUMAR0000004 | KUMAR0000015 | |
| 477 | Picture of 2001 CES Award and the Award Itself | KUMAR0000016 | KUMAR0000016 | |
| 478 | Picture of Prototype and Prototype Itself; Exhibit 49 to Kumar Deposition | KUMAR0000017 | KUMAR0000017 | |
| 479 | Patented Form&Function as Product Differentiators; Exhibit 56 to Kumar Deposition | IV-MMI-0049016 | IV-MMI-0049016 | |
| 480 | Kyber Wins "Designing & Engineering Showcase Award; Exhibit 59 to Kumar Deposition | n/a | n/a | |
| 481 | Exhibit A to Motorola's Response to Plaintiffs' First Set of Interrogatories to Defendant (Nos. 1-8); March 7, 2012; The Docking Display - a new kind of smartphone peripheral | n/a | n/a | |
| 482 | 3GPP TS 23.140 v6.16.0 (2009-03) | IV-MMI-0079205 | IV-MMI-0079428 | |
| 483 | WAP MMS Client Transactions, Version 15-Jan-2002 | IV-MMI-0079486 | IV-MMI-0079518 | |
| 484 | Wireless Application Protocol MMS Encapsulation Protocol, Version 05-Jan-2002 | IV-MMI-0079519 | IV-MMI-0079557 | |
| 485 | OMA - Multimedia Messaging Service Client Transactions, Version 1.1, Version 31-Oct-2002 | IV-MMI-0079699 | IV-MMI-0079753 | |
| 486 | OMA - Multimedia Messaging Service Client Transactions, Version 1.1, Version 30-Oct-2002 | IV-MMI-0079754 | IV-MMI-0079820 | |
| 487 | Open Source Project | IV-MMI-0102288 | IV-MMI0102306 | |
| 488 | Compatibility Program | IV-MMI-0102320 | IV-MMI-0102339 | |
| 489 | Mobile Messaging Technologies and Services, Chapter 5 | IV-MMI-0110856 | IV-MMI-0110879 | |
| 490 | Mobile Messaging Technologies and Services, Chapter 6 | IV-MMI-0110880 | IV-MMI-0110900 | |
| 491 | Motorola Source Code | MMI-IV-SC0000700 | MMI-IV-SC0000700 | |
| 492 | Motorola Source Code | MMI-IV-SC0010357 | MMI-IV-SC0010357 | |
| 493 | Excel Spreadsheet | MMI-IV0020882 | MMI-IV0020882 | FRE 402, 403, 802, 901 |
| 494 | Excel Spreadsheet | MMI-IV0023520 | MMI-IV0023520 | FRE 402, 403, 802, 901 |
| 495 | AT&T Device Requirements (references Cetecom, GCF or PTCRB)  120310 v4.3.pdf | MMI-IV0062463 | MMI-IV0063854 | FRE 402, 403, 802, 901 |
| 496 | Motorola – Purchase Order No. NP4825197 | MMI-IV0109288 | MMI-IV0109288 | |
| 497 | System Test Plan for Brightwater | MMI-IV0142733 | MMI-IV0142762 | FRE 402, 403, 802, 901 |
| 498 | Sprint Requirements OMA MMS Client V1.2.pdf | MMI-IV0173084 | MMI-IV0173103 | FRE 402, 403, 802, 901 |

| | | | | |
|---|---|---|---|---|
| 499 | InternetExpress: An Inter-Desktop Multimedia Data-Transfer Service | MMI-IV0949161 | MMI-IV0949170 | |
| 500 | Nokia 9000 Owner's Manual | MMI-IV0950238 | MMI-IV0950368 | |
| 501 | Nomadic Access to Information Services by a GSM Phone | MMI-IV0950369 | MMI-IV0950376 | |
| 502 | TCP/IP Illustrated, Volume 1 | MMI-IV0950377 | MMI-IV0950385 | |
| 503 | Excel Spreadsheet - Compliance Matrix | MMI-IV0956374 | MMI-IV0956374 | FRE 402, 403, 802, 901 |
| 504 | Compliance for "Sprint OMA MMS Client Requirements V1.2 | MMI-IV0956379 | MMI-IV0956379 | FRE 402, 403, 802, 901 |
| 505 | Compliance for "Sprint OMA MMS Client Requirements V1.2" | MMI-IV0956380 | MMI-IV0956380 | FRE 402, 403, 802, 901 |
| 506 | Compliance for "Sprint OMA MMS Client Requirements V1.2" | MMI-IV0956381 | MMI-IV0956381 | FRE 402, 403, 802, 901 |
| 507 | USCC MMS Requirements | MMI-IV0956382 | MMI-IV0956382 | FRE 402, 403, 802, 901 |
| 508 | Excel Spreadsheet - Lab and Field Test Requirements for Terminal Unit Acceptance | MMI-IV0958476 | MMI-IV0958476 | FRE 402, 403, 802, 901 |
| 509 | Excel Spreadsheet - Atrix HD FFW AirCom Report | MMI-IV0958477 | MMI-IV0958477 | FRE 402, 403, 802, 901 |
| 510 | Excel Spreadsheet - Atrix HD LE AirCom Report | MMI-IV0958478 | MMI-IV0958478 | FRE 402, 403, 802, 901 |
| 511 | Excel Spreadsheet - AtrixII HD FFW AirCom Report | MMI-IV0958479 | MMI-IV0958479 | FRE 402, 403, 802, 901 |
| 512 | Excel Spreadsheet - AtrixII LE AirCom Report | MMI-IV0958480 | MMI-IV0958480 | FRE 402, 403, 802, 901 |
| 513 | Motorola - Text Messaging | MMI-IV1010708 | MMI-IV1011822 | FRE 402, 403, 802, 901 |
| 514 | Excel Spreadsheets - Testing Documents | MMI-IV1013219 | MMI-IV1014471 | FRE 402, 403, 802, 901 |
| 515 | Motorola - Text Messaging | MMI-IV1053964 | MMI-IV1054993 | FRE 402, 403, 802, 901 |
| 516 | Motorola Text Messaging - Compose Message (MMS with picture) | MMI-IV1054675 | MMI-IV1054675 | FRE 402, 403, 802, 901 |
| 517 | Bodic, Gwenael Le, "mobile messaging technologies and services SMS, EMS and MMS",2nd ed. ISBN 0-470-01143-2 | N/A | N/A | |
| 518 | Research Now – Panel Quality Our Values | N/A | N/A | FRE 402, 403, 802, 901 |
| 519 | Sprint Document Production | SPRINT000001 | SPRINT002618 | FRE 402, 403, 802, 901 |
| 520 | ST-Ericsson Document Production | ST-IV-000001 | ST-IV000148 | FRE 402, 403, 802, 901 |
| 521 | US Cellular Document Production | USCC_IVMT_0000001 | USCC_IVMT_0003818 | FRE 402, 403, 802, 901 |
| 522 | Motorola MMS MMI IOT Handset Conformance for US Cellular, Document Version 2.0, Test Report Version 0.9 | USCC_IVMT_0001989 | USC_IVMT_0001989 | FRE 402, 403, 802, 901 |
| 523 | U.S. 5,379,340 (Patent) | MMI-IV0015846 | MMI-IV0015876 | |

| 524 | U.S. 5,801,700 (Patent) | N/A | N/A | |
|---|---|---|---|---|
| 525 | U.S. 7,810,144 (Patent) | IV-MMI-0082915 | IV-MMI-0082965 | |
| 526 | U.S. 7,810,144 (File History) | IV-MMI-0101321 | IV-MMI-0102287 | |
| 527 | LIX User Manual - LIX Version 3.3, Mawhood Dep. Ex. 1 | N/A | N/A | |
| 528 | MMS Videos | IV-MMI-0103026 | IV-MMI-0103029 | FRE 402, 403, 701, 802, 901; FRCP 26 (a) (2) (B)(iii) |
| 529 | Book by LeBodic | IV-MMI-0110856 | IV-MMI-0110879 | |
| 530 | August 8, 2013, Declaration of Stehpen J. Zitnik and Exhibit A | N/A | N/A | FRE 402, 403, 802, 901 |
| 531 | Source Code | 144PATENT0000328 | 144PATENT0000822 | |
| 532 | Source Code | 144PATENT0001184 | 144PATENT0001240 | |
| 533 | Source Code | 144PATENT0001580 | 144PATENT0001596 | |
| 534 | NetEx 1.0 | 144PATENT0001328 | 144PATENT0001332 | |
| 535 | Screen Shot | 144PATENT0001339 | 144PATENT0001339 | |
| 536 | Screen Shot | 144PATENT0001340 | 144PATENT0001340 | |
| 537 | Screen Shot | 144PATENT0001341 | 144PATENT0001341 | |
| 538 | Contents for NetEx Help | 144PATENT0001349 | 144PATENT0001412 | |
| 539 | Screen Shot | 144PATENT0001413 | 144PATENT0001413 | |
| 540 | NetPost.Certified | 144PATENT0002084 | 144PATENT0002101 | |
| 541 | Compress Module | 144PATENT0003117 | 144PATENT0003127 | |
| 542 | Software Product License | 144PATENT0003689 | 144PATENT0003690 | |
| 543 | US Postal Service | 144PATENT0003700 | 144PATENT0003700 | |
| 544 | Source Code | 144PATENT0003924 | 144PATENT0003937 | |
| 545 | Interface Specification | 144PATENT0004062 | 144PATENT0004086 | |
| 546 | Source Code | 144PATENT0004216 | 144PATENT0004234 | |
| 547 | 3/7/12 - Response to Plaintifs' First Set of of Interrogatories to Defendant | N/A | N/A | FRE 402, 403, 901 |
| 548 | 3/15/12 - Defendant's Responess to Plaintiffs' Second Set of Interrogatories | N/A | N/A | FRE 402, 403, 901 |
| 549 | 11/15/12 - Supplemental Response to Plaintiffs' Frist Set of Interrogatories to Defendant (Nos. 1-8) | N/A | N/A | FRE 402, 403, 901 |
| 550 | 12/12/12 - Defendant's Second Supplemental Response to Plaintiffs' First Set of Interrogatories to Defendant (No. 1) | N/A | N/A | FRE 402, 403, 901 |
| 551 | 12/13/12 - Defendant's Responses to Plaintiffs' Third Set of Interrogatories (No. 11) | N/A | N/A | FRE 402, 403, 901 |
| 552 | 12/14/12 - Defendant's First Supplemental Response to Plaintiffs' Second Set of Interrogatories (Nos. 9 and 10) | N/A | N/A | FRE 402, 403, 901 |
| 553 | 2/28/13 - Defendant's Response to Plainitff's Fourth Set of Interrogatories (No. 12) | N/A | N/A | FRE 402, 403, 901 |
| 554 | 3/15/13 - Response to Plaintiffs' Fifth Set of Interrogatories to Defendant (No. 13) | N/A | N/A | FRE 402, 403, 901 |

| | | | |
|---|---|---|---|
| 555 | 3/21/13 - Response to Plaintiffs' Sixth Set of Interrogatories to Defendant (No. 14) | N/A | N/A | FRE 402, 403, 901 |
| 556 | 4/16/13 - Supplemental Response to Plaintiffs' Fifhth Set of Interrogaories to Defendant (No. 13) | N/A | N/A | FRE 402, 403, 901 |
| 557 | 4/24/13 - Second Supplemental Response to Plaintiffs' First Set of Interrogatories (Nos. 1-8) | N/A | N/A | FRE 402, 403, 901 |
| 558 | 4/16/13 - Supplemental Responses to Plaintiffs' Third Set of Interrogatories (No. 11) | N/A | N/A | FRE 402, 403, 901 |
| 559 | 4/25/13 - Second Supplemental Response to Plaintiffs' Second Set of Interrogatories (Nos. 9 and 10) | N/A | N/A | FRE 402, 403, 901 |
| 560 | 9/27/13 - Supplemental Responser to Plaintiffs' Interrogatory No. 3 | N/A | N/A | FRE 402, 403, 901 |
| 561 | Motorola - Return an App | IV-MMI-0083325 | IV-MMI-0083328 | FRE 402, 403, 802, 901 |
| 562 | AT&T Device Help for the Motorola Atrix HD Jelly Bean - Send Multimedia Message | IV-MMI-0083329 | IV-MMI-0083329 | FRE 402, 403, 802, 901 |
| 563 | Motorola - Send Multimedia Message | IV-MMI-0083330 | IV-MMI-0083335 | FRE 402, 403, 802, 901 |
| 564 | Motorola MB612 XPRT | IV-MMI-0083336 | IV-MMI-0083340 | FRE 402, 403, 802, 901 |
| 565 | Cspire Published Advertisement - Defy XT | IV-MMI-0083529 | IV-MMI-0083534 | FRE 402, 403, 802, 901 |
| 566 | Google Play - Download and Uninstall Apps | IV-MMI-0083549 | IV-MMI-0083549 | FRE 402, 403, 802, 901 |
| 567 | Google Android Basics: Google Account and Gmail Set-up | IV-MMI-0083569 | IV-MMI-0083569 | FRE 402, 403, 802, 901 |
| 568 | Google Android Basics: Introduction | IV-MMI-0083574 | IV-MMI-0083574 | FRE 402, 403, 802, 901 |
| 569 | Google Android Basics: Applications Market | IV-MMI-0083577 | IV-MMI-0083577 | FRE 402, 403, 802, 901 |
| 570 | AT&T Device Help for the Motorola Atrix 2 ICS - Access Google Play | IV-MMI-0083769 | IV-MMI-0083776 | FRE 402, 403, 802, 901 |
| 571 | AT&T Motorola Atrix 4G - Return Apps or Widgets | IV-MMI-0083811 | IV-MMI-0083811 | FRE 402, 403, 802, 901 |
| 572 | AT&T Device Help for the Motorola Atrix HD Jelly Bean | IV-MMI-0083820 | IV-MMI-0083820 | FRE 402, 403, 802, 901 |
| 573 | Motorola - Access Play Store | IV-MMI-0083821 | IV-MMI-0083823 | FRE 402, 403, 802, 901 |
| 574 | AT&T Device Help for the Motorola Atrix HD Jelly Bean | IV-MMI-0083824 | IV-MMI-0083824 | FRE 402, 403, 802, 901 |
| 575 | Motorola - Add or Remove an App | IV-MMI-0083825 | IV-MMI-0083831 | FRE 402, 403, 802, 901 |
| 576 | AT&T Device Help for the Motorola Atrix HD Jelly Bean - Return an App | IV-MMI-0083832 | IV-MMI-0083832 | FRE 402, 403, 802, 901 |
| 577 | Motorola WX435 Triumph - Download and Install an Application | IV-MMI-0083878 | IV-MMI-0083900 | FRE 402, 403, 802, 901 |
| 578 | Motorola Electrify M - User's Guide | IV-MMI-0084154 | IV-MMI-0084223 | FRE 402, 403, 701, 802, 901 |

| | | | | |
|---|---|---|---|---|
| 579 | Motorola Admiral - Video Tutorial | IV-MMI-0102978 | IV-MMI-0102985 | FRE 402, 403, 701, 802, 901 |
| 580 | Motorola Admiral - Video Tutorial | IV-MMI-0102978 | IV-MMI-0102981 | FRE 402, 403, 701, 802, 901 |
| 581 | Motorola Admiral - Video Tutorial | IV-MMI-0102982 | IV-MMI-0102985 | FRE 402, 403, 701, 802, 901 |
| 582 | Motorola Photon Q 4G LTE - Video Tutorial | IV-MMI-0102986 | IV-MMI-0102989 | FRE 402, 403, 701, 802, 901 |
| 583 | Motorola Photon Q 4G LTE - Video Tutorial | IV-MMI-0102990 | IV-MMI-0102993 | FRE 402, 403, 701, 802, 901 |
| 584 | Motorola Atrix HD - Video Tutorial | IV-MMI-0102994 | IV-MMI-0102997 | FRE 402, 403, 701, 802, 901 |
| 585 | Motorola Atrix HD - Video Tutorial | IV-MMI-0102998 | IV-MMI-0103001 | FRE 402, 403, 701, 802, 901 |
| 586 | Motorola Electrify 2 - Tutorial (video) | IV-MMI-0103002 | IV-MMI-0103004 | FRE 402, 403, 701, 802, 901 |
| 587 | Motorola Defy XT - Video Tutorial | IV-MMI-0103005 | IV-MMI-0103007 | FRE 402, 403, 701, 802, 901 |
| 588 | Motorola Triumph - Video Tutorial | IV-MMI-0103008 | IV-MMI-0103010 | FRE 402, 403, 701, 802, 901 |
| 589 | Motorola Milestone X - Video Tutorial | IV-MMI-0103011 | IV-MMI-0103013 | FRE 402, 403, 701, 802, 901 |
| 590 | U.S. Patent Application Serial No. 08/251,724 | IV-MMI-0106627 | IV-MMI-0107086 | FRE 402, 403, 701, 802, 901 |
| 591 | YouTube Video - Motorola Atrix Product Promo | IV-MMI-0110787 | IV-MMI-0110787 | FRE 402, 403, 701, 802, 901 |
| 592 | YouTube Video - Motorola ATRIX 2 Review | IV-MMI-0110788 | IV-MMI-0110788 | FRE 402, 403, 701, 802, 901 |
| 593 | YouTube Video - Motorola ATRIX 2 Review | IV-MMI-0110789 | IV-MMI-0110789 | FRE 402, 403, 701, 802, 901 |
| 594 | YouTube Video - Motorola ATRIX 2 Review Part 1 | IV-MMI-0110790 | IV-MMI-0110790 | FRE 402, 403, 701, 802, 901 |
| 595 | YouTube Video - Motorola ATRIX 4G Review | IV-MMI-0110791 | IV-MMI-0110791 | FRE 402, 403, 701, 802, 901 |
| 596 | YouTube Video - Motorola Atrix 4G: Overview & Review | IV-MMI-0110792 | IV-MMI-0110792 | FRE 402, 403, 701, 802, 901 |
| 597 | YouTube Video - Motorola Atrix 4G Review | IV-MMI-0110793 | IV-MMI-0110793 | FRE 402, 403, 701, 802, 901 |
| 598 | YouTube Video - Motorola Atrix 4G Review Part 1 | IV-MMI-0110794 | IV-MMI-0110794 | FRE 402, 403, 701, 802, 901 |
| 599 | YouTube Video - Motorola Atrix HD Review | IV-MMI-0110795 | IV-MMI-0110795 | FRE 402, 403, 701, 802, 901 |
| 600 | YouTube Video - Motorola Atrix HD (AT&T) - First Look | IV-MMI-0110796 | IV-MMI-0110796 | FRE 402, 403, 701, 802, 901 |
| 601 | YouTube Video - Motorola ATRIX HD benchmark test | IV-MMI-0110797 | IV-MMI-0110797 | FRE 402, 403, 701, 802, 901 |
| 602 | YouTube Video - Motorola ATRIX HD unboxing and hands-on | IV-MMI-0110798 | IV-MMI-0110798 | FRE 402, 403, 701, 802, 901 |

