IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC and<br>INTELLECTUAL VENTURES II LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>MOTOROLA MOBILITY LLC,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Civ. No. 11-908-SLR<br>)<br>)<br>)<br>) |

**ORDER**

At Wilmington this 8th day of January, 2014, having conferred with counsel at the pretrial conference, and having reviewed the materials subsequently submitted by counsel;

IT IS ORDERED that:

1. The trial that begins on Tuesday, January 21, 2014, shall be limited to those issued related to the '462, '054 and '464 patents. The court shall retain the original schedule, with the allocation of 22 hours per plaintiffs (collectively) and defendant, with the parties providing lunch to the jurors. The court shall confer with counsel in due course regarding the trial schedule for the '144 and '450 patents, with the week of April 7, 2014 being the earliest trial date available. The parties should submit their special voir dire, jury instructions and verdict form on or before **January 15, 2014.**

2. With respect to products released after the close of fact discovery, it has always been the court's position that a plaintiff may assert any claims of the patents-in-

suit against such products, as the court's scheduling order is (in effect) an artificial limit on the scope of a plaintiff's infringement case.

3. The court declines to find inadmissible, as a matter of law, Dr. Stewart's survey and related opinions. As stated at the pretrial conference, a survey is an appropriate way to find out if the general public uses the accused products. Without having more detailed information, however, the court cannot rule on whether the survey at issue appropriately assays the issue, e.g., whether the public's use of an application can then be explained adequately through expert testimony. With that background, on or before **January 15, 2014,** IV shall file a copy of Dr. Stewart's expert report as it relates to the survey and both parties shall file no more than a ten-page memorandum of law explaining why, or why not, such evidence should be admitted.

4. In light of the analysis in the court's Memorandum Opinion issued on January 2, 2014, the court shall grant summary judgment sua sponte in favor of IV with respect to whether the '366 patent is entitled to a priority date earlier than the '054 patent's alleged priority date.[1] "[D]istrict courts are widely acknowledged to possess the power to enter summary judgments sua sponte, so long as the losing party was on notice that [it] had to come forward with all of [its] evidence." *Anderson v. Wachovia Mortg. Corp.*, 621 F.3d 261, 280 (3d Cir. 2010) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986)). This court has held that when one party moves for summary judgment against an adversary, "Fed. R. Civ. P. 54(c) and 56, when read together, give the court the power to render a summary judgment for the adversary if it is clear that the case

---

[1] Motorola disagrees that the '054 patent is entitled to the September 30, 1993 priority date that IV claims but, for the limited purpose of its summary judgment motion, it does not dispute IV's assertion. (D.I. 231 at 21, n.13)

warrants that result, even though the adversary has not filed a cross-motion for summary judgment." *Talecris Biotherapeutics, Inc. v. Baxter Int'l, Inc.*, 510 F. Supp. 2d 356, 362 (D. Del. 2007). Accordingly, the court finds that the '366 patent is not entitled to the September 22, 1993 priority date of the grandparent application and does not qualify as prior art to the '054 patent as a matter of law.

United States District Judge