# IN THE UNTIED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTELLECTUAL VENTURE I LLC and INTELLECTUAL VENTURE II LLC, <br><br> Plaintiffs, <br><br> v. <br><br> MOTOROLA MOBILITY LLC, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) <br><br> C.A. No. 11-908 (SLR) |

**NONPARTY SAMSUNG ELECTRONICS CO., LTD.'S UNOPPOSED
MOTION TO SEAL DOCUMENTS AND EXCLUDE
<u>UNAUTHORIZED PERSONS FROM THE COURTROOM</u>**

Nonparty Samsung Electronics Co., Ltd. ("Samsung") respectfully moves the Court to seal Exhibits PTX 80, PTX 81, DTX 285, DTX 326, and DTX 444 which contain Samsung's highly confidential and sensitive business information, as well as the portions of any demonstrative exhibits that relate to them, and to seal the courtroom during testimony and arguments relating to these materials.  In support of this notice, Samsung offers the Declaration of Indong Kang, Principal Engineer and IP Counsel in the IP Center at Samsung ("Kang Decl."), submitted herewith as Exhibit A.

The parties to this action do not oppose or object to this motion.

These exhibits at issue are copies, in whole or in part, of the actual license agreement between Samsung and Intellectual Ventures.  (Kang Decl. ¶ 7)  Samsung considers the terms of its licenses to be highly sensitive, proprietary business information.  (Kang Decl. ¶ 8)  Other than its November 18, 2010 press release in which it announced that it had entered into a long-term agreement with IV that granted Samsung access to IV's broad and comprehensive IP patent portfolio under terms attractive to Samsung, Samsung has not disclosed the terms or contents of

the license to the public and continues to maintain the confidentiality of the same. (Kang Decl. ¶ 6) The exhibits at issue contain highly sensitive, proprietary business information regarding licensing terms and conditions. (Kang Decl. ¶ 5) Knowledge of the detailed terms of the agreement and Samsung's licensing negotiations would provide an unfair strategic advantage to Samsung's competitors and other potential licensing partners, by providing them with a one-sided negotiating advantage over Samsung. (Kang Decl. ¶ 10) This unfair advantage could substantially interfere with Samsung's ongoing and future licensing negotiations. (Kang Decl. ¶ 7)

This Court has the authority to seal the courtroom and trial exhibits in order to maintain the confidentiality of highly confidential, proprietary information – particularly information of a third party to this litigation that was produced under a protective order.

The U.S. Supreme Court has recognized that there are exceptions to the public's presumptive right of access to judicial records. *See Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978) ("[T]he right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes . . . [or] sources of business information that might harm a litigant's competitive standing[.]"). To that end, the decision whether the presumptive right of access is rebutted is "one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Id.* at 599.

Consistently, the Third Circuit has explained that "just as the right of access is firmly entrenched, so also is the correlative principle that the right of access . . . is not absolute." *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 663 (3d Cir. 1991) (internal

quotation marks omitted). In *Publicker*, the Third Circuit explained that a proceeding may be closed to the public for "the protection of a party's interest in confidential commercial information . . . where there is sufficient threat of irreparable harm." *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984).[1]

Importantly, the Third Circuit also recognizes an exception to the presumption of access to court proceedings "where confidential material is determined to be injurious to third parties[,]" *Reyes v. Freebery*, 192 Fed. Appx. 120, 125 (3d Cir. 2006), or where confidential information "might . . . become a vehicle for improper purposes, *Littlejohn v. BIC Corp.*, 851 F.2d 673, 678 (3d Cir. 1988) (quoting *Nixon*, 435 U.S. at 598).

The Federal Circuit has also recognized that "[o]ne factor that weighs in favor of sealing documents is when the release of the documents will cause competitive harm to a business." *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013).

