# EXHIBIT A

IN THE UNTIED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTELLECTUAL VENTURE I LLC and<br>INTELLECTUAL VENTURE II LLC,<br><br>      Plaintiffs,<br><br>      v.<br><br>MOTOROLA MOBILITY LLC,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 11-908 (SLR)<br>)<br>)<br>)<br>)<br>) |

**DECLARATION OF INDONG KANG IN SUPPORT OF
NONPARTY SAMSUNG'S UNOPPOSED MOTION TO SEAL DOCUMENTS
AND EXCLUDE UNAUTHORIZED PERSONS FROM THE COURTROOM**

I, Indong Kang, state and declare as follows:

1. I am Principal Engineer and IP Counsel in the IP Center at Samsung Electronics Co., Ltd. I have personal knowledge of the following facts and, if called as a witness, could and would testify competently thereto. I submit this declaration in support of nonparty Samsung Electronics Co., Ltd.'s ("Samsung's") Motion to Seal Documents and to Exclude Unauthorized Persons from the Courtroom.

2. I have been employed at Samsung since 1989. My responsibilities at Samsung include negotiating and managing patent licenses. I am therefore intimately familiar with Samsung's intellectual property licensing strategy and practices, Samsung's history of intellectual property licensing, Samsung's confidentiality policies and practices related to licensing, the types and nature of licenses and licensing documents at issue here, and how they could be used by Samsung's competitors and other parties to licensing negotiations with Samsung, if publicly disclosed.

3. I understand that a number of exhibits containing Samsung's highly confidential and sensitive business information appear on the parties' exhibit list and may be offered as evidence at trial and that the parties are likely to illicit testimony regarding the same.

4. Specifically, I understand that nonparty Samsung's license agreement with Plaintiffs (collectively "IV") appears on IV's exhibit list as PTX 80 and 81, and once again on Motorola Mobility's ("MMI's") exhibit list as DTX 285 and 326. MMI's Exhibit DTX 444 sets forth confidential information relating to, at least in part, the scope of the Samsung-IV license.

5. I have reviewed the Samsung-IV license agreement and I agree that it contains highly sensitive business information throughout and should be sealed in its entirety because Samsung would suffer severe competitive harm if this information were publicly disclosed.

6. Other than its November 18, 2010 press release in which it announced that it had entered into a long-term agreement with IV that granted Samsung access to IV's broad and comprehensive IP patent portfolio under terms attractive to Samsung, Samsung has not disclosed the terms or contents of the license to the public and continues to maintain the confidentiality of the same.

7. These exhibits (PTX 80, PTX 81, DTX 285, DTX 326, and DTX 444) replicate in whole or in part the actual license that Samsung has entered into with IV and, to this end, are considered by Samsung to be highly sensitive, confidential information: they are the product of Samsung's analysis of its own and other parties' intellectual property and evaluation of its own and other parties' business needs, strategies, and future plans. Different licenses are negotiated at different times and reflect Samsung's evolution and development as a company, and its changing bargaining positions and business needs. Disclosure of this information would cause substantial

harm to Samsung's ongoing and future efforts to negotiate licenses with various competitors and other possible licensing partners.

8.  Licensing information is highly confidential to Samsung and Samsung takes extraordinary steps to maintain its secrecy. Dissemination of licensing information is severely restricted even within Samsung itself, with access to such information almost always limited to Samsung's legal and licensing departments.

9.  I agree that the courtroom should be sealed and unauthorized persons should be excluded from it during any testimony or arguments that would reveal the substance of these highly confidential exhibits (PTX 80, PTX 81, DTX 285, DTX 326, and DTX 444).

10. Public disclosure of the terms of Samsung's licenses, licensing strategies, and licensing negotiations would cause substantial harm to Samsung by improperly providing competitors and other potential licensing partners with knowledge of Samsung's negotiating tactics, licensing history, and licensing positions. Competitors, armed with this confidential information, would gain a one-sided and unfair advantage over Samsung, which would not have the benefit of similar insight into their confidential business strategies.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 20, 2014 at Suwon, Korea.

Indong Kang