IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INTELLECTUAL VENTURES I LLC and INTELLECTUAL VENTURES II LLC, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 11-908 (SLR) |
| MOTOROLA MOBILITY LLC, | ) ) | |
| Defendant. | ) ) | |

**MOTOROLA MOBILITY LLC'S MOTION FOR
RECONSIDERATION OF THE COURT'S *SUA SPONTE* ORDER
GRANTING SUMMARY JUDGMENT AND PROFFER OF EVIDENCE**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Stephen J. Kraftschik (#5623)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
skraftschik@mnat.com

OF COUNSEL:

William H. Boice
Candice Decaire
D. Clay Holloway
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA  30309
(404) 815-6500

Steven Moore
KILPATRICK TOWNSEND & STOCKTON LLP
1001 West Fourth Street
Winston-Salem, NC  27101-2400
(336) 607-7300

*Attorneys for Defendant Motorola Mobility LLC*

January 22, 2014

## TABLE OF CONTENTS

TABLE OF ABBREVIATIONS ................................................................. iii

I.  STATEMENT OF FACTS ..........................................................................1

II.  SUMMARY OF ARGUMENT ...................................................................2

III.  ARGUMENT ...........................................................................................3

    A.  Motorola Was Not On Notice That The Court Was Considering Summary Judgment in Favor of IV on the Grube Priority Date. ...........................................3

    B.  None of the Elements of the Only Exception to the Notice Requirement Are Met.....................................................................................5

        1.  Whether A Patent Obtains A Priority Date From A Parent Patent Application Is Not A Pure Question Of Law .............................................5

        2.  The Record To Support The Court's Finding Of Summary Judgment Was Not Fully Developed.........................................6

        3.  Motorola Is Prejudiced By The Court's *Sua Sponte* Summary Judgment Ruling ...................................................................6

    C.  There Is At Least A Genuine Issue Of Material Fact As To The Priority Date  Of The Grube Patent .................................................................7

IV.  CONCLUSION ...........................................................................................8

# TABLE OF AUTHORITIES

## CASES

*Am. Flint Glass Workers Union v. Beaumont Glass Co.*,
    62 F.3d 574 (3rd Cir. 1995) ........................................................................................ 3, 5

*Callicrate v. Wadsworth Mfg., Inc.*,
    427 F.3d 1361 (Fed. Cir. 2005) ................................................................................... 4, 5

*Chambers Development Co., Inc. v. Passaic County Utilities Authority*,
    62 F.3d 582 (3rd Cir. 1995) ........................................................................................ 3, 5

*DL Res., Inc. v. FirstEnergy Solutions Corp.*,
    506 F.3d 209 (3rd Cir. 2007) ...........................................................................................5

*Gibson v. Mayor & Council of Wilmington*,
    355 F.3d 215 (3rd Cir. 2004) ...................................................................................... 3, 5

*In re Antor Media Corp.*,
    689 F.3d 1282 (Fed. Cir. 2012) .......................................................................................6

*Synthes USA, LLC v. Spinal Kinetics, Inc.*,
    734 F.3d 1332 (Fed. Cir. 2013) ................................................................................... 4, 5

*Techs. Licensing Corp. v. Videotek, Inc.*,
    545 F.3d 1316 (Fed. Cir. 2008) .......................................................................................5

## RULES AND STATUTES

35 U.S.C. § 112 ................................................................................................. 4, 5, 6, 7

35 U.S.C. § 120 ........................................................................................................... 4

## TABLE OF ABBREVIATIONS

| Full Term | Abbreviation |
|---|---|
| U.S. Patent No. 6,557,054 | '054 Patent |
| U.S. Patent No. 6,026,366 | Grube Patent |
| U.S. Patent Application No. 08/124,616 filed September 22, 1993 | Grube grandparent |
| United States Patent and Trademark Office | USPTO |

Defendant Motorola Mobility LLC ("Motorola") respectfully requests reconsideration of the Court's *sua sponte* grant of summary judgment that U.S. Patent No. 6,026,366 (the "Grube Patent") is not entitled to claim priority to the September 22, 1993 filing date of a predecessor application (the "grandparent" application or "September 1993 application") and thus is not prior art to the '054 Patent.  D.I. 288 at 2, ¶ 4.  IV did not move for summary disposition of the Grube priority date issue, and Motorola had no notice that the Court would be determining whether IV was entitled to summary judgment on the Grube Patent's priority date.  Motorola thus introduced sufficient evidence to carry its own burden of obtaining summary judgment, but did not introduce all of the evidence into the summary judgment record that it would have introduced if it had been on notice that the Court might rule as a matter of law in IV's favor.

