IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTELLECTUAL VENTURES I, LLC and INTELLECTUAL VENTURES II, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MOTOROLA MOBILITY, LLC,<br><br>Defendant. | Civ. No. 11-908-SLR |

**ORDER**

At Wilmington this 30th day of January, 2015, having considered the parties outstanding claim construction issues (D.I. 356) and having reviewed the papers submitted in connection therewith;

IT IS ORDERED that the disputed claim language of U.S. Patent No. 7,810,144 ("the '144 patent"), 7,409,450 ("the '450 patent"), and 7,120,462 ("the '462 patent") shall be construed consistent with the tenets of claim construction set forth by the United States Court of Appeals for the Federal Circuit in *Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005), as follows:

1. **"Contents of each packet include a packet header:"**[1] "Each packet includes header information that can be used to classify the contents of the packet." The packet headers contain "identifiable information" for "differentiation." ('450 patent, 18:53-54; 48:8-12 (describing "packet header field contents"); 52:37-63) The specification provides that the "IP packets of the IP flow are identified by analyzing the

---

[1] Found in claim 1 of the '450 patent.

1

header information . . . , so that the IP flow can be characterized, classified, presented, prioritized and scheduled." (*Id.* at 42:14-17; *see also* 18:54-61)

2. **"Subscriber customer premise (CPE) station:"**[2] "Equipment located at a subscriber's premises and used to connect to a telecommunication carrier's equipment via a communications network." The specification provides a definition for "customer premises equipment (CPE)," stating that "CPE refers to devices residing on the premises of a customer and used to connect to a telephone network, including ordinary telephones, key telephone systems, PBXs, video conferencing devices and modems." ('450 patent, 8:table 1) IV proposes that such definition should be used for this limitation, i.e., narrowing the claim to "used to connect to a telephone network." Figure 2C illustrates an example network 286. The specification goes on to explain, however, that "[t]elephony gateways 288b and 288c can also be coupled to data network 142 via routers . . . ." (*Id.* at 33:14-23) Figure 2D depicting network 296 includes network 286 from figure 2 and a wireless network 298. (*Id.* at 39:66-40:7) Describing figure 3B, the specification points out that coupled to the data network are "router 140d and telephony gateway 288b." (*Id.* at 41:22-23) Although independent claim 1 refers generally to CPE stations, multiple of its dependent claims refer, e.g., to an "internet protocol" (claim 3), or to a "data network" (claim 6) which "comprises at least one of "a wireline network, a wireless network, a local area network; and /or a wide area network" (claim 7). The embodiments described by the specification, therefore, include both telephone networks and wireless networks.

---

[2] Found in claim 1 of the '450 patent.

2

3. The '450 patent presents an unusual claim construction scenario, in that the patentee both narrowed the scope of the CPE station limitation by definition and broadened the scope of such through example and claim differentiation (described above). Under these circumstances, where the patentee is giving mixed signals to the public, the court concludes that the better alternative is to broaden, not narrow, the scope of the claims. *See Ventana Med. Sys., Inc. v. Biogenex Labs., Inc.*, 473 F.3d 1173, 1181 (Fed. Cir. 2006) (declining to adopt a narrow construction unless "the specification . . . reveal[s] an intentional disclaimer, or disavowal, of claim scope by the inventor;" . . . in such case this court [would] interpret[] the claim more narrowly than it otherwise would to give effect to the inventor's intent to disavow a broader claim scope.).

4. **"Detachable handset"**[3] was construed as "a device that can be attached to and detached from the portable docking display unit and is small enough to be held in one hand." (D.I. 284 at 67) The court clarifies that such construction entails an operability requirement, i.e. the "detachable handset" must be independently operable.

5. **"Allocating is responsive to at least one field in the packet header"**[4] was construed as "assigning a portion of the shared wireless bandwidth and a portion of the communications network resources for a particular transmission on the basis of information responsive to at least one field in the packet header." (D.I. 284 at 57) The court declined to limit the term "responsive to" to "read from" at least one field in the packet header, which would have required that packet header information only be read

---

[3] Found in claim 1 of the '462 patent.
[4] Found in claim 1 of the '450 patent.

3

directly from packet headers. (*Id.* at 58) It appears to the court that the scope of the construed claim – whether the packet header information is read indirectly from packet headers – is a matter to be resolved by the experts.

6. The court has provided a construction in quotes for the claim limitations at issue. The parties are expected to present the claim construction to the jury consistently with any explanation or clarification herein provided by the court, even if such language is not included within the quotes.[5]

United States District Judge

---

[5] The parties are expected to apply this instruction to the claim constructions and explanations previously provided. (*See e.g.*, D.I. 284)