| | | | |
|---|---|---|---|
| 603 | YouTube Video - Motorola Electrify Unboxing | IV-MMI-0110799 | IV-MMI-0110799 | FRE 402, 403, 701, 802, 901 |
| 604 | YouTube Video - Review of the Motorola Electrify | IV-MMI-0110800 | IV-MMI-0110800 | FRE 402, 403, 701, 802, 901 |
| 605 | YouTube Video - Motorola Electrify Review (U.S. Cellular) | IV-MMI-0110801 | IV-MMI-0110801 | FRE 402, 403, 701, 802, 901 |
| 606 | YouTube Video - Motorola Electrify 2 Review Part 1 | IV-MMI-0110802 | IV-MMI-0110802 | FRE 402, 403, 701, 802, 901 |
| 607 | YouTube Video - Motorola Electrify 2 Hands-On for Review | IV-MMI-0110803 | IV-MMI-0110803 | FRE 402, 403, 701, 802, 901 |
| 608 | YouTube Video - Motorola Electrify 2 on U.S. Cellular- First Look | IV-MMI-0110804 | IV-MMI-0110804 | FRE 402, 403, 701, 802, 901 |
| 609 | YouTube Video - Motorola Electrify M Review Part 1 | IV-MMI-0110805 | IV-MMI-0110805 | FRE 402, 403, 701, 802, 901 |
| 610 | YouTube Video - Motorola Electrify M Hands-on for Android Community | IV-MMI-0110806 | IV-MMI-0110806 | FRE 402, 403, 701, 802, 901 |
| 611 | YouTube Video - Motorola Electrify M Unboxing | IV-MMI-0110807 | IV-MMI-0110807 | FRE 402, 403, 701, 802, 901 |
| 612 | YouTube Video - Motorola Admiral Review | IV-MMI-0110808 | IV-MMI-0110808 | FRE 402, 403, 701, 802, 901 |
| 613 | YouTube Video - Motorola PHOTON 4G Review Part 1 | IV-MMI-0110809 | IV-MMI-0110809 | FRE 402, 403, 701, 802, 901 |
| 614 | YouTube Video - Motorola Admiral Review | IV-MMI-0110810 | IV-MMI-0110810 | FRE 402, 403, 701, 802, 901 |
| 615 | YouTube Video - Motorola Admiral Unboxing | IV-MMI-0110811 | IV-MMI-0110811 | FRE 402, 403, 701, 802, 901 |
| 616 | YouTube Video - Motorola Photon Q | IV-MMI-0110812 | IV-MMI-0110814 | FRE 402, 403, 701, 802, 901 |
| 627 | YouTube Video - Motorola PHOTON 4G Review Part 1 | IV-MMI-0110813 | IV-MMI-0110813 | FRE 402, 403, 701, 802, 901 |
| 618 | YouTube Video - Motorola Photon 4G Review | IV-MMI-0110814 | IV-MMI-0110814 | FRE 402, 403, 701, 802, 901 |
| 619 | YouTube Video - Motorola Photon Q 4G LTE Review Part 1 | IV-MMI-0110815 | IV-MMI-0110815 | FRE 402, 403, 701, 802, 901 |
| 620 | Finsky Universal Store - High Level Architecture | MMI-GOOG0001973 | MMI-GOOG0001974 | |
| 621 | Motorola Electrify - Project Summary | MMI-IV0001037 | MMI-IV0001040 | |
| 622 | Schematic Drawing - Photon | MMI-IV0001125 | MMI-IV0001155 | |
| 623 | MB853 Motorola Electrify - Theory of Operation Rev. 1.0 | MMI-IV0001156 | MMI-IV0001216 | |
| 624 | Motorola MB855 & MB853 Troubleshooting Guide | MMI-IV0001254 | MMI-IV0001383 | |
| 625 | IT Enterprise Android Apps: Plan and Updates, dated 4/2011 | MMI-IV0001511 | MMI-IV0001526 | |
| 626 | IT Enterprise Android Apps: Plan and Updates, dated 8/2011 | MMI-IV0001527 | MMI-IV0001539 | |

| | | | | |
|---|---|---|---|---|
| 627 | IT Enterprise Android Apps: Plan and Updates, dated 7/2011 | MMI-IV0001540 | MMI-IV0001562 | |
| 628 | IT Enterprise Android Apps: Plan and Updates, dated 6/2011 | MMI-IV0001563 | MMI-IV0001584 | |
| 629 | IT Enterprise Android Apps: Plan and Updates, dated 5/2011 | MMI-IV0001585 | MMI-IV0001604 | |
| 630 | IT Enterprise Android Apps: Plan and Updates, dated 11/2011 | MMI-IV0001605 | MMI-IV0001618 | |
| 631 | IT Enterprise Android Apps: Plan and Updates, dated 10/2011 | MMI-IV0001619 | MMI-IV0001632 | |
| 632 | IT Enterprise Android Apps: Plan and Updates, dated 9/2011 | MMI-IV0001633 | MMI-IV0001646 | |
| 633 | Motorola Atrix 2 (Edison UMTS) - Project Summary | MMI-IV0001733 | MMI-IV0001741 | |
| 634 | Motorola MD Service Engineering Process Guide - MB865/ME865 | MMI-IV0001742 | MMI-IV0001747 | |
| 635 | Motorola Atrix 2 - Schematic Diagram | MMI-IV0001807 | MMI-IV0001835 | |
| 636 | Motorola MB865/ME865 - Theory of Operation Rev. 1.0 | MMI-IV0001914 | MMI-IV0001962 | |
| 637 | MB865/ME865 Troubleshooting Guide | MMI-IV0001963 | MMI-IV0002053 | |
| 638 | Motorola Triumph - Project Summary | MMI-IV0003633 | MMI-IV0003640 | |
| 639 | WX435 CDMA Level 3 Circuit Descriptions, dated 3/2/2011, V1.0 | MMI-IV0003695 | MMI-IV0003726 | |
| 640 | WX435 Schematic | MMI-IV0003793 | MMI-IV0003823 | |
| 641 | Motorola Triumph - Project Summary | MMI-IV0003874 | MMI-IV0003877 | |
| 642 | Motorola Triumph - Tech Specifications | MMI-IV0003878 | MMI-IV0003880 | |
| 643 | Motorola Triumph - Getting Started Guide | MMI-IV0003881 | MMI-IV0003982 | |
| 644 | Motorola Triumph - User's Guide | MMI-IV0003983 | MMI-IV0004050 | FRE 402, 403, 701, 802, 901 |
| 645 | Motorola Admiral - Project Summary | MMI-IV0005025 | MMI-IV0005028 | |
| 646 | Motorola Admiral - Important Information for Motorola Admiral | MMI-IV0005029 | MMI-IV0005070 | |
| 647 | Schematic Drawing - XT806 RF Block Diagram | MMI-IV0005133 | MMI-IV0005135 | |
| 648 | Motorola Admiral - User Guide (Sprint) | MMI-IV0005317 | MMI-IV0005444 | FRE 402, 403, 701, 802, 901 |
| 649 | Motorola Atrix 4G (Olympus) NPI Dashboard - Project Summary | MMI-IV0005445 | MMI-IV0005458 | |
| 650 | Motorola Atrix 4G - Tech Specification | MMI-IV0005459 | MMI-IV0005462 | |
| 651 | Motorola Atrix 4G (Olympus) - Project Summary | MMI-IV0005512 | MMI-IV0005520 | |
| 652 | Motorola Atrix 4G (Olympus) - Project Summary | MMI-IV0005521 | MMI-IV0005533 | |
| 653 | Motorola Atrix 4G - User's Guide (AT&T) | MMI-IV0005534 | MMI-IV0005619 | FRE 402, 403, 701, 802, 901 |
| 654 | Motorola Atrix 4G - User's Guide (AT&T) | MMI-IV0005534 | MMI-IV0005619 | FRE 402, 403, 701, 802, 901 |
| 655 | Motorola Atrix 4G - Quickstart (AT&T) | MMI-IV0005620 | MMI-IV0005621 | |
| 656 | Motorola Atrix 4G - User's Guide (AT&T) | MMI-IV0005622 | MMI-IV0005687 | FRE 402, 403, 701, 802, 901 |
| 657 | Motorola MD Service Engineering Process Guide - MB860/ME860 | MMI-IV0005696 | MMI-IV0005702 | |

| | | | |
|---|---|---|---|
| 658 | Schematic Drawing - Atrix 4G | MMI-IV0005795 | |
| 659 | Motorola MB612 - Theory of Operation, Rev. 1.0 | MMI-IV0007807 | MMI-IV0007849 |
| 660 | Motorola XPRT (MB612) - Project Summary | MMI-IV0007936 | MMI-IV0007938 |
| 661 | Motorola XPRT - User Guide | MMI-IV0007939 | MMI-IV0008041 | FRE 402, 403, 701, 802, 901 |
| 662 | Motorola Milestone X - Schematic Drawings | MMI-IV0008076 | MMI-IV0008080 |
| 663 | XT701 Troubleshooting Guide: Repair Optimization, Service & Support, dated 8/1/2010 | MMI-IV0008158 | MMI-IV0008248 |
| 664 | Motorola Milestone XT720 / MOTOROI - Project Summary | MMI-IV0008262 | MMI-IV0008268 |
| 665 | Spreadsheet of Motorola product documentation | MMI-IV0008269 | MMI-IV0008269 |
| 666 | Motorola MD Service Engineering Process Guide - MB855 | MMI-IV0008270 | MMI-IV0008276 |
| 667 | Motorola Photon MB855 - Assembly Manual | MMI-IV0008277 | MMI-IV0008314 |
| 668 | Motorola Photon 4G - Product Documentation | MMI-IV0008783 | MMI-IV0008786 |
| 669 | Motorola Photon 4G - Product Documentation | MMI-IV0008787 | MMI-IV0008854 |
| 670 | Motorola Photon 4G - Project Summary | MMI-IV0008855 | MMI-IV0008859 |
| 671 | Motorola Photon 4G - User Guide (Sprint) | MMI-IV0008931 | MMI-IV0009082 | FRE 402, 403, 701, 802, 901 |
| 672 | Motorola Titanium - Field Service Manual: Basic and Field Level Test Procedures | MMI-IV0009088 | MMI-IV0009311 | FRE 402, 403, 802, 901 |
| 673 | Consumer Rate Free Apps and Ease of Discoverability as Most Important App Store Features, dated April 2012 | MMI-IV0018942 | MMI-IV0018967 | FRE 402, 403, 802, 901 |
| 674 | Experience Alignment Research: Platinum & Shadow - Full Qualitative Findings, dated 9/2009 | MMI-IV0019366 | MMI-IV0019420 | FRE 402, 403, 802, 901 |
| 675 | Motorola Atrix HD - Product Documentation (Edison HW Summary) | MMI-IV0063972 | MMI-IV0063972 |
| 676 | Motorola Atrix 2 - Tech Specifications | MMI-IV0064070 | |
| 677 | Motorola Atrix 2 - Schematic Diagram | MMI-IV0073247 | MMI-IV0073274 |
| 678 | Motorola Defy XT - Transfer GDFS between an ME and a PC | MMI-IV0081684 | MMI-IV0081685 |
| 679 | Motorola Defy XT - Transfer Software between an ME and a PC | MMI-IV0081686 | MMI-IV0081687 |
| 680 | Excel Chart - Testing | MMI-IV0099981 | MMI-IV0099981 | FRE 402, 403, 802, 901 |
| 681 | Sprint Release Notes, dated 3/5/2012 | MMI-IV0138897 | MMI-IV0138925 | FRE 402, 403, 802, 901 |
| 682 | 2011 Experience Software Roadmap, dated 10/7/2010 | MMI-IV0166804 | MMI-IV0166855 |
| 683 | Motorola Electrify - Schematic Diagrams | MMI-IV0167823 | MMI-IV0167864 |
| 684 | Sunfire Product/Program Operations Reviews, dated 2/9/2011 | MMI-IV0174276 | MMI-IV0174299 |
| 685 | Sprint Software Release Notes, Model: MB855, SW Build Version: 4.5.1A-1_SUN-154 SPIBUILD, dated 7/20/2011 | MMI-IV0174469 | MMI-IV0174478 |
| 686 | Excel Chart - Testing | MMI-IV0214300 | MMI-IV0214300 | FRE 402, 403, 802, 901 |
| 687 | Excel Chart - Testing | MMI-IV0214315 | MMI-IV0214315 | FRE 402, 403, 802, 901 |

| | | | | |
|---|---|---|---|---|
| 688 | Excel Chart - Testing | MMI-IV0214324 | MMI-IV0214324 | FRE 402, 403, 802, 901 |
| 689 | Excel Chart - Testing Document | MMI-IV0214520 | MMI-IV0214520 | FRE 402, 403, 802, 901 |
| 690 | Excel Chart - Testing Document | MMI-IV0214612 | MMI-IV0214612 | FRE 402, 403, 802, 901 |
| 691 | Sprint Software Release Notes, Model: MB612, dated 6/20/2012 | MMI-IV0214866 | MMI-IV0214878 | |
| 692 | Kronos - Technical Specification (XT612), dated 1/28/2011 | MMI-IV0214881 | MMI-IV0215059 | |
| 693 694 | Motorola Electrify - Sunfire WE (800/1900) - Electrify Specification Sheet | MMI-IV0217202-MMI-IV0217203 | | |
| 695 | Motorola MB860 [Evora] with MOTOBLUR UMTS AT&T User Guide / Help 2010 Sep 24 | MMI-IV0605437 | MMI-IV0605500 | |
| 696 | Excel Chart - Testing Document | MMI-IV0667013 | MMI-IV0667013 | FRE 402, 403, 802, 901 |
| 697 | Motorola Atrix HD - Project Summary | MMI-IV0952683 | MMI-IV0952688 | |
| 698 | Motorola Electrify 2 - Project Summary | MMI-IV0953222 | MMI-IV0953225 | |
| 699 | MT887 / XT881 / XT885 / XT886 Assembly Manual (revision 1.2), dated 6/27/2012 | MMI-IV0953232 | MMI-IV0953266 | |
| 700 | Motorola XT886 - Project Summary | MMI-IV0961142 | MMI-IV0961147 | |
| 701 | Motorola RAZR V - Project Summary | MMI-IV0961142 | MMI-IV0961147 | FRE 402, 403 |
| 702 | GMS Package Release | MMI-IV0977979 | MMI-IV0977979 | |
| 703 | GMS Package Release | MMI-IV0977980 | MMI-IV0977980 | |
| 704 | Android 2.1 GMS Release Notes | MMI-IV0977981 | MMI-IV0977982 | |
| 705 | Android 2.2 GMS Release Notes | MMI-IV0977983 | MMI-IV0977983 | |
| 706 | Android 2.3 GMS Release Notes | MMI-IV0977984 | MMI-IV0977985 | |
| 707 | Android  3.1 GMS Release Notes | MMI-IV0977986 | MMI-IV0977986 | |
| 708 | Android  3.2 GMS Release Notes | MMI-IV0977987 | MMI-IV0977987 | |
| 709 | Android  4.0 GMS Release Notes | MMI-IV0977988 | MMI-IV0977999 | |
| 710 | Android 4.1.x (Jelly Bean) Release Notes | MMI-IV0978000 | MMI-IV0978005 | |
| 711 | Android 4.1.x (Jelly Bean MR1) Release Notes | MMI-IV0978006 | MMI-IV0978006 | |
| 712 | Android 4.1.x (Jelly Bean) Release Notes | MMI-IV0978022 | MMI-IV0978029 | |
| 713 | Google Alliance Website | MMI-IV0978032 | MMI-IV0978034 | |
| 714 | Press Release: CIS Information, dated 3/8/1994 | MMI-IV0978329 | MMI-IV0978337 | |
| 715 | GMS Mandatory Apps - Google Alliance Website | MMI-IV1050079 | MMI-IV1050079 | |
| 716 | Handwritten notes regarding conception of '054 and '464 patents (TEL000001-TEL000020) | Reisman0018760 | Reisman0018779 | FRE 402, 403, 802 |
| 717 | Transporter Facility Application Program Interface (API), Client/server Protocol, and Usage Examples, Draft 10/31/93 (TEL000021-TEL000029) | Reisman0020345 | Reisman0020353 | FRE 402, 403, 802 |
| 718 | Transporter Facility Application Program Interface (API), Client/server Protocol, and Usage Examples, Draft #2 11/4/93 (TEL000030-TEL000039) | Reisman0021226 | Reisman0021239 | FRE 402, 403, 802 |
| 719 | Transporter Facility Application Program Interface (API), Client/server Protocol, and Usage Examples, Draft #2 11/3/93 (TEL000040-TEL000050) | Reisman0022239 | Reisman0022249 | FRE 402, 403, 802 |
| 720 | Handwritten notes, dated 2/6/1993 (TEL000072) | Reisman0025488 | Reisman0025488 | FRE 402, 403, 802 |
| 721 | Handwritten notes, dated 2/21/1994 (TEL000073) | Reisman0025489 | Reisman0025489 | FRE 402, 403, 802 |

| | | | | |
|---|---|---|---|---|
| 722 | Press Release: DYNASHUTTLE Offers Shortcut to Information Highways New Service Links CD-ROMs to Online Updates, dated 8/1/1994 | Reisman0027911 | Reisman0027918 | FRE 402, 403, 802 |
| 723 | Dynashuttle - Product and Service Overview | Reisman0028953 | Reisman0028956 | FRE 402, 403, 802 |
| 724 | Dynashuttle - Company Backgrounder (TEL000108-TEL000111) | Reisman0029114 | Reisman0029117 | FRE 402, 403, 802 |
| 725 | Teleshuttle - Mass Transit on the Info-Highway Now (TEL000112-TEL000113) | Reisman0029774 | Reisman0029775 | FRE 402, 403, 802 |
| 726 | Teleshuttle - Electronic Delivery Made Easy (TEL000115-TEL000116) | Reisman0029822 | Reisman0029823 | FRE 402, 403, 802 |
| 727 | Teleshuttle - Electronic Delivery Made Easy (TEL000117-TEL000123) | Reisman0030051 | Reisman0030056 | FRE 402, 403, 802 |
| 728 | Tleeshuttle - Enhanced CD MusicShuttle Concept (TEL000124-TEL000125) | Reisman0030750 | Reisman0030751 | FRE 402, 403, 802 |
| 729 | Richard R. Reisman, CD-ROM/Online Hybrids - The Missing Link, dated April 1995 (TEL000126-TEL000130) | Reisman0031199 | Reisman0031203 | FRE 402, 403, 802 |
| 730 | Dynashuttle - Inquiry Logs (TEL000261-TEL000433) | Reisman0044558 | Reisman0044730 | FRE 402, 403, 802 |
| 731 | Letter dated 3/15/1995 from Richard Reisman to Harry Chesley (Macromedia) re: interest in integrating online access software and services into Director (TEL000434-TEL000435) | Reisman0053515 | Reisman0053516 | FRE 402, 403, 802 |
| 732 | Dynashuttle - Inquiry Logs (TEL000436-TEL000488) | Reisman0053517 | Reisman0053569 | FRE 402, 403, 802 |
| 733 | Dynashuttle - Inquiry Logs (TEL000490-TEL000499) | Reisman0053571 | Reisman0053580 | FRE 402, 403, 802 |
| 734 | Dynashuttle - Inquiry Logs (TEL000501-TEL000541) | Reisman0053582 | Reisman0053622 | FRE 402, 403, 802 |
| 735 | Letter dated 9/1/1995 from Richard Reisman to Don Muller re non-disclosure agreement (TEL000542-TEL000543) | Reisman0053623 | Reisman0053624 | FRE 402, 403, 802 |
| 736 | Dynashuttle - Inquiry Logs (TEL000544-TEL000559) | Reisman0053625 | Reisman0053640 | FRE 402, 403, 802 |
| 737 | Letter dated 7/1/1996 from Richard Reisman to Scott Randall (Media Designs) (TEL000560-TEL000561) | Reisman0053641 | Reisman0053642 | FRE 402, 403, 802 |
| 738 | Letter dated 5/22/1995 from Richard Reisman to Len Jordan (Creative Multimedia) (TEL000562) | Reisman0053643 | Reisman0053643 | FRE 402, 403, 802 |
| 739 | Business Summary - Development of Business Based on Patent Rights for Automated Internet Delivery, dated 6/30/1997 (TEL035030-TEL035041) | Reisman0053789 | Reisman0053800 | FRE 402, 403, 802 |
| 740 | Dynashuttle - Preliminary Outline Business Plan, dated 6/27/1994 (TEL115137-TEL115142) | Reisman0087367 | Reisman0087372 | FRE 402, 403, 802 |
| 741 | Letter dated 4/28/1995 from James Monaco to Richard Reisman re preliminary agreement to license Teleshuttle software for the Blockbuster disc project (with attachments) (TEL000074-TEL000076) | Reisman0110026 | Reisman0110049 | FRE 402, 403, 802 |
| 742 | Teleshuttle - Mass Transit on the Info-Highway Now (TEL000112-TEL000113) | Reisman0110064 | Reisman0110065 | FRE 402, 403, 802 |
| 743 | Teleshuttle - Landmark Developments (TEL000132) | Reisman0110084 | Reisman0110084 | FRE 402, 403, 802 |
| 744 | Blockbuster Video Guide to Movies and Videos - The only CD-ROM Movie Guide with Monthly Electronic Updates (TEL000133) | Reisman0110085 | Reisman0110085 | FRE 402, 403, 802 |