This Court has also closed the courtroom when necessary to protect confidential, proprietary information, the public release of which would cause substantial harm. *See Pronova Biopharma Norge AS v. Teva Pharmaceuticals USA, Inc., et al.*, C.A. No. 09-286-SLR, Trial

---

[1] In *Publicker*, the Third Circuit explained that closing the courtroom is warranted so long as the Court finds that a threat to a compelling private interest outweighs the public's presumptive access, and that the private interest cannot adequately be protected by means other than closing the courtroom. *Publicker*, 733 F.2d at 1071. The private interest "can involve the content of the information at issue, the relationship of the parties, or the nature of the controversy." *Id.* at 1073. Similarly, where parties are contractually bound not to disclose certain information, even if innocuous, courts may close the courtroom before such information is disclosed, in order to preserve the parties' right to enforce their private legal obligations. *Id.*

Transcript at 66 (D. Del. Mar. 29, 2011); *Pernod Ricard USA, LLC v. Bacardi U.S.A., Inc.*, C.A. No. 06-505-SLR, Trial Transcript at 332 (D. Del. Mar. 4, 2009).[2]

Finally, it is particularly appropriate to close the courtroom and seal documents to protect information about the parties to or financial terms of a licensing agreement. *Mosaid Technologies Inc. v. LSI Corp.*, 878 F. Supp. 2d 503, 505-08 (D. Del. July 20, 2012) (granting a party's motion to redact portions of a hearing transcript that contained information about licensing agreements); *Cryptography Research, Inc. v. Visa Int'l Serv. Ass'n*, 2008 U.S. Dist. LEXIS 12189, at *6 n.3 (N.D. Cal. Feb. 7, 2008).

Because the exhibits at issue here constitute highly sensitive business information, disclosure of the exhibits would cause significant harm to Samsung's efforts to negotiate licenses with competitors and other licensing partners. Samsung has maintained the confidentiality of the exhibits by restricting their dissemination even within Samsung.

Further, because Samsung is not a party to this litigation it is even more appropriate to seal the exhibits and courtroom to protect Samsung's highly confidential information.

For these reasons, the Samsung license as well as any trial exhibits and demonstratives revealing their terms should be sealed and all unauthorized persons should be excluded from the courtroom during testimony and arguments regarding the same.

Counsel for Samsung plans to attend the trial at relevant times and notify the Court before confidential Samsung information is used in the proceeding.

---

[2] *See also, e.g.*, *Advanced Micro Devices, et al. v. S3 Graphics, Co., et al.*, C.A. No. 11-965-LPS, Trial Transcript at 30 (D. Del. Oct. 19, 2011); *LG Elec. U.S.A., Inc., et al. v. Whirlpool Corp., et al.*, C.A. No. 08-234-GMS, Trial Transcript at 20 (D. Del. Mar. 1, 2010).

01:14850392.1

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

*/s/ Adam W. Poff*
Adam W. Poff (No. 3990)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
*apoff@ycst.com*

OF COUNSEL:

ZEINEDDIN PLLC
R. Paul Zeineddin
1000 Connecticut Ave., NW, Suite 900
Washington, DC 20036
(202) 787-1051
*paul@zeineddin.com*

Dated: January 20, 2014                *Attorneys for Samsung Electronics Co., Ltd.*

01:14850392.1

5

**CERTIFICATE OF SERVICE**

I, Adam W. Poff, hereby certify that on January 20, 2014, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Brian E. Farnan
>Farnan LLP
>919 North Market Street, 12th Floor
>Wilmington, DE 19801
>*bfarnan@farnanlaw.com*
>
>*Attorney for Plaintiff*
>
>Jack B. Blumenfeld, Esquire
>Morris Nichols Arsht & Tunnell LLP
>1201 North Market Street
>P.O. Box 1347
>Wilmington, DE 19899-1347
>*jblumenfeld@mnat.com*
>
>*Attorney for Defendant*

I further certify that on January 20, 2014, I caused a copy of the foregoing document to be served by e-mail on the above-listed counsel.

Dated: January 20, 2014

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Adam W. Poff*
Adam W. Poff (No. 3990)
Rodney Square
1000 N. King Street
Wilmington, Delaware 19801
apoff@ycst.com

01:14850597.1