As discussed below, whether the Grube Patent is entitled to the September 22, 1993 priority date turns on whether the September 1993 application describes and enables the Grube Patent claims.  There is ample evidence to at least raise a genuine issue of material fact about whether the Grube Patent is entitled to claim priority to September 22, 1993, both in what Motorola previously introduced in the summary judgment record and in the additional evidence Motorola seeks to offer into the record, and the jury should be permitted to weigh that evidence and decide the issue of priority.  In any event, Motorola requests the right to make a proffer of additional evidence on this issue, to perfect the record for appeal of the Court's ruling to include all of the evidence on which Motorola would have relied had IV moved for summary judgment on this issue, including evidence first obtained after summary judgment briefing closed.

## I.   STATEMENT OF FACTS

On August 20, 2013, Motorola moved for Summary Judgment of Invalidity on the '054 and the '464 patents.  D.I. 230.  IV could have but did not file its own Motion for Summary Judgment of Validity.  On January 2, 2014, the Court issued an Opinion and Order granting in

part and denying in part Motorola's motion for Summary Judgment of Invalidity.  D.I. 285.  At the Pre-Trial Conference that same day, Motorola raised the issue of the Court's ruling with respect to the Grube Patent, and indicated that it would likely file a motion to clarify that ruling. On January 8, 2014, this Court issued an Order *sua sponte* that IV is entitled to summary judgment that the Grube Patent is not entitled to claim priority back to its grandparent application, U.S. Patent Application No. 08/124,616, filed September 22, 1993, and stated that Motorola could not use the Grube Patent as prior art to the '054 Patent.  D.I. 288 at 2, ¶ 4.

Motorola filed a motion for clarification as to whether Motorola may present the '366 patent as prior art on the basis of its 1997 filing date, on January 9, 2014.  D.I. 289.  Motorola sought clarification because (1) the language of the Court's Order suggested that Grube is not prior art under any circumstances, but (2) the Court recognized in a footnote that Motorola disputes whether the '054 patent is entitled to the May 31, 1994 or September 30, 1993 priority dates claimed by IV.  On January 14, 2014, this Court issued an Order reiterating that Motorola may not argue that the '366 patent is entitled to the September 22, 1993 priority date of its grandparent application, but stating that Motorola would need to make a proffer of any effort to challenge IV's claimed priority date.  D.I. 291.

## II.   SUMMARY OF ARGUMENT

Motorola requests reconsideration of the Court's *sua sponte* grant of summary judgment in favor of IV as to the priority date of the Grube Patent because (1) IV did not move for summary judgment on that issue, (2) Motorola did not have the requisite notice to defend against such a ruling, and the elements of the only exception to the notice requirement have not been met, and (3) Motorola has ample evidence on the basis of which to raise a genuine issue of material fact, both in the summary judgment record and in additional evidence Motorola wishes to proffer.  Indeed, on essentially the same evidence that Motorola would present at trial, the

USPTO found that the Grube Patent was entitled to claim priority back to September 22, 1993, and on that basis, has rejected well over 300 claims of the '054 Patent based on the Grube Patent.

## III.   ARGUMENT

### A.   Motorola Was Not On Notice That The Court Was Considering Summary Judgment in Favor of IV on the Grube Priority Date.

Although a District Court has the power to grant summary judgment *sua sponte* when appropriate, it cannot grant summary judgment "without first placing the adversarial party on notice that the court is considering a *sua sponte* summary judgment motion." *Chambers Development Co., Inc. v. Passaic County Utilities Authority*, 62 F.3d 582, 584 n.5 (3rd Cir. 1995); *see also Gibson v. Mayor & Council of Wilmington*, 355 F.3d 215, 222 (3rd Cir. 2004). The Court must give the adversarial party "notice and an opportunity to oppose summary judgment." *Am. Flint Glass Workers Union v. Beaumont Glass Co.*, 62 F.3d 574, 578 n.5 (3rd Cir. 1995). Specifically, the adversarial party must also receive "an opportunity to present relevant evidence in opposition to that motion." *Chambers Development Co.*, 62 F.3d at 584 n.5.

Motorola did not have notice nor a fair opportunity to oppose summary judgment in favor of IV by putting forth all of the evidence to establish that the Grube Patent was entitled to an earlier priority date. While Motorola moved for summary judgment of invalidity of the '054 patent over the Grube Patent and put in sufficient evidence to meet its burden as movant, IV did not cross-move for summary judgment with respect to the Grube Patent's priority date (or any other issue), and thus Motorola did not introduce additional evidence in reply to IV's opposition brief, as it would have done had IV cross-moved on this issue. If Motorola had known that the Court was considering entering judgment in favor of IV concerning the Grube Patent priority date, Motorola would have put in the additional evidence described below to demonstrate that

there are at least issues of fact about whether the Grube Patent can claim priority to its 1993 grandparent application.