| | | | | |
|---|---|---|---|---|
| 745 | Dynashuttle - Inquiry Logs (TEL000134-TEL000260) | Reisman0110086 | Reisman0110212 | FRE 402, 403, 802 |
| 746 | Teleshuttle Views Plug-in for CD/Online Updates, Revised 1/11/1996 (TEL000533-TEL000534) | Reisman0110485 | Reisman0110486 | FRE 402, 403, 802 |
| 747 | Motorola Photon 4G - User Guide (Sprint) | SPRINT000001 | SPRINT000155 | FRE 402, 701, 802, 901 |
| 748 | Motorola XPRT - User Guide | SPRINT000206 | SPRINT000293 | FRE 402, 701, 802, 901 |
| 749 | Download and Install an Application | SPRINT000294 | SPRINT000355 | FRE 402, 701, 802, 901 |
| 750 | Motorola Admiral - User Guide (Sprint) | SPRINT000535 | SPRINT000690 | FRE 402, 701, 802, 901 |
| 751 | Motorola Titanium - User Guide | SPRINT001028 | SPRINT001200 | FRE 402, 701, 802, 901 |
| 752 | Motorola Triumph - User's Guide | SPRINT001201 | SPRINT001268 | FRE 402, 701, 802, 901 |
| 753 | Motorola XPRT - User Guide | SPRINT001269 | SPRINT001371 | FRE 402, 701, 802, 901 |
| 754 | Android User's Guide, including for version 2.3.4 | SPRINT002097 | SPRINT002480 | FRE 402, 701, 802, 901 |
| 755 | Link Level Frame Types | TEL000051 | TEL000071 | FRE 402, 403, 802 |
| 756 | Schedule D - To Operators Supplementary Agreement with UNET | TEL000075 | TEL000076 | FRE 402, 403, 802 |
| 757 | Handwritten notes - TS Logs | TEL000077 | TEL000077 | FRE 402, 403, 802 |
| 758 | Teleshuttle - Master Purchase, License and Service Agreement, dated 4/28/1995 | TEL000078 | TEL000089 | FRE 402, 403, 802 |
| 759 | Operators Supplemental Agreement - To Teleshuttle Master Purchase, License and Service Agreement | TEL000090 | TEL000093 | FRE 402, 403, 802 |
| 760 | Teleshuttle - Press Release: Offers Shortcut to Information Highways New Service Links CD-ROMs to Online Updates, dated 8/1/1994 | TEL000096 | TEL000103 | FRE 402, 403, 802 |
| 761 | Dynashuttle - Product and Service Overview | TEL000104 | TEL000107 | FRE 402, 403, 802 |
| 762 | Dynashuttle - Company Backgrounder | TEL000108 | TEL000111 | FRE 402, 403, 802 |
| 763 | Making Money with Teleshuttle | TEL000114 | TEL000114 | FRE 402, 403, 802 |
| 764 | Teleshuttle - Advanced Consulting Service | TEL000131 | TEL000260 | FRE 402, 403, 802 |
| 765 | Communication CD-ROMs Made Easy, dated 2/27/1995 | TEL033996 | TEL034016 | FRE 402, 403, 802 |
| 766 | Communication CD-ROMs Made Easy, dated 2/27/1995 (with handwritten annotations) | TEL034140 | TEL034161 | FRE 402, 403, 802 |
| 767 | API Release 1.0 for Windows - Technical Reference, Pre-Release Draft 0.4, Working Copy, dated 2/13/1995 | TEL034765 | TEL034797 | FRE 402, 403, 802 |
| 768 | API Release 1.0 for Windows - Technical Reference, Pre-Release Draft 0.2, Working Copy, dated 2/13/1995 | TEL034798 | TEL034827 | FRE 402, 403, 802 |
| 769 | API Release 1.0 for Windows - Technical Reference, Pre-Release Draft 0.1, Working Copy, dated 9/12/1994 | TEL034859 | TEL034866 | FRE 402, 403, 802 |
| 770 | Dynashuttle - Product Applications, dated 8/1/1994 | TEL038417 | TEL038418 | FRE 402, 403, 802 |
| 771 | Teleshuttle - Technical Overview (with handwritten annotations) | TEL038979 | TEL038979 | FRE 402, 403, 802 |
| 772 | Dynashuttle - Application Usage Examples, Pre-Release Draft 0.1 Working Copy, dated 9/12/1994 | TEL039323 | TEL039328 | FRE 402, 403, 802 |

| 773 | Dynashuttle - Technical Features (with handwritten notes), dated 8/1/1994 | TEL039331 | TEL039332 | FRE 402, 403, 802 |
|---|---|---|---|---|
| 774 | Dynashuttle - Application Program Interface (API) Functional Overview, Draft 6/10/1994 | TEL039373 | TEL039373 | FRE 402, 403, 802 |
| 775 | Source Code | TEL096248 | TEL096332 | FRE 402, 403, 802, 901 |
| 776 | Teleshuttle - API Release 1.1 for Windows - Technical Reference, Version 1.1, June 26, 1995 | TEL097141 | TEL097179 | FRE 402, 403, 802 |
| 777 | Source Code | TEL097414 | TEL0974501 | FRE 402, 403, 802, 901 |
| 778 | Source Code | TEL111043 | TEL111102 | FRE 402, 403, 802, 901 |
| 779 | Fax dated 11/14/1994 from Mike Rauch to Richard Reisman re Teleshuttle created functional prototype | TEL127112 | TEL127114 | FRE 402, 403, 802 |
| 780 | Motorola Defy XT - User's Guide | USCC_IVMT_0000335 | USCC_IVMT_0000394 | FRE 802, 901 |
| 781 | Motorola Electrify - User's Manual | USCC_IVMT_0000395 | USCC_IVMT_0000470 | FRE 802, 901 |
| 782 | Motorola Electrify - User's Guide (US Cellular) | USCC_IVMT_0000471 | USCC_IVMT_0000534 | FRE 802, 901 |
| 783 | Excel Chart - Testing Document | USCC_IVMT_000124 | USCC_IVMT_000124 | FRE 402, 403, 802, 901 |
| 784 | Excel Chart - Testing Document | USCC_IVMT_000125 | USCC_IVMT_000125 | FRE 402, 403, 802, 901 |
| 785 | Excel Chart - Testing Document | USCC_IVMT_000126 | USCC_IVMT_000126 | FRE 402, 403, 802, 901 |
| 786 | Excel Chart - Testing Document | USCC_IVMT_000127 | USCC_IVMT_000127 | FRE 402, 403, 802, 901 |
| 787 | Excel Chart - Testing Document | USCC_IVMT_000128 | USCC_IVMT_000128 | FRE 402, 403, 802, 901 |
| 788 | Apps Stats Update - Enhanced Visual Hierarchy, Kirkpatrick Dep. Ex. 3 | MMI-GOOG0001754 | MMI-GOOG0001754 | |
| 789 | Android - Publishing Overview, Kirkpatrick Dep. Ex. 4 | N/A | N/A | |
| 790 | Android - Publishing Checklist for Google Play, Kirkpatrick Dep. Ex. 5 | N/A | N/A | |
| 791 | Android - Preparing for Release, Kirkpatrick Dep. Ex. 6 | N/A | N/A | |
| 792 | Android - PackageInfo, Kirkpatrick Dep. Ex. 7 | N/A | N/A | |
| 793 | Android - PackageInfo, Kirkpatrick Dep. Ex. 8 | N/A | N/A | |
| 794 | The AndroidManifest.xml File, Kirkpatrick Dep. Ex. 9 | N/A | N/A | |
| 795 | Android - PackageManager, Kirkpatrick Dep. Ex. 10 | N/A | N/A | |
| 796 | Android - Building and Running, Kirkpatrick Dep. Ex. 11 | N/A | N/A | |
| 797 | Android - APK Expansion Files, Kirkpatrick Dep. Ex. 12 | N/A | N/A | |
| 798 | Source Code - DS707_PKT_MGR1.H | MMI-IV-SC0001582 | MMI-IV-SC0001594 | |
| 799 | Email Correspondence from Alton Absher to Yakov Zolotorev et al on 4/19/13 | N/A | N/A | FRE 402, 403, 802 |
| 800 | Email Correspondence from Alton Absher to Yakov Zolotorev et al on 4/26/13 attaching PDF table reflecting verisons and releases of Android Market and Google Play | N/A | N/A | FRE 402, 403, 802 |
| 801 | Source Code - DfeBulkDetails.java | MMI-IV-SC0000001 | MMI-IV-SC0006969 | |
| 802 | Source Code - BulkDetailsAction.java | MMI-IV-SC0000001 | MMI-IV-SC0006969 | |
| 803 | Source Code - MyAppsInstalledAdapter.java | MMI-IV-SC0000001 | MMI-IV-SC0006969 | |

| | | | |
|---|---|---|---|
| 804 | Source Code - InstallPolicies.java | MMI-IV-SC0000001 | MMI-IV-SC0006969 | |
| 805 | Source Code - NavigationManager.java | MMI-IV-SC0000001 | MMI-IV-SC0006969 | |
| 806 | Source Code - VendingApi.java | MMI-IV-SC0000001 | MMI-IV-SC0006969 | |
| 807 | Source Code - MyDownloadsAdapter.java | MMI-IV-SC0000001 | MMI-IV-SC0006969 | |
| 808 | Source Code - PackageInfoCache.java | MMI-IV-SC0000001 | MMI-IV-SC0006969 | |
| 809 | Source Code - NavigatonManager.java | MMI-IV-SC0000001 | MMI-IV-SC0006969 | |
| 810 | Source Code - DetailsSummaryAppViewBinder.java | MMI-IV-SC0000001 | MMI-IV-SC0006969 | |
| 811 | Source Code - DfeApiImpl.java | MMI-IV-SC0000001 | MMI-IV-SC0006969 | |
| 812 | Source Code - PurchaseAction.java | MMI-IV-SC0000001 | MMI-IV-SC0006969 | |
| 813 | Source Code - DeliveryAction.java | MMI-IV-SC0000001 | MMI-IV-SC0006969 | |
| 814 | Source Code - InstallerTask.java | MMI-IV-SC0000001 | MMI-IV-SC0006969 | |
| 815 | Source Code - Gdiff.java | MMI-IV-SC0000001 | MMI-IV-SC0006969 | |
| 816 | Source Code - PackageManagerHelper.java | MMI-IV-SC0000001 | MMI-IV-SC0006969 | |
| 817 | Source Code - PackageManagerUtils.java | MMI-IV-SC0000001 | MMI-IV-SC0006969 | |
| 818 | Source Code | MMI-GOOG-SC0000208 | MMI-GOOG-SC0000233 | |
| 819 | Source Code | MMI-GOOG-SC0000013 | MMI-GOOG-SC0000013 | |
| 820 | Source Code | MMI-GOOG-SC0000452 | MMI-GOOG-SC0000471 | |
| 821 | Source Code | MMI-GOOG-SC0000437 | MMI-GOOG-SC0000440 | |
| 822 | Source Code | MMI-GOOG-SC0000186 | MMI-GOOG-SC0000206 | |
| 823 | Declaration of Thomas Nguyen | IV-MMI-0111178 | IV-MMI-0111182 | FRE 402, 403, 802, 901 |
| 824 | Declaration of Thomas A. Bedics | N/A | N/A | FRE 402, 403, 802, 901 |
| 825 | Screenshot entitled "Add Your Google Play Credit Now," Von Ruff Dep. Ex. 4 | N/A | N/A | |
| 826 | Motorola Atrix 4G - User's Guide, Von Ruff Dep. Ex. 5 | MMI-IV00005534 | MMI-IV0005619 | FRE 402, 403, 701, 802, 901 |
| 827 | Certified File History - U.S. Patent No. 6,227,669 | IV-MMI-0107210 | IV-MMI-0107461 | |
| 828 | Certified File History - U.S. Patent No. 5,694,546 (08/251,724) | IV-MMI-0106627 | IV-MMI-0107209 | |
| 829 | Certified File History - U.S. Patent No. 5,420,820 (08/251,824) | IV-MMI-0095804 | IV-MMI-0096246 | |
| 839 | Certified File History - U.S. Patent No. 6,125,388 (08/982,157) | IV-MMI-0105213 | IV-MMI-0106626 | |
| 831 | Certified File History - U.S. Patent No. 6,594,692 (08/641,010) (Part 1 of 7) | IV-MMI-0121362 | IV-MMI-0124273 | |
| 832 | Certified File History - U.S. Patent No. 6,594,692 (08/641,010) (Part 2 of 7) | IV-MMI-0113938 | IV-MMI-0114263 | |
| 833 | Certified File History - U.S. Patent No. 6,594,692 (Part 2 of 7) | IV-MMI-0114692 | IV-MMI-0114724 | |
| 834 | Certified File History - U.S. Patent No. 6,594,692 (08/641,010) (Part 3 of 7) | IV-MMI-0117443 | IV-MMI-0117751 | |
| 835 | Certified File History - U.S. Patent No. 6,594,692 (08/641,010) (Part 4 of 7) | IV-MMI-0117752 | IV-MMI-0118173 | |

| | | | |
|---|---|---|---|
| 836 | Certified File History - U.S. Patent No. 6,594,692 (08/641,010) (Part 5 of 7) | IV-MMI-0120093 | IV-MMI-0120488 | |
| 837 | Certified File History - U.S. Patent No. 6,594,692 (08/641,010) (Part 6 of 7) | IV-MMI-0119367 | IV-MMI-0119762 | |
| 838 | Certified File History - U.S. Patent No. 6,594,692 (08/641,010) (Part 7 of 7) | IV-MMI-0120974 | IV-MMI-0121361 | |
| 839 | Certified Patent Assignment Record - U.S. Application No. 60/128,138, dated 4/7/1999 | IV-MMI-0097957 | IV-MMI-0097969 | |
| 840 | Certified File History - U.S. Patent No. 6,219,669 (Part 1 of 9) | IV-MMI-0112944 | IV-MMI-0113357 | |
| 841 | Certified File History - U.S. Patent No. 6,219,669 (Part 2 of 9) | IV-MMI-0114264 | IV-MMI-0114691 | |
| 842 | Certified File History - U.S. Patent No. 6,219,669 (Part 3 of 9) | IV-MMI-0111664 | IV-MMI-0112067 | |
| 843 | Certified File History - U.S. Patent No. 6,219,669 (Part 4 of 9) | IV-MMI-0112068 | IV-MMI-0112478 | |
| 844 | Certified File History - U.S. Patent No. 6,219,669 (Part 5 of 9) | IV-MMI-0112507 | IV-MMI-0112825 | |
| 845 | Certified File History - U.S. Patent No. 6,219,669 (Part 6 of 9) | IV-MMI-0114725 | IV-MMI-0115080 | |
| 846 | Certified File History - U.S. Patent No. 6,219,669 (Part 7 of 9) | IV-MMI-0115081 | IV-MMI-0115493 | |
| 847 | Certified File History - U.S. Patent No. 6,219,669 (Part 8 of 9) | IV-MMI-0116101 | IV-MMI-0116484 | |
| 848 | Certified File History - U.S. Patent No. 6,219,669 (Part 9 of 9) | IV-MMI-0116485 | IV-MMI-0116820 | |
| 849 | Certified File History - U.S. Patent No. 6,442,571 (Part 1 of 12) | IV-MMI-0115494 | IV-MMI-0115808 | |
| 850 | Certified File History - U.S. Patent No. 6,442,571 (Part 2 of 12) | IV-MMI-0115809 | IV-MMI-0116100 | |
| 851 | Certified File History - U.S. Patent No. 6,442,571 (Part 3 of 12) | IV-MMI-0117443 | IV-MMI-0117751 | |
| 852 | Certified File History - U.S. Patent No. 6,442,571 (Part 4 of 12) | IV-MMI-0118174 | IV-MMI-0118489 | |
| 853 | Certified File History - U.S. Patent No. 6,442,571 (Part 5 of 12) | IV-MMI-0116821 | IV-MMI-0117135 | |
| 854 | Certified File History - U.S. Patent No. 6,442,571 (Part 6 of 12) | IV-MMI-0117136 | IV-MMI-0117442 | |
| 855 | Certified File History - U.S. Patent No. 6,442,571 (Part 7 of 12) | IV-MMI-0119763 | IV-MMI-0120092 | |
| 8566 | Certified File History - U.S. Patent No. 6,442,571 (Part 8 of 12) | IV-MMI-0118796 | IV-MMI-0119099 | |
| 857 | Certified File History - U.S. Patent No. 6,442,571 (Part 9 of 12) | IV-MMI-0118490 | IV-MMI-0118795 | |
| 858 | Certified File History - U.S. Patent No. 6,442,571 (Part 10 of 12) | IV-MMI-0119100 | IV-MMI-0119366 | |
| 859 | Certified File History - U.S. Patent No. 6,442,571 (Part 11 of 12) | IV-MMI-0120489 | IV-MMI-0120736 | |

| | | | | |
|---|---|---|---|---|
| 860 | Certified File History - U.S. Patent No. 6,442,571 (Part 12 of 12) | IV-MMI-0120737 | IV-MMI-0120973 | |
| 861 | Certified File History - U.S. Patent No. 7,263,528 (10/167,697) | IV-MMI-0107462 | IV-MMI-0108233 | |
| 862 | Certified File History - U.S. Patent No. 7,536,554 (10/657,221) | IV-MMI-0110325 | IV-MMI-0110784 | |
| 863 | Certified Patent Assignment Record - U.S. Application No. 60/100,962, dated 9/17/1998 | IV-MMI-0097758 | IV-MMI-0097856 | |
| 864 | Certified Patent Assignment Record - U.S. Application No. 60/085,427, dated 5/14/1998 | IV-MMI-0097565 | IV-MMI-0097679 | |
| 865 | Certified Patent Assignment Record - U.S. Application No. 60/065,533, dated 11/13/1997 | IV-MMI-0098623 | IV-MMI-0098851 | |
| 866 | Certified File History - U.S. Patent No. 6,862,622 (09/349,477) | IV-MMI-0108435 | IV-MMI-0110237 | |
| 867 | Certified Patent Assignment Record - U.S. Application No. 60/092,452, dated 7/10/1998 | IV-MMI-0097718 | IV-MMI-0097749 | |
| 868 | CV of Jason Nieh | N/A | N/A | |
| 869 | CV of Donald Alpert | N/A | N/A | |
| 870 | CV of Darren Cairns | N/A | N/A | |
| 871 | CV of Hugh Smith | N/A | N/A | |
| 872 | CV of Jerry Gibson | N/A | N/A | |
| 873 | CV of Dave Stewart | N/A | N/A | |