Whether a prior art patent should be afforded an earlier priority date involves determinations of written description and enablement of the earlier application under 35 U.S.C. § 112. 35 U.S.C. § 120 ("An application for patent for an invention disclosed in the manner provided by the first paragraph of section 112 of this title in an application previously filed in the United States … which is filed by an inventor or inventors named in the previously filed application shall have the same effect, as to such invention, as though filed on the date of the prior application…"); *see also Callicrate v. Wadsworth Mfg., Inc.*, 427 F.3d 1361, 1373 (Fed. Cir. 2005) (earlier-filed priority application must provide support under 35 U.S.C. § 112 for claims in later-filed patent application). These are factual inquiries. *Synthes USA, LLC v. Spinal Kinetics, Inc.*, 734 F.3d 1332 (Fed. Cir. 2013) ("Determination of whether a patent satisfies the written description requirement is a question of fact.").

If Motorola had notice that the Court was considering summary judgment for IV on the specific issue of the Grube Patent's priority date, it would have in reply to IV's cross-motion presented additional argument and supporting evidence, including by presenting additional testimony from Mr. Gary Grube, as well as the October 22, 2013 Right of Appeal Notice from the USPTO, addressing the Grube Patent's priority date, that issued after summary judgment briefing was closed. However, IV did not cross-move for summary judgment on this issue, and there was no other notice that summary judgment for IV on the Grube priority date was a possibility until the Court's January 8, 2014 Order. D.I. 230 at 22.

**B.     None of the Elements of the Only Exception to the Notice Requirement Are Met.**

The only circumstances under which a party need not be provided notice and opportunity to respond to a *sua sponte* summary judgment are where: "(1) the point at issue is purely legal; (2) the record was fully developed, and (3) the failure to give notice does not prejudice the party." *Gibson*, 355 F.3d at 219; *see also DL Res., Inc. v. FirstEnergy Solutions Corp.*, 506 F.3d 209 (3rd Cir. 2007) (Court has not reached a decision as to whether fewer than all of the *Gibson* factors would be sufficient). Notwithstanding this narrow exception, District Courts should be cautious about granting summary judgment *sua sponte* because, unless the party waives its right to proper notice, such orders "endanger important rights and . . . are likely to result in judicial inefficiency and deprivation to the rights of one of the parties." *Am. Flint Glass Workers Union*, 62 F.3d at 578.

As explained below, none of these three conditions applies in this case. Had Motorola been provided notice of the Court's intention to enter summary judgment for IV on this issue, it would have marshaled additional arguments and evidence that the Grube Patent was entitled to the earlier priority date. *See, e.g., Chambers Development Co.*, 62 F.3d at 584 n.5

**1.     Whether A Patent Obtains A Priority Date From A Parent Patent Application Is Not A Pure Question Of Law**

Whether the Grube Patent could claim priority back to the September 1993 filing date of its grandparent application depends on whether Motorola could show that the September 1993 application sufficiently described and enabled its claims under 35 U.S.C. § 112. *Callicrate*, 427 F.3d at 1373; *see also Techs. Licensing Corp. v. Videotek, Inc.*, 545 F.3d 1316, 1324 (Fed. Cir. 2008) (priority claim requires compliance with written description requirement of § 112). Satisfaction of the written description requirement of § 112 is a question of fact. *Synthes USA, LLC v. Spinal Kinetics, Inc.*, 734 F.3d 1332 (Fed. Cir. 2013) ("Determination of whether a patent

satisfies the written description requirement is a question of fact."). Satisfaction of the enablement requirement of § 112 is a question of law based on underlying questions of fact. *In re Antor Media Corp.*, 689 F.3d 1282, 1287 (Fed. Cir. 2012) ("Enablement and obviousness, on the other hand, are questions of law, based on underlying factual findings.").

### 2. The Record To Support The Court's Summary Judgment Ruling Was Not As Fully Developed As if IV Had Cross-Moved on This Issue.

The Court did not have a fully developed record before issuing its *sua sponte* summary judgment order as it would have if IV had cross-moved for summary judgment. Motorola did not present all of the evidence on which it would rely at trial to support its position had IV cross-moved. While Motorola offered a declaration from its expert witness and also cited evidence that the USPTO had agreed that the Grube Patent should be afforded that earlier priority date, (D.I. 230 at 21), Motorola did not include in the summary judgment record: (1) evidence from Mr. Grube himself, or (2) an October 2013 "Right of Appeal Notice" issued by the USPTO after summary judgment briefing closed, and would have done so in any reply to IV's cross-motion or if the Court had given notice that it might rule in favor of IV as a matter of law. The Court thus did not have the benefit of the evidence that Motorola would have presented if IV had cross-moved on the issue.