## **EXHIBIT 8**

## **DEFENDANT'S LIST OF EXHIBITS IT MAY OFFER AT TRIAL**

| DTX | DESCRIPTION | BEGBATES | ENDBATES | IV's Objections |
|---|---|---|---|---|
| 1 | Multimedia Messaging Service Client Transactions | IV-MMI0079699 | IV-MMI0079753 | |
| 2 | Multimedia Messaging Service Encapsulation Protocol | IV-MMI0079754 | IV-MMI0079820 | |
| 3 | Thumb Drive | N/A | N/A | FRE 402; FRE 403; FRE 802; FRE 901 |
| 4 | AT&T Document 10776 Version 10.5 Lab and Field Test Requirements | N/A | N/A | FRE 402; FRE 403; FRE 802; FRE 901 |
| 5 | Test Report - Motorola XT897 Asanti v66 | N/A | N/A | FRE 402; FRE 403; FRE 802; FRE 901 |
| 6 | Test Report - Motorola MB855 Sunfire v87 | N/A | N/A | FRE 402; FRE 403; FRE 802; FRE 901 |
| 7 | Test Report - Motorola MB603 Pax v78 | N/A | N/A | FRE 402; FRE 403; FRE 802; FRE 901 |
| 8 | AT&T Document 10776 Version 10.5 Device Integrity and Reliability Test | N/A | N/A | FRE 402; FRE 403; FRE 802; FRE 901 |
| 9 | 4.3 Handset Network Interactive Core Features | N/A | N/A | FRE 402; FRE 403; FRE 802; FRE 901 |
| 10 | Test Report - Motorola MB612 - Kronos v88 | N/A | N/A | FRE 402; FRE 403; FRE 802; FRE 901 |
| 11 | AT&T Document 10776 Version 10.6 Lab and Field Test Requirements | N/A | N/A | FRE 402; FRE 403; FRE 802; FRE 901 |
| 12 | AT&T Document 10776 Version 10.6 Lab and Field Test Requirements | N/A | N/A | FRE 402; FRE 403; FRE 802; FRE 901 |
| 13 | Text Messaging - Using Message Details to debug MMS Issues | MMI-IV1011805 | MMI-IV1011806 | FRE 402; FRE 403; FRE 802; FRE 901 |

| 14 | Text Messaging - Voice call while Sending/Receiving MMS | MMI-IV1011814 | MMI-IV1011815 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 15 | US Patent Application US 2012/0170204 A1 - Ahn | N/A | N/A | |
| 16 | Notice of Acceptance of Power of Attorney | N/A | N/A | FRE 402; FRE 403; FRE 802; FRE 901 |
| 17 | US Patent 5,436,857 - Nelson | N/A | N/A | |
| 18 | US Patent 7,549,007 - Smith | N/A | N/A | |
| 19 | Certified Copy of Provisional Application No. 60/092,452 | IV-MMI0097718 | IV-MMI0097749 | |
| 20 | Malibu Networks WINAAR System Architecture | JORGENSEN0058 44 | JORGENSEN00 5853 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 21 | Motorola Lapdock 100 Product Brochure | N/A | N/A | |
| 22 | Materials or Methods Specifications for LapDock | MMI-IV0024131 | MMI-IV0024151 | |
| 23 | Lapdock 1.5 Product Brochure | MMI-IV0001722 | MMI-IV0001729 | |
| 24 | Materials or Methods Specifications for LapDock 2.0 Standard | MMI-IV0017150 | MMI-IV0017181 | |
| 25 | Materials or Methods Specifications for LapDock 2.0 Premium (Lapdock 500 Pro) | MMI-IV0017012 | MMI-IV0017043 | |
| 26 | US Patent 6,148,183 - Higdon | N/A | N/A | FRE 402; FRE 403; FRE 802; FRE 901 |
| 27 | Assembly -- Exploded View - 72014608006 | MMI-IV0021579 | MMI-IV0021585 | |
| 28 | Material or Methods Specifications 72014055003 | MMI-IV0950796 | MMI-IV0950871 | |

| 29 | Claim Chart re Motorola XPRT - '953 Patent | N/A | N/A | FRE 402; FRE 403; FRE 802; FRE 901 |
|----|---|---|---|---|
| 30 | Module Assembly - 72014604002 | MMI-IV0021539 | MMI-IV0021546 | |
| 31 | Material or Methods Specifications - 71014250002 | MMI-IV0950524 | MMI-IV0950598 | |
| 32 | US Patent 6,104,454 - Hiyama | N/A | N/A | |
| 33 | Japanese Patent No. H3-6525 - Mukasa - English Translation | MMI-IV0021143 | MMI-IV0021147 | |
| 34 | Japaense Patent No. H3-6525 - Mukasa | MMI-IV1093427 | MMI-IV1093431 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 35 | Certificate of Translation for H3-6525 | MMI-IV1093894 | MMI-IV1093894 | |
| 36 | US Patent 6,559,911 - Arakawa | N/A | N/A | FRE 402; FRE 403; FRE 802; FRE 901 |
| 37 | US Patent 5,499,112 - Kawai | N/A | N/A | FRE 402; FRE 403; FRE 802; FRE 901 |
| 38 | 2001-12-03 Office Action re App No. 09/411,625 | N/A | N/A | |
| 39 | 2002-02-27 Amendment re App No. 09/411.625 | N/A | N/A | |
| 40 | PCT No. WO 95/17692 | N/A | N/A | FRE 402; FRE 403; FRE 802; FRE 901 |
| 41 | IV Org Chart | IV-MMI0000402 | IV-MMI0000402 | FRE 402; FRE 403 |
| 42 | IV - Peter Detkin Background | N/A | N/A | |
| 43 | Funds - Intellectual Ventures Web Page | N/A | N/A | |
| 44 | Malibu Networks - Acquisition Info | IV-MMI0058650 | IV-MMI0058650 | FRE 402; FRE 403; FRE 802; FRE 901 |

| 45 | 6,862,622 Overview - TCP/IP Packet-Centric Wireless Point to Multi-Point Transmission System Architecture | IV-MMI0007620 | IV-MMI0007621 | FRE 402; FRE 403; FRE 802; FRE 901 |
|----|----|----|----|----|
| 46 | Claim Chart for US 7,409,450 | IV-MMI0013508 | IV-MMI0013513 | FRE 402; FRE 403; FRE 802; FRE 901; Motorola's Statement of Open Issues re: Standards Reads |
| 47 | US 6,640,248 Jorgensen Presentation | IV-MMI0054076 | IV-MMI0054115 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 48 | InternetExpress:  An Inter-Desktop Multimedia Data-Transfer Service | N/A | N/A | FRE 402; FRE 403; FRE 802; FRE 901 |
| 49 | US Patent 6,046,980 - Packer | MMI-IV0990351 | MMI-IV0990383 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 50 | CyberSwitch, Inc. Business Plan | MMI-IV1090281 | MMI-IV1090308 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 51 | Data Communications - Hot Products - The Brightest Ideas in Networking | MMI-IV1090324 | MMI-IV1090332 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 52 | PacketShaper - the Internet Traffic Management Solution | MMI-IV1090381 | MMI-IV1090384 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 53 | Packeteer Business Plan | MMI-IV1090349 | MMI-IV1090371 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 54 | PolicyEngine Product Overview, CyberSwitch, Inc. | MMI-IV1090404 | MMI-IV1090425 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 55 | PacketShaper Data Sheet | MMI-IV0990573 | MMI-IV0990575 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 56 | PacketShaper FAQ | MMI-IV0990576 | MMI-IV0990579 | FRE 402; FRE 403; FRE 802; FRE 901 |

| 57 | Provisional Patent Application - Method for Automatically Classifying Traffic in a Policy Based Bandwidth Allocation System | MMI-IV1078779 | MMI-IV1048811 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 58 | US Patent 6,026,366 - Grube | MMI-IV0950189 | MMI-IV0950195 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 59 | US Patent 5,201,067 - Grube | MMI-IV0950159 | MMI-IV0950165 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 60 | Notice of Allowance re 08/950,502 | N/A | N/A | FRE 402; FRE 403; FRE 802; FRE 901 |
| 61 | Notice of References Cited re 08/950,502 | N/A | N/A | FRE 402; FRE 403; FRE 802; FRE 901 |
| 62 | Motorola marked up Field of Invention including schematic | N/A | N/A | FRE 402; FRE 403; FRE 802; FRE 901 |
| 63 | Pebble Partners LLC - Patent Valuation Analysis | IV-MMI0073232 | IV-MMI0073237 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 64 | Amendment - Patent Purchase Agreement - Hyperspace Communications & Hyperspace Holdings LLC | IV-MMI0005226 | IV-MMI0005241 | |
| 65 | 2007-12-24 Ltr from M Haff to G Ellis re Consulting | IV-MMI0017607 | IV-MMI0017608 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 66 | US Patent 8,185,736 - Haff | N/A | N/A | FRE 402; FRE 403; FRE 802; FRE 901 |
| 67 | 2011-09-19 Office Action re 12/661,754 | N/A | N/A | |
| 68 | 2011-12-07 Amendment re 12/661,754 | N/A | N/A | |
| 69 | WareOnEarth Background | 144PATENT0002762 | 144PATENT0002795 | FRE 402; FRE 403; FRE 802; FRE 901 |

| 70 | Questions for WareOnEarth segment | 144PATENT0002803 | 144PATENT0002809 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 71 | Inventor Agreement - IV Management LLC and Reisman | IV-MMI0045888 | IV-MMI0045899 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 72 | Acquisition Notice - Van Drebbel Mariner LLC | IV-MMI0019871 | IV-MMI0019875 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 73 | Acquisition Notice - Hyperspace | IV-MMI0020006 | IV-MMI0020012 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 74 | Notarial Certificate - Merger of Van Drebbel and IV I | IV-MMI0030849 | IV-MMI0030851 | |
| 75 | Agreement of Merger - IV II and Zhi Graser Pte., LLC | IV-MMI0048617 | IV-MMI0048619 | |
| 76 | Certificate of Merger - IV II and Zhi Graser Pte., LLC | IV-MMI0048620 | IV-MMI0048620 | |
| 77 | Acquisition Notice - Khyber Technologies | IV-MMI0073611 | IV-MMI0073615 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 78 | 2006-12-13 Ltr to Microsoft re acquisition of Khyber Tech by TransNet Capital | IV-MMI0044473 | IV-MMI0044481 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 79 | NPI for Motorola Electrify - Sunfire - MB853 | MMI-IV0001037 | MMI-IV0001040 | |
| 80 | NPI for Motorola Atrix 2 - Edison UMTS - MB865/ME865 | MMI-IV0001733 | MMI-IV0001741 | |
| 81 | Summary/Resume for Jacob Jorgensen | IV-MMI0036903 | IV-MMI0036912 | |
| 82 | WINAAR System Architecture - Malibu Networks - Generation Broadband Wireless - June 16, 1998 | JORGENSEN005815 | JORGENSEN005823 | |

| 83 | WINAAR System Architecture - Malibu Networks - Generation Broadband Wireless - June 16, 1999 | JORGENSEN0058 35 | JORGENSEN00 5843 | |
| 84 | Provisional Patent Application - Wireless Broadband Point-To-Multipoint Connectivity and Network Access | N/A | N/A | |
| 85 | 1999-09-25 Memo from B Baseghi to Shaun Manesh, et al re Status for Week Ending 9/25/1999 - Technical Effort | BES000007 | BES000007 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 86 | Malibu Networks - Creating the Next Wave - Introduction to WINAAR System Architecture | MMI-IV0958850 | MMI-IV0958892 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 87 | NPI for Motorola Atrix 4G - Olympus - MB860/MB861/ME860 | MMI-IV0005521 | MMI-IV0005533 | |
| 88 | NPI for Motorola Atrix 2 - Edison UMTS - MB865/ME865 | MM-IV0001733 | MMI-IV0001741 | |
| 89 | NPI for Motorola Atrix HD - Dinara - MB886 | MMI-IV0952683 | MMI-IV0952688 | |
| 90 | Motorola XT886 Spec Sheet | IV-MMI0081477 | IV-MMI0081479 | |
| 91 | NPI for Motorola Milestone X - Sholes Tablet - XT720 | MMI-IV0008262 | MMI-IV0008268 | |
| 92 | NPI for Motorola Photon 4G - Sunfire WE/WiMAX - MB855 | MMI-IV0008926 | MMI-IV0008930 | |
| 93 | NPI for Motorola Photon Q 4G LTE - Asanti WE/LTE - XT896/XT897 | MMI-IV0953561 | MMI-IV0953565 | |

| 94 | NPI for Motorola Razr V - Yangtze XT885/XT886 | MMI-IV0961142 | MMI-IV0961147 | |
|---|---|---|---|---|
| 95 | NPI for Motorola XPRT - Kronos WE - MB612 | MMI-IV0007936 | MMI-IV0007938 | |
| 96 | NPI for Motorola Electrify 2 - Yangtze WE (USC) - XT881 | MMI-IV0953222 | MMI-IV0953225 | |
| 97 | Beyond Third Generation Telecommunications Architectures: The Convergence of Internet Technology and Cellular Telephony | N/A | N/A | FRE 402; FRE 403; FRE 802; FRE 901 |
| 98 | Agrawal, P, et al, Swan: A Mobile Multimedia Wireless Network | MMI-IV1046437 | MMI-IV1046452 | |
| 99 | US Patent 6,118,777 - Sylvain | MMI-IV1048522 | MMI-IV1048538 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 100 | US Patent 6,463,096 - Raleigh | MMI-IV1048262 | MMI-IV1048275 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 101 | US Patent 6,625,650 - Stelliga | MMI-IV1048504 | MMI-IV1048521 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 102 | US Patent 6,005,851 - Craddock | MMI-IV1048211 | MMI-IV1048220 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 103 | US Patent 6,046,979 - Bauman | MMI-IV1048112 | MMI-IV1048130 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 104 | Finsky Universal Store - High Level Architecture | MMI-GOOG0001973 | MMI-GOOG0001974 | |
| 105 | Publishing Overview - Android Developers | N/A | N/A | |
| 106 | Publishing Checklist for Google Play | N/A | N/A | |
| 107 | Preparing for Release - Android Developer | N/A | N/A | |

| 108 | NPI Droid X - Shadow - MB810 | MMI-IV0002054 | MMI-IV0002057 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 109 | NPI Motorola Triumph - Caynus CDMA - WX435 | MMI-IV0003633 | MMI-IV0003636 | |
| 110 | Motorola Defy XT - Spec Sheet | IV-MMI0081685 | IV-MMI0081687 | |
| 111 | Motoroal Electrify M - Spec Sheet | IV-MMI0081720 | IV-MMI0081722 | |
| 112 | Qualcomm Engineering Services Group - How to Ensure QoS in CDMA 2000 EVDO Rev A systems | N/A | N/A | |
| 113 | 3GPP2 - Administration of Parameter Value Assignements for cdma2000 Spread Spectrum Standards | N/A | N/A | FRE 402; FRE 403; FRE 802; FRE 901 |
| 114 | Qualcomm CDMA - Quality of Service (QoS) Feature for 1xEV-DO Revision A | MMI-IV0960976 | MMI-IV0961141 | |
| 115 | 3GPP2 - cdma2000 High Rate Packet Data Air Interface Specification - Ver. 3.0 | MMI-IV0959545 | MMI-IV0959771 | |
| 116 | EV-DO Specifications | MMI-IV0141670 | MMI-IV0141670 | |
| 117 | 3GPP2 - Signaling Conformance Specification for High Rate Packet Data Air Interface | MMI-IV0307718 | MMI-IV0307878 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 118 | Qualcomm 1xEV-DO Semi-Dynamic QoS - Feature Definition Document | MMI-IV0960922 | MMIK-IV0960950 | FRE 402; FRE 403; FRE 802; FRE 901 |

| 119 | CDMA-Sprint Certification Process | MMI-IV0172439 | MMI-IV0172448 | |
| 120 | Device Engineering Software/Hardware Approval - Motorola Electrify MB853 | MMI-IV0217350 | MMI-IV0217356 | |
| 121 | AT&T MMS test plan | MMI-IV0563653 | MMI-IV0563681 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 122 | NPI for Motorola Admiral - Pax CDMA - XT603 | MMI-IV0005025 | MMI-IV0005028 | |
| 123 | LinkedIn profile for Raj Kumar | N/A | N/A | FRE 402; FRE 403; FRE 802; FRE 901 |
| 124 | Printout of Khyber.com website | N/A | N/A | FRE 402; FRE 403; FRE 802; FRE 901 |
| 125 | Khyber Technologies website printout | N/A | N/A | FRE 402; FRE 403; FRE 802; FRE 901 |
| 126 | Printout of Khyber Technologies website | N/A | N/A | FRE 402; FRE 403; FRE 802; FRE 901 |
| 127 | Provisional Patent Application | N/A | N/A | |
| 128 | Prototype (retained by counsel) | N/A | N/A | |
| 129 | Copy of Prosecution History, App. 09/719,290 | N/A | N/A | |
| 130 | U.S. Patent No. 5,436,857 - Nelson | N/A | N/A | FRE 402; FRE 403; FRE 802; FRE 901 |
| 131 | U.S. Patent No. 5,463,742 - Kobayashi | N/A | N/A | FRE 402; FRE 403; FRE 802; FRE 901 |
| 132 | Old Computers.net webpage | MMI-IV0953695 | MMI-IV0953702 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 133 | Khyber Technologies; A Cure for Smartphone Commoditization | IV-MMI0049016 | IV-MMI0049016 | FRE 402; FRE 403; FRE 802; FRE 901 |