### 3. Motorola Is Prejudiced By The Court's *Sua Sponte* Summary Judgment Ruling

Motorola is prejudiced by the Court's grant of *sua sponte* summary judgment. As matters stand, the jury will not be able to consider whether the Grube Patent is entitled to the 1993 priority date and Motorola will be precluded from presenting its full invalidity case based on the Grube Patent that the USPTO has found to be invalidating prior art. *See* U.S. Reexamination No. 95/002,093, Oct. 22, 2013 Right of Appeal Notice at 42-44, 73 (making a final determination that the Grube Patent is prior art to the '054 patent and that the Grube Patent

anticipates 4 of the 6 asserted claims for trial (151, 159, 181, and 189) as well as approximately 300 other claims). Moreover, because Motorola did not have notice and opportunity, the summary judgment record is underdeveloped - thus potentially compromising Motorola's ability to appeal the issue on the full factual record it would have presented if it had been provided notice that the Court might rule as it did.

**C.     There Is At Least A Genuine Issue Of Material Fact As To The Priority Date Of The Grube Patent**

The Grube Patent priority date issue was considered by the USPTO in re-examination, which considered Motorola's evidence and found that the Grube Patent was entitled to the 1993 filing date of its grandparent application. It is thus reasonable to conclude that on the same evidence, a jury could reach the same conclusion. Accordingly, Motorola submits that there is at least a genuine issue of material fact about whether the September 1993 Grube application satisfies the written description and enablement requirements of 35 U.S.C. § 112, to support a 1993 priority date for the Grube patent. It is thus appropriate that Motorola should be permitted to present this issue for the jury's findings of fact.

In any event, Motorola requests the right to make a proffer of evidence supporting its position that the Grube Patent is entitled to the priority date of its grandparent application. As discussed above, Motorola requests the ability to present, either as an addition to the summary judgment record and/or as a proffer at trial, the testimony of Mr. Gary Grube, the sole named inventor on the Grube Patent, and the USPTO's additional analysis of this priority issue in the Right of Appeal notice in the '054 patent's pending reexamination proceeding. *See* Motorola Mobility LLC's Offer Of Proof Concerning Priority of U.S. Patent No. 6,026,366, attached hereto as Exhibit A, including the January 9, 2013 Declaration of Gary Grube, and the Right of Appeal Notice issued by the Patent Office in in U.S. Reexamination No. 95/002,093.

## IV.     CONCLUSION

For the reasons set out above, Motorola requests that the Court reconsider its prior *sua sponte* summary judgment order regarding the Grube Patent (D.I. 288 at 2, ¶ 4), and allow Motorola to present evidence to show that the Grube Patent is entitled to the priority date of the September 22, 1993 grandparent application, and that the Grube Patent invalidates one or more asserted claims of the '054 patent.  In any event, Motorola requests to enter into the summary judgment record and/or make a proffer of its evidence supporting that the Grube Patent is entitled to the September 22, 1993 priority date, for the record for appeal.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

_____

Jack B. Blumenfeld (#1014)
Stephen J. Kraftschik (#5623)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
skraftschik@mnat.com

*Attorneys for Defendant Motorola Mobility LLC*

OF COUNSEL:

William H. Boice
Candice Decaire
D. Clay Holloway
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA  30309
(404) 815-6500

Steven Moore
KILPATRICK TOWNSEND & STOCKTON LLP
1001 West Fourth Street
Winston-Salem, NC  27101-2400
(336) 607-7300

January 22, 2014

## **RULE 7.1.1 CERTIFICATE**

I hereby certify that the subject of the foregoing motion has been discussed with counsel for the plaintiffs and that we have not been able to reach agreement.

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)

<u>**CERTIFICATE OF SERVICE**</u>

        I hereby certify that on January 22, 2014, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

        I further certify that I caused copies of the foregoing document to be served on January 22, 2014, upon the following in the manner indicated:

Brian E. Farnan, Esquire                        *VIA ELECTRONIC MAIL*
Rosemary J. Piergiovanni, Esquire
FARNAN LLP
919 North Market Street
Wilmington, DE  19801
*Attorneys for Plaintiffs*

Ian N. Feinberg, Esquire                         *VIA ELECTRONIC MAIL*
Margaret Elizabeth Day, Esquire
David L. Alberti, Esquire
Clayton Thompson, Esquire
Marc C. Belloli, Esquire
Sam Lim, Esquire
Yakov Zolotorez, Esquire
Leonard J. Augustine, Jr., Esquire
Peter Mikhail, Esquire
James Hall, Esquire
Nickolas Bohl, Esquire
FEINBERG DAY ALBERTI & THOMPSON LLP
1600 El Camino Real
Menlo Park, CA  94025
*Attorneys for Plaintiffs*

                                 */s/ Jack B. Blumenfeld*

                                 _____
                                 Jack B. Blumenfeld (#1014)