| 134 | Handset/Notebook Computer; A Khyber Innovation for Partners and Clients | KUMAR0000001 | KUMAR0000015 | |
| 135 | 2003-02-14 News 2001-2002 - Khyber Wins… | N/A | N/A | |
| 136 | LIX User Manual | N/A | N/A | |
| 137 | Bio of Donald Merino | N/A | N/A | FRE 402; FRE 403; FRE 802; FRE 901 |
| 138 | 2006-03-29 Patent Purchase Agreement between Twin Tech EU and BTG International, Inc. | IV-MMI0005175 | IV-MMI0005211 | |
| 139 | 2006-12-31 Twin Tech EU Proft Participation | IV-MMI0026303 | IV-MMI0026304 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 140 | 2010-04-30 Profit Participation Audit | IV-MMI0047205 | IV-MMI0047246 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 141 | 2007-11-07 Overview for Acer presentation | IV-MMI0008915 | IV-MMI0008989 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 142 | Certificate of Translation for H8-107417 | MMI-IV0955538 | MMI-IV0955538 | |
| 143 | Spreadsheet - Test/User report for Atrix 4G | N/A | N/A | FRE 402; FRE 403; FRE 802; FRE 901 |
| 144 | 2007-06-29 Email thread from Jerry Wang to Farzad Hiri re Motorola | IV-MMI0007698 | IV-MMI0007701 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 145 | Ipotential Patent Sale Offering Supplement - Hyperspace | IV-MMI0072352 | IV-MMI0072367 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 146 | Hyperspace Intellectual Property Formation and Licensing Strategy | IV-MMI0072200 | IV-MMI0072217 | FRE 402; FRE 403; FRE 802; FRE 901 |

| 147 | Patent Purchase Agreement between Hyperspace Communications, Inc., and H. Space Data Services LLC | IV-MMI0005247 | IV-MMI0005287 | |
| 148 | Deal 674 Hyperspace presentation | IV-MMI0073269 | IV-MMI0073273 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 149 | Organizational Chart | N/A | N/A | FRE 402; FRE 403; FRE 802; FRE 901 |
| 150 | 2011-10-06 Email from N Myhrvold to Larry Page, et al re Motorola and IV | MMI-IV0956778 | MMI-IV0956780 | |
| 151 | CV for Richard Reisman | REISMAN0047191 | REISMAN0047192 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 152 | Bio of Richard Reisman | N/A | N/A | FRE 402; FRE 403; FRE 802; FRE 901 |
| 153 | Dynashuttle Preliminary Outline Business Plan | REISMAN0087367 | REISMAN0087372 | |
| 154 | Dynashuttle Release | REISMAN0110049 | REISMAN0110049 | |
| 155 | Teleshuttle Landmark Developments | REISMAN0110084 | REISMAN0110084 | |
| 156 | Teleshuttle News | REISMAN0110085 | REISMAN0110085 | |
| 157 | Dynashuttle Inquiry Log | REISMAN0110166 | REISMAN0110167 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 158 | Reisman on User-Centered Media | N/A | N/A | FRE 402; FRE 403; FRE 802; FRE 901 |
| 159 | 1996-07-10 email from Richard Reisman to Dick Nieuwenhuizen | REISMAN0049167 | REISMAN0049169 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 160 | US Patent 5,379,340 - Overend | MMI-IV0949250 | MMI-IV0949280 | FRE 402; FRE 403; FRE 802; FRE 901 |

| 161 | NeXT User Guides | MMI-IV0961352 | MMI-IV0961381 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 162 | Motorola GMS Apps/Packages | MMI-IV0978032 | MMI-IV0978034 | |
| 163 | How to Add GMS to an Android build | MMI-IV0978035 | MMI-IV0978042 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 164 | US Patent 5,801,700 | N/A | N/A | FRE 402; FRE 403; FRE 802; FRE 901 |
| 165 | LinkedIn page for Kerry Smith | N/A | N/A | FRE 402; FRE 403; FRE 802; FRE 901 |
| 166 | 2007-01-24 Email from Raj Kumar to Stephen Owendoff re Khyber assets after sale to IV | IV-MMI0020026 | IV-MMI0020027 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 167 | Unique Form-N-Functions Can Relieve Commoditization | IV-MMI0007457 | IV-MMI0007457 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 168 | 2011-02-23 High-Impact Deals - Acquisitions Team | IV-MMI0008765 | IV-MMI0008777 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 169 | Investment Approval Template | IV-MMI0005408 | IV-MMI0005413 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 170 | Confirmatory Assignment of Patent Rights | IV-MMI0020097 | IV-MMI0020099 | |
| 171 | 2007-01-24 Email from Raj Kumar to Stephen Owendoff re Khyber assets after sale to IV | IV-MMI0020026 | IV-MMI0020027 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 172 | Bowen, et al, How to get the Most Out of CompuServe Book Copy | MMI-IV0012128 | MMI-IV0012417 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 173 | Final Approval for Motorola | MMI-IV0013902 | MMI-IV0013902 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 174 | US Patent Application 08/251,724, US Patent 5,694,546 | IV-MMI0106627 | IV-MMI0107209 | FRE 402; FRE 403; FRE 802; FRE 901 |

| 175 | Invention Investment Fund I, LP - Acquisition Notice | IV-MMI0016525 | IV-MMI0016532 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 176 | Invention Investment Fund I, LP - Acquisition Notice | IV-MMI0020019 | IV-MMI0020023 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 177 | Le Bodic, Gwaenel, Mobile Messaging Technologies and Servcies SMS, EMS and MMS | MMI-IV1093433 | MMI-IV1093882 | |
| 178 | PCT Application WO 95/17692 - Ouderkirk | MMI-IV1046095 | MMI-IV1046166 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 179 | AT&T NetPost.Certified, Client Software and EPM Front-End Software Functional Requiremetns | 144PATENT2084 | 144PATENT0002 101 | |
| 180 | Sprint OMA MMS Client Requirements | MMI-IV0173084 | MMI-IV0173103 | |
| 181 | AT&T Device Requirements | MMI-IV0062463 | MMI-IV0063854 | |
| 182 | WAP MMS Architecture Overview | IV-MMI0079463 | IV-MMI0079485 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 183 | Wireless Application Protocol re MMS Encapsulation Protocol | IV-MMI0079519 | IV-MMI0079557 | |
| 184 | AT&T Document 10776 Version 10.7, Lab and Field Test Requirements for Terminal Unit Acceptance | MMI-IV0958476 | MMI-IV0958476 | |
| 185 | WAP MMS Client Transactions | IV-MMI0079486 | IV-MMI0079518 | |
| 186 | CD-ROM - Blockbuster Release | REISMAN0110046 | REISMAN01100 47 | |
| 187 | Lap Dock Specification | MMI-IV0024134 | | |
| 188 | Lapdock 1.5 Product Overview | MMI-IV0001725 | | |
| 189 | Lapdock 1.5 Specification | MMI-IV0017086 | | |

| 190 | Lapdock 500 Pro Dashboard | MMI-IV0025439 | | |
|---|---|---|---|---|
| 191 | Motorola Lapdock User's Guide | IV-MMI0095178 | IV-MMI0095194 | |
| 192 | US Patent 5,961,198 - Hira | MMI-IV0011048 | MMI-IV0011076 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 193 | US Patent 6,172,809 - Koike | MMI-IV0011188 | MMI-IV0011233 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 194 | US Patent 6,504,589 - Kashima | MMI-IV0021112 | MMI-IV0021125 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 195 | Jacobs, Stephen D., et al., "Section 14: Liquid Crystals" Handbook of Laser Science and Technology Supplement 2: Optical Materials, CRC Press, 1995 | MMI-IV1092248 | MMI-IV1092253 | FRE 402; FRE 403; FRE 802; FRE 901; not produced during discovery |
| 196 | Lee, S.N., et al., "Integrated Driver Circuitry for Active Matrix Liquid Crystal Displays, SPIE Vol. 1664 High-Resolution Displays and Projection Systems (1992) | MMI-IV1092106 | MMI-IV1092112 | FRE 402; FRE 403; FRE 802; FRE 901; not produced during discovery |
| 197 | Li, Yan, et al., "Design Optimization of Reflective Polarizers for LCD Backlight Recycling, Journal of Display Technology, Vol. 5, 2009 | MMI-IV1092113 | MMI-IV1092118 | FRE 402; FRE 403; FRE 802; FRE 901; not produced during discovery |
| 198 | Morozumi, Shinji, et al., "18.4: 4.25-in. And 1.51-in. B/W and Full-Color LC Video Displays Addressed by Poly-Si TFTs, SID International Symposium Digest of Technical Papers, 1984 | MMI-IV1092119 | MMI-IV1092125 | FRE 402; FRE 403; FRE 802; FRE 901; not produced during discovery |

| 199 | Schadt, Martin, "Liquid Crystal Materials and Liquid Crystal Displays," Annual Review of Material Science. 1997 | MMI-IV1092159 | MMI-IV1092234 | FRE 402; FRE 403; FRE 802; FRE 901; not produced during discovery |
|---|---|---|---|---|
| 200 | US Patent 5,161,041 - Abileah | MMI-IV1092235 | MMI-IV1092247 | FRE 402; FRE 403; FRE 802; FRE 901; not produced during discovery |
| 201 | 3M Optical Solutions - Vikuiti Dual Brightness Enhancement Film (DBEF) Brochure | N/A | N/A | FRE 402; FRE 403; FRE 802; FRE 901 |
| 202 | RFC: 1014 - XDR: External Data Representation Standard June 1987 | MMI-IV0987445 | MMI-IV0987464 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 203 | RFC: 1050 - RPC: Remote Procedure Call Protocol Specification Version 2 June 1988 | MMI-IV0987465 | MMI-IV0987489 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 204 | RFC: 1094 - NFS: Network File System Protocol Specification March 1989 | MMI-IV0987490 | MMI-IV0987516 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 205 | RFC: 1180 - A TCP/IP Tutorial January 1991 | MMI-IV0949171 | MMI-IV0949199 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 206 | Stevens, W. Richard, TCP/IP Illustrated, Volume 1: The Protocols, Addison-Wesley 1994 | MMI-IV0950377 | MMI-IV0950385 | |
| 207 | RFC: 822 - Standard for the Format of ARPA Internet Text Messages 1982 | MMI-IV0949200 | MMI-IV0949249 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 208 | Nokia 9000i Communicator Owner's Manual | MMI-IV0950238 | MMI-IV0950368 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 209 | US Patent 5,553,145 - Micali | IV-MMI0084488 | IV-MMI0084500 | FRE 402; FRE 403; FRE 802; FRE 901 |

| 210 | NeXT Computer System (Physical Machine) | N/A | N/A | FRE 402; FRE 403; FRE 802; FRE 901 |
|-----|------------------------------------------|-----|-----|-----------------------------------|
| 211 | Palaniappan, Murugappan and George Fitzmaurice, "InternetExpress: An Inter-Desktop Multimedia Data-Transfer Service," 1991 | MMI-IV0949161 | MMI-IV0949170 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 212 | Kylanpaa, Markku, et al., "Nomadic Access to Information Services by a GSM Phone," Comput. & Graphics, Vol. 20 1996 | MMI-IV0950369 | MMI-IV0950376 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 213 | Coffey, Tom et al., "Non-Repudiation with Mandatory Proof of Receipt," ACM SIGCOMM Computer Communication Review, Vol. 26 Issue 1, 1996 | MMI-IV0988238 | MMI-IV0988250 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 214 | Fatah, Burhan, Electronic Mail Systems: A Network Manager's Guide | MMI-IV0949154 | MMI-IV0949160 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 215 | Next Applications User's Manual | MMI-IV0961309 | MMI-IV0961414 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 216 | Next The sendmail Program | MMI-IV0961194 | MMI-IV0961230 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 217 | Next User's Reference | MMI-IV0987519 | MMI-IV0987698 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 218 | NextStation Marketing Materials | MMI-IV0961415 | MMI-IV0961418 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 219 | Next Network and System Administration | MMI-IV0987288 | MMI-IV0987444 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 220 | NextStep Network and System Administration | MMI-IV0987699 | MMI-IV0988237 | FRE 402; FRE 403; FRE 802; FRE 901 |

| 221 | Material or Methods Specification - LapDock | MMI-IV0024131 | MMI-IV0024151 | |
| 222 | Material or Methods Specification - LapDock 2.0 | MMI-IV0007150 | MMI-IV0017181 | |
| 223 | Material or Methods Specification, Lapdock 2.0 | MMI-IV0017012 | MMI-IV0017043 | |
| 224 | Lapdock 500 User Manual | IV-MMI0086600 | IV-MMI0086615 | |
| 225 | Material or Methods Specification - Attach | MMI-IV0031849 | MMI-IV0031869 | |
| 226 | Material or Methods Specification - Attach | MMI-IV0032975 | MMI-IV0032996 | |
| 227 | Phase B Circuit Changes | MMI-IV0024619 | MMI-IV0024623 | |
| 228 | Material or Methods Specifications - Lap Dock | MMI-IV0032014 | MMI-IV0032032 | |
| 229 | Khyber Technologies Oct. 2010 (Exh. A to First Rog Response) | N/A | N/A | |
| 230 | AT&T Test Section Report | MMI-IV0958477 | MMI-IV0958477 | |
| 231 | AT&T Test Section Report | MMI-IV0958478 | MMI-IV0958478 | |
| 232 | U.S. Patent No. 6,029,183 - Jenkins | MMI-IV0012608 | MMI-IV0012619 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 233 | U.S. Patent No. 5,323,291 - Boyle | MMI-IV0012517 | MMI-IV0012549 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 234 | Toshiba Satellite Pro 430CDS/430CDT Product Specification | MMI-IV0012827 | MMI-IV0012829 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 235 | U.S. Patent No. 5,798,733 - Ethridge | MMI-IV0101558 | MMI-IV0101584 | FRE 402; FRE 403; FRE 802; FRE 901 |

| 236 | U.S. Patent No. 5,555,491 - Tao | MMI-IV0012875 | MMI-IV0012889 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 237 | Screen Shot of Sprint Billing | MMI-IV1093883 | MMI-IV1093883 | FRE 402; FRE 403; FRE 802; FRE 901; not produced during discovery |
| 238 | U.S. Patent No. 5,983,073 - Ditzik | MMI-IV0101585 | MMI-IV0101603 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 239 | Atrix 2 MMS | MMI-IV0950796 | MMI-IV0950871 | |
| 240 | Atrix 2 MMS | MMI-IV0977798 | MMI-IV0977873 | |
| 241 | Atrix 2 Assembly | MMI-IV0021579 | MMI-IV0021586 | |
| 242 | Atrix 2 PAF | MMI-IV1010548 | MMI-IV1010549 | |
| 243 | Atrix 2 NPI | MMI-IV0001733 | MMI-IV0001741 | |
| 244 | Atrix 4 G MMS | MMI-IV0956290 | MMI-IV0956373 | |
| 245 | Atrix 4 G MMS Assembly | MMI-IV0021515 | MMI-IV0021520 | |
| 246 | Atrix 4 G PAF | MMI-IV1010539 | MMI-IV1010540 | |
| 247 | Atrix 4 G NPI | MMI-IV0005445 | MMI-IV0005458 | |
| 248 | Atrix HD MMS | MMI-IV0956211 | MMI-IV0956289 | |
| 249 | Atrix HD MMS | MMI-IV0955993 | MMI-IV0956060 | |
| 250 | Atrix HD Assembly | MMI-IV0951272 | MMI-IV0951280 | |

| 251 | Atrix HD Assembly | MMI-IV0950386 | MMI-IV0950393 | |
| 252 | Atrix HD Assembly | MMI-IV0950418 | MMI-IV0950425 | |
| 253 | Atrix HD PAF | MMI-IV1010537 | MMI-IV1010538 | |
| 254 | Atrix HD NPI | MMI-IV0952683 | MMI-IV0952688 | |
| 255 | Admiral MMS | MMI-IV0950685 | MMI-IV0950769 | |
| 256 | Admiral Assembly | MMI-IV0021467 | MMI-IV0021472 | |
| 257 | Admiral Assembly | MMI-IV0021623 | MMI-IV0021628 | |
| 258 | Admiral NPI | MMI-IV0005025 | MMI-IV0005028 | |
| 259 | Electrify MMS | MMI-IV0951135 | MMI-IV0951213 | |
| 260 | Electrify Assembly | MMI-IV0021593 | MMI-IV0021598 | |
| 261 | Electrify Assembly | MMI-IV0021495 | MMI-IV0021500 | |
| 262 | Electrify NPI | MMI-IV0001037 | MMI-IV0001040 | |
| 263 | Electirfy 2 MMS | MMI-IV0977798 | MMI-IV0977873 | |
| 264 | Electrify 2 MMS | MMI-IV0950796 | MMI-IV0950781 | |
| 265 | Electrify 2 Assembly | MMI-IV0955881 | MMI-IV0955888 | |

| 266 | Electrify 2 Assembly | MMI-IV0955889 | MMI-IV0955896 | |
| 267 | Electrify 2 Assembly | MMI-IV0021461 | MMI-IV0021466 | |
| 268 | Electrify 2 Assembly | MMI-IV0977717 | MMI-IV0977722 | |
| 269 | Electrify 2 PAF | MMI-IV1010541 | MMI-IV1010542 | |
| 270 | Electrify 2 PAF | MMI-IV1010543 | MMI-IV1010544 | |
| 271 | Photon 4 G MMS | MMI-IV0951135 | MMI-IV0951213 | |
| 272 | Photon 4 G Assembly | MMI-IV0021593 | MMI-IV0021598 | |
| 273 | Photon 4 G NPI | MMI-IV0008855 | MMI-IV0008859 | |
| 274 | Photon 4 G LTE MMS | MMI-IV0977798 | MMI-IV0977873 | |
| 275 | Photon 4 G LTE MMS | MMI-IV0950796 | MMI-IV0950781 | |
| 276 | Photon 4 G LTE Assembly | MMI-IV0021461 | MMI-IV0021466 | |
| 277 | Photon 4 G LTE Assembly | MMI-IV0977717 | MMI-IV0977722 | |
| 278 | Photon 4 G LTE Assembly | MMI-IV0955881 | MMI-IV0955888 | |
| 279 | Photon 4 G LTE Assembly | MMI-IV0955889 | MMI-IV0955896 | |
| 280 | Photon 4 G LTS PAF | MMI-IV1010541 | MMI-IV1010542 | |

| 281 | Photon 4 G LTE PAF | MMI-IV1010543 | MMI-IV1010544 | |
| 282 | Photon 4 G LTE NPI | MMI-IV0953561 | MMI-IV0953565 | |
| 283 | XT886 MMS | MMI-IV0977798 | MMI-IV0977873 | |
| 284 | XT886 MMS | MMI-IV0950796 | MMI-IV0950781 | |
| 285 | XT886 Assembly | MMI-IV0955881 | MMI-IV0955888 | |
| 286 | XT886 Assembly | MMI-IV0955889 | MMI-IV0955896 | |
| 287 | XT886 Assembly | MMI-IV0021461 | MMI-IV0021466 | |
| 288 | XPRT MMS | MMI-IV0977798 | MMI-IV0977873 | |
| 289 | XPRT MMS | MMI-IV0950796 | MMI-IV0950781 | |
| 290 | XPRT Assembly | MMI-IV0021473 | MMI-IV0021482 | |
| 291 | XPRT Assembly | MMI-IV0021539 | MMI-IV0021546 | |
| 292 | XPRT NPI | MMI-IV0007936 | MMI-IV0007938 | |
| 293 | Titanium MMS | MMI-IV0955993 | MMI-IV0956060 | |
| 294 | Titanium MMS | MMI-IV0950524 | MMI-IV0950598 | |
| 295 | Titanium Assembly | MMI-IV0021473 | MMI-IV0021482 | |

| 296 | Titanium Assembly | MMI-IV0021539 | MMI-IV0021546 | |
| 297 | Titanium NPI | MMI-IV0009562 | MMI-IV009566 | |
| 298 | Triumph NPI | MMI-IV0003633 | MMI-IV0003636 | |
| 299 | Milestone X MMS | MMI-IV0955729 | MMI-IV0955793 | |
| 300 | Milestone X Assembly | MMI-IV0021483 | MMI-IV0021488 | |
| 301 | Milestone X NPI | MMI-IV0952689 | MMI-IV0952694 | |
| 302 | H. Balakrishnan, S. Seshan, R. H. Katz, "Improving Reliable Transport and Handoff Performance in Cellular Wireless Networks," ACM Wireless Networks Journal, V 1, N 3, (December 1995), pp. 469-482 | MMI-IV0953789 | MMI-IV0953807 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 303 | US Patent 6,862,622 - Jorgensen | IV-MMI0047422 | IV-MMI0047507 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 304 | US Patent 6,469,991 - Chuah | MMI-IV0015393 | MMI-IV0015453 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 305 | US Patent Application No. 08/977,376 | MMI-IV1046727 | MMI-IV1046885 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 306 | US Patent 6,412,000 - Riddle | MMI-IV0990419 | MMI-IV0990435 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 307 | US Provisional Patent Application No. 60/066,864 | MMI-IV1048462 | MMI-IV1048503 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 308 | US Provisional Patent Application No. 60/090,939 | MMI-IV1046886 | MMI-IV1047619 | FRE 402; FRE 403; FRE 802; FRE 901 |

| 309 | US Patent 5,926,458 | MMI-IV1048556 | MMI-IV1048568 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 310 | US Patent 6,125,397 | MMI-IV1048569 | MMI-IV1048607 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 311 | JP H08-107417 | MMI-IV1048229 | MMI-IV1048238 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 312 | RFC 768 User Datagram Protocol, August 28, 1980 | MMI-IV1048304 | MMI-IV1038306 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 313 | RFC 791 Internet Protocol, September 1981 | MMI-IV1048307 | MMI-IV1048355 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 314 | RFC 793 Transmission Control Protocol, September 1981 | MMI-IV1048356 | MMI-IV1048444 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 315 | ATM Concepts, Architectures, and Protocols by Ronald J. Vetter, February 1995, Communications of the ACM. Vol. 38. No. 2. | MMI-IV1046642 | MMI-IV1046651 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 316 | ISP Web Hosting, PacketShaper Solutions, Packeteer, available at http://web.archive.org/web/199707 16082726/http://www.packeteer.co m/pdf_files/isp.pdf | MMI-IV1048865 | MMI-IV1048868 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 317 | PacketShaper™ User's Guide, version 1.12, March 1997 | BLUECOAT00013 9 | BLUECOAT000 250 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 318 | PacketShaper™ User's Guide, version 1.20, April 1997 | BLUECOAT00025 1 | BLUECOAT000 382 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 319 | "Introducing the IqoS Cooperative," Packeteer, July 16, 1997 | MMI-IV0990551 | MMI-IV0990552 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 320 | "ISP Web Hosting," Packeteer, July 16, 1997 | MMI-IV0990553 | MMI-IV0990556 | FRE 402; FRE 403; FRE 802; FRE 901 |

| 321 | Packeteer's Open Quality-of-Service Benchmark Lets Network Managers, ISPs Quantify End-User Experience," Packeteer, May 6, 1997 | MMI-IV0990559 | MMI-IV0990560 | FRE 402; FRE 403; FRE 802; FRE 901 |
|---|---|---|---|---|
| 322 | Packeteer's Second-Generation IP Bandwidth Manager Ties Quality of Service to User's Connection Speed," Packeteer, July 16, 1997 | MMI-IV0990557 | MMI-IV0990558 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 323 | "Technology Overview," Packeteer, July 16, 1997 | MMI-IV0990565 | MMI-IV0990566 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 324 | "Packeteer Push-back Screenshots," July 16, 1997 | MMI-IV0990571 | MMI-IV0990572 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 325 | "Packet Shaper Data Sheet," July 16, 1997 | MMI-IV0990573 | MMI-IV0990575 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 326 | "Frequently Asked Questions," July 16, 1997 | MMI-IV0990576 | MMI-IV0990579 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 327 | "When Push Comes to Shove… Control Traffic That's Pushed to Corporate Desktops," Packeteer, July 16, 1997 | MMI-IV0990601 | MMI-IV0990601 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 328 | "RSVP and PacketShaper™… Precise Quality-of-Service Control," Packeteer, July 16, 1997 | MMI-IV0990603 | MMI-IV0990603 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 329 | "Controlling TCP Bandwidth," Packeteer, July 16, 1997 | MMI-IV0990604 | MMI-IV0990615 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 330 | "Shaping Traffic Behavior," Packeteer, July 16, 1997 | MMI-IV0990616 | MMI-IV0990631 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 331 | "WebMaster," Packeteer, July 16, 1997 | MMI-IV0990633 | MMI-IV0990636 | FRE 402; FRE 403; FRE 802; FRE 901 |

| 332 | "Business-Critical Applications," Packeteer, June 26, 1998 | MMI-IV0990549 | MMI-IV0990549 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 333 | "International WAN Links," Packeteer, June 26, 1998 | MMI-IV0990550 | MMI-IV0990550 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 334 | "Frequently Asked Questions," June 26, 1998 | MMI-IV0990580 | MMI-IV0990592 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 335 | "Branch Office Bandwidth Management," June 26, 1998 | MMI-IV0990594 | MMI-IV0990595 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 336 | "Protecting SNA Traffic," June 26, 1998 | MMI-IV0990593 | MMI-IV0990593 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 337 | "Business-Critical Bandwidth Management," June 26, 1998 | MMI-IV0990596 | MMI-IV0990597 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 338 | "Broadband Bandwidth Management," June 26, 1998 | MMI'IV0990598 | MMI-IV0990599 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 339 | "Controlling Push Traffic," June 26, 1998 | MMI-IV0990602 | MMI-IV0990602 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 340 | "Voice Over IP Performance," June 26, 1998 | MMI-IV0990632 | MMI-IV0990632 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 341 | Prosecution File History for US Patent 6,862,622 | N/A | N/A | |
| 342 | Compuserve Source Code File - GOTO.b36 | MMI-IV0101808 | MMI-IV0101846 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 343 | Compuserve Source Code File - dppver.c | MMI-IV0101802 | MMI-IV0101807 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 344 | Compuserve Source Code File - VERS1.HI | MMI-IV0101876 | MMI-IV0101877 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 345 | Compuserve Source Code File - VERS2.HI | MMI-IV0101878 | MMI-IV0101879 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 346 | Compuserve Source Code File - dppdlg.c | MMI-IV0101775 | MMI-IV0101785 | FRE 402; FRE 403; FRE 802; FRE 901 |

| 347 | Compuserve Source Code File - dhmfil.b36 | MMI-IV0101742 | MMI-IV0101774 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 348 | Compuserve Source Code File - dpploc.h | MMI-IV0101786 | MMI-IV0101791 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 349 | Compuserve Source Code File - hmidpp.h | MMI-IV0101847 | MMI-IV0101875 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 350 | Compuserve Source Code File - dpppro.c | MMI-IV0101792 | MMI-IV0101801 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 351 | U.S. Patent 6,026,366 - Grube | MMI-IV0949318 | MMI-IV0949324 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 352 | U.S. App. No. 08/124,616 | MMI-IV0949339 | MMI-IV0949359 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 353 | Charles Bowen and David Peyton, "How to Get the Most Out of CompuServe" Bantam Books, Aug. 1984 | MMI-IV0012128 | MMI-IV0012417 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 354 | "I Didn't Know I Could Do That on CompuServe," 1993 | MMI-IV0012421 | MMI-IV0012423 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 355 | Use the Brains Your IBM Wasn't Born With by CompuServe PC Magazine, Oct. 14, 1986 | MMI-IV0012438 | MMI-IV0012438 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 356 | Jeffrey L. Hopkins, "CompuServe for IAPPP Announcements," 1984 I.A.P.P.P. Symposium in Big Bear | MMI-IV0011993 | MMI-IV0011994 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 357 | Robert Snowdon Jones, "Compuserve Users Receive Crosstalk Forum," InfoWorld, Sept. 21, 1987 | MMI-IV0012424 | MMI-IV0012424 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 358 | Tim Greene, "CompuServe Offers Internet, IP Services," Network World, July 3, 1995 at 13 | MMI-IV0012435 | MMI-IV0012435 | FRE 402; FRE 403; FRE 802; FRE 901 |

| | | | |
|---|---|---|---|
| 359 | Tim Berners-Lee and Daniel Connolly, "Hypertext Markup Language (HTML): A Representation of Textual Information and Meta Information for Retrieval and Interchange," Internet Draft Version 1.2 (June 1993) | MMI-IV0950196 | MMI-IV0950237 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 360 | Dennis J. Reynolds, "Evaluating Dial-Up Internet Access Options," Computers in Libraries, 1993. | MMI-IV1090946 | MMI-IV109053 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 361 | April 1, 1994 message from Gerard Versteeg to Newsgroup alt.internet.services re: Compuserve access via Internet. | MMI-IV0978335 | MMI-IV0978337 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 362 | CompuServe Press Release: CompuServe Extends Information Superhighway with Enhanced Internet Access, March 8, 1994 | MMI-IV0978329 | MMI-IV0978330 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 363 | CompuServe Press Release: Questions & Answers Regarding CompuServe's Announcement of Internet Services, March 15, 1994 | MMI-IV0978331 | MMI-IV0978334 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 364 | Bowen & Payton, "How to Get the Most Out of CompuServe," 5th ed., 1991; | MMI-IV0949360 | MMI-IV0949835 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 365 | Joel Diamond, "Giving CompuServe a Chance," Network World, May 15, 1995. | MMI-IV1092254 | MMI-IV1092256 | FRE 402; FRE 403; FRE 802; FRE 901; not produced during discovery |
| 366 | U.S. Patent 4,654,799 - Ogaki | MMI-IV0950166 | MMI-IV0950180 | FRE 402; FRE 403; FRE 802; FRE 901 |

| 367 | The Mosaic Navigator: The Essential Guide to the Internet Interface, by Paul Gilster, John Wiley & Sons. Inc. 1st ed. 1995 | MMI-IV0949906 | MMI-IV0950158 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 368 | The Official America Online for Macintosh Tour Guide, by Tom Lichty, Ventana Press, 2d ed. 1994 | MMI-IV0949860 | MMI-IV0949905 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 369 | Richard R. Reisman Biography (date of access 12/17/2012) | N/A | N/A | FRE 402; FRE 403; FRE 802; FRE 901 |
| 370 | Dynashuttle Q&A | REISMAN0028953 | REISMAN0028956 | |
| 371 | Teleshuttle, Formerly Dynashuttle Corp, Annonces CD-ROM/Online Hybrids for Vista Intermedia and Electronic Book Technologies | REISMAN0110061 | REISMAN0110061 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 372 | Teleshuttle Landmark Developments | REISMAN010084 | REISMAN010084 | |
| 373 | April 28, 1995 Letter re Preliminary agreement to license Teleshuttle software for Blockbuster disc project | REISMAN0110026 | REISMAN0110028 | |
| 374 | Master Purchase, License and Service Agreement between Teleshuttle and UNET2 Corporation | REISMAN0110030 | REISMAN0110045 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 375 | Declaration for Single Inventor for Patent Application | APPLE00041236 | APPLE00041237 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 376 | U.S. Patent Application 08/251,724 | APPLE00041132 | APPLE00041249 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 377 | Teleshuttle Mass Transit on the Info Highway Now | REISMAN0110064 | REISMAN0110065 | |

| 378 | Teleshuttle VIEWS Plug-in for CD/Online Updates | REISMAN0110485 | REISMAN0110486 | |
|-----|--------|--------|--------|--------|
| 379 | Typed Notes Characterizing Patent | REISMAN0018737 | REISMAN0018737 | |
| 380 | Malibu Networks - Introduction to the Winaar System Architecture | IV-MMI0087113 | IV-MMI0087113 | |
| 381 | Curriculum Vitae and Testimony of Timothy J. Drabik, Ph.D. | N/A | N/A | |
| 382 | Curriculum Vitae of Randy Howard Katz | N/A | N/A | |
| 383 | Curriculum Vitae of Gwenael Le Bodic, Ph.D. | N/A | N/A | |
| 384 | Curriculum Vitae of Martin C. Rinard, Ph.D. | N/A | N/A | |
| 385 | Curriculum Vitae of Mark Seely | N/A | N/A | |
| 386 | Curriculum Vitae of Brian Von Herzen, Ph.D. | N/A | N/A | |
| 387 | Intellectual Ventures Comments on This American Life story | MMI-IV1092099 | MMI-IV1092105 | FRE 402; FRE 403; FRE 802; FRE 901; not produced during discovery |
| 388 | Myhrvold Subcommittee Testimony | MMI-IV1092126 | MMI-IV1092156 | FRE 402; FRE 403; FRE 802; FRE 901; not produced during discovery |
| 389 | Reuters Article | MMI-IV1092157 | MMI-IV1092158 | FRE 402; FRE 403; FRE 802; FRE 901; not produced during discovery |
| 390 | 6:2009-cv-00260, Intellectual Ventures Management LLC (Intv) Cheetah Omni LLC v Verizon Communications, filed June 9, 2009 | MMI-IV1093382 | MMI-IV1093387 | FRE 402; FRE 403; not produced during discovery |

| 391 | 1:2010-cv-01067, Intellectual Ventures I LLC v. Symantec Corporation et al., filed December 8, 2010 | MMI-IV1092324 | MMI-IV1092337 | FRE 402; FRE 403; not produced during discovery |
| 392 | 1:2010-cv-01065, Intellectual Ventures I LLC, et al v. Altera Corporation et al, filed December 8, 2010 | MMI-IV1092291 | MMI-IV1092302 | FRE 402; FRE 403; not produced during discovery |
| 393 | 1:2010-cv-01066, Intellectual Ventures I LLC et al v. Hynix Semiconductor Inc. et al, filed December 8, 2010 | MMI-IV1092303 | MMI-IV1092323 | FRE 402; FRE 403; not produced during discovery |
| 394 | 5:2011-cv-00671, Xilinx, Inc. v. Invention Investment Fund I LP et al, filed Febuary 14, 2011 | MMI-IV1093321 | MMI-IV1093353 | FRE 402; FRE 403; not produced during discovery |
| 395 | 1:2011-cv-00528, Choate v. Intellectual Ventures LLC, filed March 14, 2011 | MMI-IV1092338 | MMI-IV1092352 | FRE 402; FRE 403; not produced during discovery |
| 396 | 2:2011-cv-01145, Intellectual Ventures I LLC et al v. Hynix Semiconductor Inc. et al, filed July 11, 2011 | MMI-IV1093094 | MMI-IV1093111 | FRE 402; FRE 403; not produced during discovery |
| 397 | 1:2011-cv-00623, Elpida Memory Inc. et al v. Intellectual Ventures I LLC et al, filed July 14, 2011 | MMI-IV1092353 | MMI-IV1092359 | FRE 402; FRE 403; not produced during discovery |
| 398 | 1:2011-cv-00666, Xilinx, Inc. v. Invention Investment Fund I LP et al, filed July 28, 2011 | MMI-IV1092360 | MMI-IV1092392 | FRE 402; FRE 403; not produced during discovery |
| 399 | 5:2011-cv-04407, Xilinx, Inc v. Intellectual Ventures Management, LLC et al, filed September 2, 2011 | MMI-IV1093354 | MMI-IV1093381 | FRE 402; FRE 403; not produced during discovery |

| 400 | 1:2011-cv-00792, Intellectual Ventures I LLC et al v. Canon Inc. et al, filed September 9, 2011 | MMI-IV1092393 | MMI-IV1092408 | FRE 402; FRE 403; not produced during discovery |
| 401 | 1:2011-cv-01025, Intellectual Ventures I LLC et al v. Nikon Corporation et al, filed October 26, 2011 | MMI-IV1092409 | MMI-IV1092417 | FRE 402; FRE 403; not produced during discovery |
| 402 | 1:2012-cv-00193, Intellectual Ventures I LLC et al v. AT&T Mobility LLC et al, filed February 16, 2012 | MMI-IV1092418 | MMI-IV1092441 | FRE 402; FRE 403; not produced during discovery |
| 403 | 1:2012-cv-01581, Intellectual Ventures I LLC v. Trend Micro Incorporated et al, filed November 21, 2012 | MMI-IV1092442 | MMI-IV1092455 | FRE 402; FRE 403; not produced during discovery |
| 404 | 1:2013-cv-00116, Intellectual Ventures II LLC v. AT&T Corp., filed February 8, 2013 | MMI-IV1093388 | MMI-IV1093441 | FRE 402; FRE 403; not produced during discovery |
| 405 | 1:2013-cv-00118, Intellectual Ventures II LLC v. CenturyTel Broadband Services, et al, filed February 8, 2013 | MMI-IV1092510 | MMI-IV1092560 | FRE 402; FRE 403; not produced during discovery |
| 406 | 1:2013-cv-00119, Intellectual Ventures II LLC v. Windstream Communications Telecom, LLC et al, filed February 8, 2013 | MMI-IV1092561 | MMI-IV1092609 | FRE 402; FRE 403; not produced during discovery |
| 407 | 1:2013-cv-00440, Intellectual Ventures I LLC v. Symantec Corp., filed March 18, 2013 | MMI-IV1092627 | MMI-IV1092635 | FRE 402; FRE 403; not produced during discovery |

| 408 | 1:2013-cv-00453, Intellectual Ventures I LLC et al v. Toshiba Corporation et al, filed March 20, 2013 | MMI-IV1092636 | MMI-IV1092662 | FRE 402; FRE 403; not produced during discovery |
|---|---|---|---|---|
| 409 | 1:2013-cv-00473, Intellectual Ventures I LLC et al v. Canon Inc. et al., filed March 25, 2013 | MMI-IV1092663 | MMI-IV1092688 | FRE 402; FRE 403; not produced during discovery |
| 410 | 1:2013-cv-00474, Intellectual Ventures I LLC et al v. Ricoh Company Ltd. et al, filed March 25, 2013 | MMI-IV1092689 | MMI-IV1092710 | FRE 402; FRE 403; not produced during discovery |
| 411 | 1:2013-cv-00534, Intellectual Ventures I LLC v. Rea, filed April 30, 2013 | MMI-IV1092711 | MMI-IV1092719 | FRE 402; FRE 403; not produced during discovery |
| 412 | 8:2013-cv-00167, Intellectual Ventures II LLC v. First National Bank of Omaha, filed May 29, 2013 | MMI-IV1093388 | MMI-IV1093400 | FRE 402; FRE 403; not produced during discovery |
| 413 | 2:2013-cv-00740, Intellectual Ventures I LLC et al v. PNC Financial Services Group, Inc. et al, filed May 29, 2013 | MMI-IV1093112 | MMI-IV1093125 | FRE 402; FRE 403; not produced during discovery |
| 414 | 1:2013-cv-03777, Intellectual Ventures II L.L.C. v. JP Morgan Chase & Co. et al, filed June 4, 2013 | MMI-IV1093037 | MMI-IV1093054 | FRE 402; FRE 403; not produced during discovery |
| 415 | 1:2013-cv-00378, Intellectual Ventures I, LLC et al v. Fifth Third Bancorp et al, filed June 4, 2013 | MMI-IV1092610 | MMI-IV1092626 | FRE 402; FRE 403; not produced during discovery |

| 416 | 2:2013-cv-01106, Intellectual Ventures II LLC v. BBVA Compass Bancshares Inc et al, filed June 12, 2013 | MMI-IV1093139 | MMI-IV1093290 | FRE 402; FRE 403; not produced during discovery |
| 417 | 3:2013-cv-00358, Intellectual Ventures I, LLC et al v. Bank of America et al, June 12, 2013 | MMI-IV1093304 | MMI-IV1093320 | FRE 402; FRE 403; not produced during discovery |
| 418 | 1:2013-22191, Intellectual Ventures I LLC et al v. Motorola Mobility LLC, June 19, 2013 | MMI-IV1093075 | MMI-IV1093093 | FRE 402; FRE 403; not produced during discovery |
| 419 | 0:2013-cv-61358, Intellectual Ventures I LLC et al v. Motorola Mobility LLC, June 19, 2013 | MMI-IV1092272 | MMI-IV1092290 | FRE 402; FRE 403; not produced during discovery |
| 420 | 1:2013-cv-00740, Intellectual Ventures I LLC et al v. Capital One Financial Corporation et al, filed June 19, 2013 | MMI-IV1092720 | MMI-IV1092736 | FRE 402; FRE 403; not produced during discovery |
| 421 | 2:2013-cv-04160, Intellectual Ventures II LLC v. Commerce Bancshares, Inc. et al, filed June 20, 2013 | MMI-IV1093291 | MMI-IV1093303 | FRE 402; FRE 403; not produced during discovery |
| 422 | 1:2013-cv-01274, Intellectual Ventures I LLC et al v. Manufacturers and Traders Trust Company, filed July 24, 2013 | MMI-IV1092737 | MMI-IV1092752 | FRE 402; FRE 403; not produced during discovery |
| 423 | 1:2013-cv-02454, Intellectual Ventures II LLC v. SunTrust Banks, Inc. et al, July 24, 2013 | MMI-IV1093017 | MMI-IV1093036 | FRE 402; FRE 403; not produced during discovery |
| 424 | 0:2013-cv-02071, Intellectual Ventures II LLC v. U.S. Bancorp et al, filed July 31, 2013 | MMI-IV1092257 | MMI-IV1092271 | FRE 402; FRE 403; not produced during discovery |

| 425 | 1:2013-cv-05386, Intellectual Ventures I LLC et al v. HSBC USA Inc. et al, filed August 1, 2013 | MMI-IV1093055 | MMI-IV1093074 | FRE 402; FRE 403; not produced during discovery |
| 426 | 2:2013-cv-00785, Intellectual Ventures II LLC v. Huntington Bancshares Incorporated et al, August 7, 2013 | MMI-IV1093126 | MMI-IV1093138 | FRE 402; FRE 403; not produced during discovery |
| 427 | 1:2013-cv-01631, Intellectual Ventures II LLC v. AT&T Mobility LLC et al, October 1, 2013 | MMI-IV1092753 | MMI-IV1092763 | FRE 402; FRE 403; not produced during discovery |
| 428 | 1:2013-cv-01632, Intellectual Ventures I LLC v. T-Mobile USA Inc. et al, , October 1, 2013 | MMI-IV1092764 | MMI-IV1092790 | FRE 402; FRE 403; not produced during discovery |
| 429 | 1:2013-cv-01633, Intellectual Ventures II LLC v. T-Mobile USA Inc. et al, , October 1, 2013 | MMI-IV1092791 | MMI-IV1092803 | FRE 402; FRE 403; not produced during discovery |
| 430 | 1:2013-cv-01634, Intellectual Ventures I LLC v. Nextel Operations Inc. et al, , October 1, 2013 | MMI-IV1092804 | MMI-IV1092827 | FRE 402; FRE 403; not produced during discovery |
| 431 | 1:2013-cv-01635, Intellectual Ventures II LLC v. Nextel Operations Inc. et al, , October 1, 2013 | MMI-IV1092828 | MMI-IV1092839 | FRE 402; FRE 403; not produced during discovery |
| 432 | 1:2013-cv-01636, Intellectual Ventures I LLC v. United States Cellular Corporation, , October 1, 2013 | MMI-IV1092840 | MMI-IV1092855 | FRE 402; FRE 403; not produced during discovery |

| 433 | 1:2013-cv-01637, Intellectual Ventures II LLC v. United States Cellular Corporation, , October 1, 2013 | MMI-IV1092856 | MMI-IV1092866 | FRE 402; FRE 403; not produced during discovery |
|---|---|---|---|---|
| 434 | 1:2013-cv-01649, Intellectual Ventures I LLC et al v. AT&T Mobility LLC et al, filed October 4, 2013 | MMI-IV1092867 | MMI-IV1092883 | FRE 402; FRE 403; not produced during discovery |
| 435 | 1:2013-cv-01650, Intellectual Ventures I LLC et al v. Leap Wireless International Inc. et al, filed October 4, 2013 | MMI-IV1092884 | MMI-IV1092897 | FRE 402; FRE 403; not produced during discovery |
| 436 | 1:2013-cv-01652, Intellectual Ventures I LLC et al v. Nextel Operations Inc. et al, filed October 4, 2013 | MMI-IV1092898 | MMI-IV1092911 | FRE 402; FRE 403; not produced during discovery |
| 437 | 1:2013-cv-01654, Intellectual Ventures I LLC et al v. T-Mobile USA Inc. et al, filed October 4, 2013 | MMI-IV1092912 | MMI-IV1092925 | FRE 402; FRE 403; not produced during discovery |
| 438 | 1:2013-cv-01655, Intellectual Ventures I LLC et al. v. United States Cellular Corporation, filed October 4, 2013 | MMI-IV1092926 | MMI-IV1092939 | FRE 402; FRE 403; not produced during discovery |
| 439 | 1:2013-cv-01668, Intellectual Ventures I LLC et al v. AT & T Mobility LLC et al, October 7, 2013 | MMI-IV1092940 | MMI-IV1092957 | FRE 402; FRE 403; not produced during discovery |

| 440 | 1:2013-cv-01669, Intellectual Ventures I LLC et al v. Leap Wireless International Inc. et al, October 7, 2013 | MMI-IV1092958 | MMI-IV1092972 | FRE 402; FRE 403; not produced during discovery |
|---|---|---|---|---|
| 441 | 1:2013-cv-01670, Intellectual Ventures I LLC et al v. Nextel Operations Inc. et al, October 7, 2013 | MMI-IV1092973 | MMI-IV1092986 | FRE 402; FRE 403; not produced during discovery |
| 442 | 1:2013-cv-01671, Intellectual Ventures I LLC et al v. T-Mobile USA Inc. et al., October 7, 2013 | MMI-IV1092987 | MMI-IV1093001 | FRE 402; FRE 403; not produced during discovery |
| 443 | 1:2013-cv-01672, Intellectual Ventures I LLC et al v. United States Cellular Corporation, October 7, 2013 | MMI-IV1093002 | MMI-IV1093016 | FRE 402; FRE 403; not produced during discovery |
| 444 | Google Mobile Services Test Suite | MMI-IV0978043 | MMI-IV0978051 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 445 | 50 Greatest Gadgets | MMI-IV1093403 | MMI-IV1093423 | FRE 402; FRE 403; FRE 802; FRE 901; not produced during discovery |
| 446 | U.S. Patent 5,161,041 - Abileah | MMI-IV1092235 | MMI-IV1092247 | FRE 402; FRE 403; FRE 802; FRE 901; not produced during discovery |
| 447 | IV Patent List | MMI-IV1093892 | MMI-IV1093892 | FRE 402; FRE 403; FRE 802; FRE 901; not produced during discovery |
| 448 | IV Reveals list of thousands of patents, Inside Counsel | MMI-IV1093424 | MMI-IV1093426 | FRE 402; FRE 403; FRE 802; FRE 901; not produced during discovery |
| 449 | File History for the US 6,219,669 | IV-MMI0112944 | IV-MMI0116820 | |
| 450 | Spreadsheet - Test/User report for Atrix 4G | MMI-IV1093893 | MMI-IV1093893 | FRE 402; FRE 403; FRE 802; FRE 901; not produced during discovery |

| 451 | Vikuiti 3M Optical Systems | MMI-IV1093888 | MMI-IV1093891 | FRE 402; FRE 403; FRE 802; FRE 901; not produced during discovery |
|---|---|---|---|---|
| 452 | Khyber Technologies Corporation - The Docking Display | MMI-IV1093432 | MMI-IV1093432 | |
| 453 | SSR Results | MMI-IV1093884 | MMI-IV1093887 | FRE 402; FRE 403; FRE 802; FRE 901; not produced during discovery |
| 454 | 2011-10-06 Notice Letter from M Beloli to Motorola | MMI-IV1093401 | MMI-IV1093402 | |
| 455 | Mobile Systems Consulting | MMI-IV0090998 | MMI-IV0091623 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 456 | Definition of Linear Light Source | IA0200 | IA0202 | FRE 402; FRE 403; FRE 802; FRE 901 |
| 457 | Motorola Atrix 4G | N/A | N/A | FRE 402; FRE 403; FRE 802; FRE 901; IV reserves its right to add other objections because it is not clear what this is - i.e. whether it is a physical product or something else |
| 458 | Motorola Photon G | N/A | N/A | FRE 402; FRE 403; FRE 802; FRE 901; IV reserves its right to add other objections because it is not clear what this is - i.e. whether it is a physical product or something else |
| 459 | Motorola Admiral | N/A | N/A | FRE 402; FRE 403; FRE 802; FRE 901; IV reserves its right to add other objections because it is not clear what this is - i.e. whether it is a physical product or something else |

| 460 | Motorola Electrify | N/A | N/A | FRE 402; FRE 403; FRE 802; FRE 901; IV reserves its right to add other objections because it is not clear what this is - i.e. whether it is a physical product or something else |
| 461 | Motorola Titanium | N/A | N/A | FRE 402; FRE 403; FRE 802; FRE 901; IV reserves its right to add other objections because it is not clear what this is - i.e. whether it is a physical product or something else |
| 462 | Lapdock 100 | N/A | N/A | FRE 402; FRE 403; FRE 802; FRE 901; IV reserves its right to add other objections because it is not clear what this is - i.e. whether it is a physical product or something else |
| 463 | IV Patent List | N/A | N/A | FRE 402; FRE 403; FRE 802; FRE 901 |
| 464 | IV Press Release - Intellectual Ventures Reveals List of Thousands of Patents | N/A | N/A | FRE 402; FRE 403; FRE 802; FRE 901 |
| 465 | Editorial Staff, CrossTalk for Windows, CSAL Programmer's Guide | N/A | N/A | FRE 402; FRE 403; FRE 802; FRE 901 |
| 466 | Google Source Code | N/A | N/A | IV objects to this exhibit because it is not properly identified as to what this source code is and it does not contain a Bates nubmer |
| 467 | 2013-02-22 - Intellectual Ventures I LLC's 4th Supplemental Answers to MML's 1st Set of Interrogatories | N/A | N/A | |

| In addition, Motorola Mobility submits the exhibits listed below subject to its evidentiary motions, including Daubert and | | | |
|---|---|---|---|
| 468 | Investor Participation | IV-MMI0110785 | IV-MMI0110785 | |
| 469 | R Rankings by Deal by Asset | IV-MMI0110786 | IV-MMI0110786 | |
| 470 | Patent License Agreement - Apple | IV-MMI0000713 | IV-MMI0000731 | |
| 471 | Patent License Agreement - Intel | IV-MMI0000928 | IV-MMI0000941 | |
| 472 | Subscription Agreement - Invention Investment Fund II, LLC | IV-MMI0001687 | IV-MMI0001715 | |
| 473 | Patent License Agreement - Verizon | IV-MMI0001285 | IV-MMI0001298 | |
| 474 | Patent License Agreement - Verizon | IV-MMI0001299 | IV-MMI0001317 | |
| 475 | Patent License Agreement - LG Electronics | IV-MMI0079111 | IV-MMI0079160 | |
| 476 | Patent License Agreement - TwinTech | IV-MMI0066141 | IV-MMI0066177 | |
| 477 | Patent License Agreement - Transpacific IP I and Zhi Graser Pte., LLC | IV-MMI0005033 | IV-MMI0005056 | |
| 478 | Patent License Agreement - TransNet Capital Fund and Khyber Technologies | IV-MMI0022467 | IV-MMI0022511 | |
| 479 | Patent License Agreement | IV-MMI0001582 | IV-MMI0001592 | |
| 480 | Patent License Agreement | IV-MMI0022336 | IV-MMI0022359 | |

| 481 | Patent Purchase Agreement | IV-MMI0023160 | IV-MMI0023200 | |
| 482 | License Agreement between IV Licensing - Samsung | IV-MMI0105176 | IV-MMI0105200 | |
| 483 | Patent License Agreement - LG | IV-MMI0105005 | IV-MMI0105054 | |
| 484 | Invention Investment Fund I, L.L.C. Subscription Agreement | IV-MMI0001014 | IV-MMI0001034 | |
| 485 | SI Everything Member Subscription Agreement | IV-MMI0002973 | IV-MMI0002994 | |
| 486 | Microsoft Licensing, LP | IV-MMI0000984 | IV-MMI0000996 | |
| 487 | Nokia Corporation | IV-MMI0001087 | IV-MMI0001101 | |
| 488 | SAP America, Inc. | IV-MMI0001155 | IV-MMI0001168 | |
| 489 | Xilinix, Inc. | IV-MMI0001400 | IV-MMI0001413 | |
| 490 | Yahoo!, Inc. | IV-MMI0001442 | IV-MMI0001455 | |
| 491 | eBay!, Inc. | IV-MMI0001491 | IV-MMI0001504 | |
| 492 | SAP America, Inc. | IV-MMI0001729 | IV-MMI0001758 | |
| 493 | SAP America, Inc. | IV-MMI0001759 | IV-MMI0001830 | |
| 494 | Sony Corporation of America | IV-MMI0001866 | IV-MMI0001875 | |
| 495 | Amazon Technologies, Inc. | IV-MMI0001876 | IV-MMI0001884 | |

| 496 | Amazon Technologies, Inc. | IV-MMI0001903 | IV-MMI0001915 | |
|-----|---------------------------|---------------|---------------|--|
| 497 | Sony Corporation of America | IV-MMI0002088 | IV-MMI0002107 | |
| 498 | Google, Inc. | IV-MMI0002250 | IV-MMI0002258 | |
| 499 | Intel Corporation | IV-MMI0002304 | IV-MMI0002313 | |
| 500 | LP6 LLC | IV-MMI0002324 | IV-MMI0002334 | |
| 501 | eBay!, Inc. | IV-MMI0002654 | IV-MMI0002668 | |
| 502 | eBay!, Inc. | IV-MMI0002669 | IV-MMI0002679 | |
| 503 | Adobe Systems Incorporated | IV-MMI0002703 | IV-MMI0002717 | |
| 504 | Adobe Systems Incorporated | IV-MMI0002718 | IV-MMI0002731 | |
| 505 | Amazon.com NV Investment Holdings, Inc. | IV-MMI0002758 | IV-MMI0002772 | |
| 506 | American Express Travel Related Services Company, Inc. | IV-MMI0002823 | IV-MMI0002837 | |
| 507 | Apple, Inc. | IV-MMI0002895 | IV-MMI0002909 | |
| 508 | Cisco Systems, Inc. | IV-MMI0002995 | IV-MMI0003026 | |
| 509 | Cisco Systems, Inc. | IV-MMI0003027 | IV-MMI0003041 | |
| 510 | Yahoo!, Inc. | IV-MMI0003236 | IV-MMI0003246 | |

| 511 | Bluecat Networks (USA), Inc. | IV-MMI0003338 | IV-MMI0003346 | |
| 512 | Chunghwa Pictures Tubes (Bermuda), Ltd. | IV-MMI0003390 | IV-MMI0003409 | |
| 513 | Dashwire, Inc. | IV-MMI0003508 | IV-MMI0003513 | |
| 514 | HTC Corporation | IV-MMI0003564 | IV-MMI0003585 | |
| 515 | Wistron Corporation | IV-MMI0003663 | IV-MMI0003682 | |
| 516 | Intuit, Inc. | IV-MMI0003705 | IV-MMI0003726 | |
| 517 | Micron Technology, Inc. | IV-MMI0003727 | IV-MMI0003740 | |
| 518 | Micron Technology, Inc. | IV-MMI0003740 | IV-MMI0003781 | |
| 519 | Nanya Technology Corporation | IV-MMI0003782 | IV-MMI0003805 | |
| 520 | Pantech Co., Ltd. | IV-MMI0003814 | IV-MMI0003839 | |
| 521 | Pantech Co., Ltd. | IV-MMI0003845 | IV-MMI0003858 | |
| 522 | Pantech Co., Ltd. | IV-MMI0003859 | IV-MMI0003884 | |
| 523 | Samsung Electronics Co., Ltd. | IV-MMI0003885 | IV-MMI0003909 | |
| 524 | Vlingo Corporation | IV-MMI0005019 | IV-MMI0005030 | |
| 525 | Amazon Technologies, Inc. | IV-MMI0075274 | IV-MMI0075286 | |

| 526 | Amazon.com Inc. | IV-MMI0075291 | IV-MMI0075326 | |
| 527 | Amazon.com NV Investment Holdings, Inc. | IV-MMI0075327 | IV-MMI0075330 | |
| 528 | Research in Motion Limited | IV-MMI0079183 | IV-MMI0079204 | |
| 529 | Apple, Inc. | IV-MMI0103121 | IV-MMI0103139 | |
| 530 | Intel Corporation | IV-MMI0103140 | IV-MMI0103163 | |
| 531 | Microsoft Licensing, LP | IV-MMI0103164 | IV-MMI0103176 | |
| 532 | Microsoft Licensing, LP | IV-MMI0103177 | IV-MMI0103197 | |
| 533 | NVIDIA International Holdings, Inc. | IV-MMI0103198 | IV-MMI0103210 | |
| 534 | NVIDIA International Holdings, Inc. | IV-MMI0103211 | IV-MMI0103233 | |
| 535 | Nokia Corporation | IV-MMI0103234 | IV-MMI0103266 | |
| 536 | Nokia Corporation | IV-MMI0103267 | IV-MMI0103286 | |
| 537 | Apple, Inc. | IV-MMI0103287 | IV-MMI0103289 | |
| 538 | Apple, Inc. | IV-MMI0103290 | IV-MMI0103292 | |
| 539 | Apple, Inc. | IV-MMI0103293 | IV-MMI0103295 | |
| 540 | SAP America, Inc. | IV-MMI0103296 | IV-MMI0103319 | |

| 541 | Sony Corporation of America | IV-MMI0103320 | IV-MMI0103343 | |
| 542 | Verizon Corporation Services Group, Inc. | IV-MMI0103320 | IV-MMI0103343 | |
| 543 | Verizon Corporation Services Group, Inc. | IV-MMI0103363 | IV-MMI0103413 | |
| 544 | Verizon Corporation Services Group, Inc. | IV-MMI0103414 | IV-MMI0103344 | |
| 545 | Xilinix, Inc. | IV-MMI0103445 | IV-MMI-0103467 | |
| 546 | Yahoo!, Inc. | IV-MMI0103468 | IV-MMI-0103478 | |
| 547 | Yahoo!, Inc. | IV-MMI0103479 | IV-MMI-0103502 | |
| 548 | eBay! Inc. | IV-MMI0103503 | IV-MMI-0103507 | |
| 549 | eBay! Inc. | IV-MMI0103508 | IV-MMI-0103509 | |
| 550 | eBay! Inc. | IV-MMI0103540 | IV-MMI-0103563 | |
| 551 | Apple Computer, Inc. | IV-MMI0103540 | IV-MMI-0103563 | |
| 552 | Apple Computer, Inc. | IV-MMI0103567 | IV-MMI-0103569 | |
| 553 | Apple Computer, Inc. | IV-MMI0103570 | IV-MMI-0103572 | |
| 554 | Nokia, Inc. | IV-MMI0103573 | IV-MMI-0103575 | |
| 555 | Nokia, Inc. | IV-MMI0103576 | IV-MMI-0103578 | |

| 556 | Nokia, Inc. | IV-MMI0103579 | IV-MMI-0103581 | |
| 557 | Nokia, Inc. | IV-MMI0103582 | IV-MMI-0103614 | |
| 558 | NVIDIA International Holdings, Inc. | IV-MMI0103615 | IV-MMI-0103647 | |
| 559 | NVIDIA International Holdings, Inc. | IV-MMI0103648 | IV-MMI-0103676 | |
| 560 | SAP America, Inc. | IV-MMI0103677 | IV-MMI-0103748 | |
| 561 | SAP America, Inc. | IV-MMI0103749 | IV-MMI-0103752 | |
| 562 | SAP America, Inc. | IV-MMI0103753 | IV-MMI-0103783 | |
| 563 | Sony Corporation of America | IV-MMI0103784 | IV-MMI-0103787 | |
| 564 | Sony Corporation of America | IV-MMI0103788 | IV-MMI-0103790 | |
| 565 | Sony Corporation of America | IV-MMI0103791 | IV-MMI-0103793 | |
| 566 | Amazon.com, Inc. | IV-MMI0103794 | IV-MMI-0103824 | |
| 567 | Sony Corporation of America | IV-MMI0103825 | IV-MMI-0103858 | |
| 568 | Sony Corporation of America | IV-MMI0103859 | IV-MMI-0103878 | |
| 569 | Amazon.com, Inc. | IV-MMI0103879 | IV-MMI-0103914 | |
| 570 | Google, Inc. | IV-MMI0103915 | IV-MMI-0103920 | |

| 571 | Google, Inc. | IV-MMI0103921 | IV-MMI-0103938 | |
| 572 | Google, Inc. | IV-MMI0103939 | IV-MMI-0103939 | |
| 573 | Invention Investment Fund I, LP Subscription Agreement | IV-MMI0103940 | IV-MMI-0103955 | |
| 574 | Amazon.com NV Investment Holdings, Inc. | IV-MMI0103956 | IV-MMI-0103959 | |
| 575 | Intel Corporation | IV-MMI0103960 | IV-MMI-0103962 | |
| 576 | Intel Corporation | IV-MMI0103963 | IV-MMI-0103996 | |
| 577 | Microsoft Capital Corporation | IV-MMI0103997 | IV-MMI-0104029 | |
| 578 | Invention Investment Fund I LP1, LLC - Limited Liability Company Agreement | IV-MMI0104030 | IV-MMI-0104058 | |
| 579 | Microsoft Capital Corporation | IV-MMI0104059 | IV-MMI-0104086 | |
| 580 | Microsoft Capital Corporation | IV-MMI0104087 | IV-MMI-0104110 | |
| 581 | Microsoft Capital Corporation | IV-MMI0104111 | IV-MMI-0104117 | |
| 582 | Microsoft Capital Corporation | IV-MMI0104118 | IV-MMI-0104122 | |
| 583 | Microsoft Corporation - Amended and Restated Transfer Agreement | IV-MMI0104123 | IV-MMI-0104212 | |
| 584 | eBay Inc. | IV-MMI0104213 | IV-MMI-0104227 | |
| 585 | eBay Inc. | IV-MMI0104228 | IV-MMI-0104250 | |

| | | | |
|---|---|---|---|
| 586 | Adobe Systems Incorporated | IV-MMI0104251 | IV-MMI-0104265 | |
| 587 | Adobe Systems Incorporated | IV-MMI0104266 | IV-MMI-0104291 | |
| 588 | Amazon.com NV Investment Holdings, Inc. | IV-MMI0104292 | IV-MMI-0104315 | |
| 589 | American Express Travel Related Services Company, Inc. | IV-MMI0104316 | IV-MMI-0104338 | |
| 590 | American Express Travel Related Services Company, Inc. | IV-MMI0104339 | IV-MMI-0104357 | |
| 591 | Apple, Inc. | IV-MMI0104358 | IV-MMI-0104395 | |
| 592 | Apple, Inc. | IV-MMI0104396 | IV-MMI-0104458 | |
| 593 | Apple, Inc. | IV-MMI0104459 | IV-MMI-0104480 | |
| 594 | Cisco Systems, Inc. | IV-MMI0104481 | IV-MMI-0104527 | |
| 595 | Cisco Systems, Inc. | IV-MMI0104528 | IV-MMI-0104562 | |
| 596 | Xilinix, Inc. | IV-MMI0104563 | IV-MMI-0104588 | |
| 597 | Xilinix, Inc. | IV-MMI0104589 | IV-MMI-0104614 | |
| 598 | Yahoo, Inc. | IV-MMI0104615 | IV-MMI-0104643 | |
| 599 | Yahoo, Inc. | IV-MMI0104644 | IV-MMI-0104712 | |
| 600 | Chunghwa Pictures Tubes (Bermuda), Ltd. | IV-MMI0104713 | IV-MMI-0104736 | |

| 601 | Chunghwa Pictures Tubes (Bermuda), Ltd. | IV-MMI0104737 | IV-MMI-0104752 | |
| 602 | Chunghwa Pictures Tubes (Bermuda), Ltd. | IV-MMI0104753 | IV-MMI-0104759 | |
| 603 | Chunghwa Pictures Tubes (Bermuda), Ltd. | IV-MMI0104760 | IV-MMI-0104777 | |
| 604 | Chunghwa Pictures Tubes (Bermuda), Ltd. | IV-MMI0104778 | IV-MMI-0104793 | |
| 605 | Chunghwa Pictures Tubes (Bermuda), Ltd. | IV-MMI0104794 | IV-MMI-0104800 | |
| 606 | Wistron Corporation | IV-MMI0104801 | IV-MMI-0104824 | |
| 607 | Wistron Corporation | IV-MMI0104825 | IV-MMI-0104844 | |
| 608 | Wistron Corporation | IV-MMI0104845 | IV-MMI-0104850 | |
| 609 | HTC Corporation | IV-MMI0104851 | IV-MMI-0104872 | |
| 610 | Wistron Corporation | IV-MMI0104873 | IV-MMI-0104877 | |
| 611 | Wistron Corporation | IV-MMI0104878 | IV-MMI-0104901 | |
| 612 | Wistron Corporation | IV-MMI0104902 | IV-MMI-0104925 | |
| 613 | Wistron Corporation | IV-MMI0104926 | IV-MMI-0104945 | |
| 614 | Wistron Corporation | IV-MMI0104946 | IV-MMI-0104965 | |
| 615 | Wistron Corporation | IV-MMI0104966 | IV-MMI-0104970 | |

| 616 | Wistron Corporation | IV-MMI0104970 | IV-MMI-0104976 | |
| 617 | Wistron Corporation | IV-MMI0104977 | IV-MMI-0104982 | |
| 618 | Intuit, Inc. | IV-MMI0104983 | IV-MMI-0105004 | |
| 619 | Micron Technology, Inc. | IV-MMI0105055 | IV-MMI-0105068 | |
| 620 | Micron Technology, Inc. | IV-MMI0105069 | IV-MMI0105109 | |
| 621 | Pantech Co., Ltd. | IV-MMI0105110 | IV-MMI0105135 | |
| 622 | Pantech Co., Ltd. | IV-MMI0105136 | IV-MMI0105149 | |
| 623 | Pantech Co., Ltd. | IV-MMI0105150 | IV-MMI0105175 | |
| 624 | Vlingo Corporation | IV-MMI0105201 | IV-MMI0105212 | |
| 625 | IV Licensing Structure | N/A | N/A | FRE 402; FRE 403; FRE 802; FRE 901; IV reserves its right to add other objections because it is not clear what this is |
| 626 | Rights Transfer Agreement b/w IV Global Licensing LLC and IV I LLC | IV-MMI0000364 | IV-MMI0000369 | |
| 627 | Rights Transfer Agreement b/w IV Licensing I LLC and IV I LLC | IV-MMI0000358 | IV-MMI0000363 | |
| 628 | Rights Transfer Agreement b/w Invention Investment Fund I, LP and IV I LLC | IV-MMI0000340 | IV-MMI0000345 | |

| 629 | Rights Transfer Agreement b/w IV International Licensing and IV I LLC | IV-MMI0000376 | IV-MMI0000381 | |
| 630 | Rights Transfer Agreement b/w IV International Licensing Netherlands BV and IV I LLC | IV-MMI0000388 | IV-MMI0000394 | |
| 631 | Sales Letters to Various Entities, including drafts | IV-MMI0005464 | IV-MMI0005468 | FRE 402; FRE 403; FRE 802; FRE 90 |
| 632 | Patent License Agreement - Nanya | IV-MMI0124427 | IV-MMI0124450 | |
| 633 | Patent License Agreement - RIM | IV-MMI0124451 | IV-MMI0124472 | |
| 634 | Intellectual Ventures Patent Finder | MMI-IV1093895 | MMI-IV1093896 | FRE 402; FRE 403; FRE 802; FRE 901; not produced during discovery |

## EXHIBIT 9
## PLAINTIFFS' LIST OF WITNESSES

Plaintiffs identify the following witnesses for trial.  Plaintiffs reserve the right to call live or by previous testimony any witness on this list or any witness on Defendant's witness list. Plaintiffs reserves the right to amend, revise, or supplement this list as necessary before the commencement of trial and during trial.  By identifying a witness on this list, Plaintiffs do not represent that any such witness is available to appear for trial.  Plaintiffs reserve the right to call any fact or expert witness called as part of its or Defendant's case-in-chief for purposes of rebuttal.

### I.    EXPERT WITNESSES - Case-in-chief

1. Don Alpert

2. Darren Cairns

3. Jerry Gibson

4. Jason Nieh

5. Hugh Smith

6. Dave Stewart

### II.    FACT WITNESSES - Case-in-chief

1. Naveen Aerrabotu

2. James Barber

3. Thomas A. Bedics

4. Karen Bruce

5. Christopher D. Clarke

6. Peter Detkin

7. Mike Erich

8. Maurice W. Haff

9. Richard Harris

10. Tacy Hindle

11. Sean Hoelzle

12. James A Hutchinson

13. Michele Ilag

14. Jacob W. Jorgenson

15. Sathish Karunakaran

16. Ficus Kirkpatrick

17. Michele Koenig

18. Timothy Kowalski

19. Andrzej Koziol

20. Ravi Kuchibhotla

21. Rajendra Kumar

22. Donald Merino

23. Nathan Myhrvold

24. Thomas Nguyen

25. Tammy Otten

26. Richard Reisman

27. Rajesh Rudraradhya

28. Narothum Saxena

29. Thomas Schirtzinger

30. Robert Scott

31.    Kerry Smith

32.    Dimitri Sokolov

33.    Jason Tsuyemura

34.    Mark Vitale

35.    Alvin Von Ruff

36.    James Weisfield

37.    Sen Yang

38.    Jim Zhuang

**III.    Witnesses Whose Testimony May Be Used To Rebut Certain Aspects Of Defendants' Case-in-Chief In Plaintiffs' Rebuttal Case**

1.    Behshad Baseghi

2.    George Fitzmaurice

3.    Brett Galloway

4.    Gary Grube

5.    Inchul Kang

6.    John Mawhood

7.    John Soward

8.    Alexander Trevor

9.    Teresa Y. Wong

**EXHIBIT 9**
**DEFENDANT'S LIST OF WITNESSES**

Motorola Mobility identifies the following witnesses for trial.  Because Plaintiff has not identified what patents will be the subject of trial set for January 21, 2014, this list includes witnesses relevant to all six patents currently at issue in this matter.  When Plaintiff identifies the patents that will be tried, Motorola Mobility will provide an amended trial witness list that removes those witnesses that are not relevant to the patents identified for trial.

Motorola Mobility reserves the right to call live or by previous testimony any witness on this list or any witness on Plaintiffs' witness list.  Motorola Mobility reserves the right to amend, revise, or supplement this list as necessary before the commencement of trial and during trial. Motorola Mobility also reserves the right not to call any of the witnesses (either live or by previous testimony) identified in this list.

By identifying a witness on this list, Motorola Mobility does not represent that any such witness is available to appear for trial.

1. Don Merino

2. Jim Weisfield

3. Kerry Smith Sr.

4. Peter Detkin

5. Richard Harris

6. Mario Obeidat

7. Nathan Myhrvold

8. Maurice Haff

9. Christopher Clarke

10. Jacob Jorgenson

11.     Rajendra Kumar

12.     Richard Reisman

13.     Naveen Aerrabotu

14.     Georges Fitzmaurice

15.     Timothy Kowalski

16.     Michelle Koenig

17.     Robert Scott

18.     Jason Tsuyemura

19.     Jim Zhuang

20.     Blagoja Bakrevski

21.     Behshad Baseghi

22.     Karen Bruce

23.     Brett Galloway

24.     John Mawhood

25.     Alvin Von Ruff

26.     Jim Barber

27.     Sen Yang

28.     Gary Grube

29.     Andy Koziol

30.     Sandy Trevor

31.     John Soward

32.     Ficus Kirkpatrick

33.     Rajesh Rudrardhya

34.     Martin Rinard

35.     Timothy Drabik

36.     Mark Seely

37.     Randy Katz

38.     Brian von Herzen

39.     Gwenael le Bodic

40.     Megan Fishburne

# EXHIBIT 11
## PLAINTIFFS' BRIEF STATEMENT OF INTENDED PROOFS

Plaintiffs respectfully submit the following brief statement of their intended proofs.  This statement addresses only the liability phase.  Issues of liability regarding the bifurcated issues of willfulness and damages will be addressed separately as ordered by the Court.  Plaintiffs reserve the right to modify this statement of proofs based on the Court's claim construction and summary judgment decisions.

Plaintiffs will prove that Defendant's Accused Products infringe the asserted claims of the patents-in-suit as identified in Exhibit 2.

Plaintiffs will prove that they are entitled to their costs and expenses.  Plaintiffs will prove that this is an exceptional case warranting an award to Plaintiffs of their attorneys' fees under and expenses under 35 U.S.C. § 285 or the Court's equitable power.

This statement does not include the proofs that Plaintiffs will offer in rebuttal to defenses that Defendant presents at trial

US2008 5225090 2

## EXHIBIT 12
## DEFENDANT'S BRIEF STATEMENT OF INTENDED PROOFS

Motorola Mobility submits the following brief statement of its intended proofs at trial.  This statement addresses only the liability phase and only the issues relating to the six Asserted Patents.  Issues regarding damages have been bifurcated by the Court and will be addressed separately as ordered by the Court.  Motorola Mobility reserves the right to modify this statement of proofs based on the Court's claim construction and summary judgment decisions.

Motorola Mobility will prove that the Asserted Claims of the Asserted Patents are invalid.  Motorola Mobility will prove that none of the Accused Products infringe, directly or indirectly, any valid claim of the Asserted Patents.

Motorola Mobility will prove that it should be awarded its costs and expenses.  Motorola Mobility will prove that this is an exceptional case warranting an award to Motorola Mobility of its attorneys' fees under 35 U.S.C. § 285 or the Court's equitable power.  To the extent necessary, Motorola Mobility will introduce evidence to rebut Plaintiff's claim that it is entitled to attorneys' fees under 35 U.S.C. § 285.  Motorola Mobility will also offer proofs in rebuttal to claims or defenses that Plaintiff presents at trial.

## EXHIBIT 13
## PLAINTIFFS' STATEMENT OF OPEN MATTERS

Plaintiffs request that the following issues be resolved at the pretrial conference.

Alternatively, Plaintiffs reserve the right to raise these issues at the appropriate time during trial.

1.      Whether Defendant should be allowed to present indefiniteness positions it raised in the Joint Claim Construction Statement, but has not raised during claim construction briefing, summary judgment briefing, or other appropriate times, and whether such contentions are now waived.

2.      Whether either party should be allowed to mention that the '462 patent, the '450 patent, the '054 patent or the '464 patent were part of a reexamination proceeding whether closed or currently active.

3.      Whether Defendant can mention or present evidence regarding unrelated litigation involving different companies, different patents, or even no patents at all.

4.      Whether Defendant can mention or present evidence regarding a co-pending matter between Plaintiffs and Defendant in the Southern District of Florida.

5.      Whether Defendant can introduce alleged prior art and other materials produced after the close of discovery:  MMI-IV1092099-3894.

6.      Whether Defendant can introduce the purported NeXT Computer System: DTX-373.

7.      The order of proof at trial.

8.      Defendant's untimely disclosure of Megan Fishburne as a trial witness.

US2008 5225090 2

# EXHIBIT 14

## DEFENDANT'S STATEMENT OF OPEN MATTERS

Defendant requests that the following issues be resolved at the pretrial conference and otherwise reserves the right to raise these, and other evidentiary issues, at the appropriate time during trial, as permitted by the rules of this Court.

1.      Whether Plaintiff's proof should be limited to three (3) Asserted Patents and up to fifteen (15) Asserted Claims.

2.      Whether Plaintiffs should be permitted to introduce evidence that other entities have taken licenses and/or been granted covenants not to sue (either as licensees, subscribers, or investors in Plaintiffs' funds) with respect to portfolios or other groups of patent assets that include one or more of the Asserted Patents.

3.      Whether the question of patent exhaustion relating to the '953 Patent and a subset of the accused products should be deferred to any damages phase or instead is an appropriate subject for the liability trial.

4.      Whether Plaintiffs should be permitted to introduce any evidence relating to the 3GPP standard or 3GPP-compliant devices, as relating to Plaintiffs' allegations of infringement of the '450 patent.

5.      Whether Plaintiffs should be permitted to introduce evidence that the '054 patent was previously asserted in litigation against Apple, Inc. and Microsoft, Inc.

6.      Whether the survey Plaintiffs and their expert Dr. Stewart commissioned regarding alleged use of Motorola Mobility products and Dr. Stewart's related opinions are inadmissible as hearsay.

US2008 5225090 2

7.      Where one of Motorola's prior art patents claims priority to an earlier patent application that went abandoned after a continuation application was filed that resulted in the prior art patent's issuance, whether IV may contest the priority of the prior art reference on the grounds that the earlier application was abandoned.