## Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

(302) 658-9200
(302) 658-3989 FAX

Jack B. Blumenfeld
(302) 351-9291
(302) 425-3012 FAX
jblumenfeld@mnat.com

March 10, 2015

The Honorable Sue L. Robinson                                          *VIA ELECTRONIC MAIL*
United States District Court
  for the District of Delaware
844 North King Street
Wilmington, DE 19801

      Re:   *Intellectual Ventures I, LLC, et al. v. Motorola Mobility LLC*
             C.A. No. 11-908 (SLR)

Dear Judge Robinson:

      I write concerning Motorola Mobility's Issue No. 5, raised at the Pretrial Conference: whether Plaintiffs may rely on the doctrine of equivalents ("DOE") for the '450 patent. Plaintiffs announced at the Conference they do not intend to assert DOE for any claim except for dependent claim 8, which depends on the sole independent claim 1. 3/2/15 Hearing, 33:21-34:5.

      As an initial matter, at the conference, Mr. Holloway transposed two numbers in the D.I. number for Motorola Mobility's summary judgment brief. The correct citation for Motorola Mobility's estoppel argument is D.I. 253 (not 235), Section II.c. on page 19. As Motorola noted, Plaintiffs did not respond to this argument in their opposition brief, which is D.I. 267, pp. 12-19.

      However, Plaintiffs' attempt to assert DOE only as to dependent claim 8 also fails. When a dependent claim contains limitations that purport to narrow elements for which equivalents are barred, the doctrine of equivalents is barred for the dependent limitation as well. For instance, in *Deering Precision Instruments, LLC v. Vector Distribution Sys.*, 347 F. 3d 1314, 1326 (Fed. Cir. 2003), the Federal Circuit held that DOE was not available both for an independent claim that had been amended to overcome prior art *and* for a claim that depended from that amended independent claim. *Id.* ("it is clear from the prosecution history that the allowance of claim 1, the broadest claim, depended on the amendment narrowing the Zero Position limitation to that of a dependent claim. Since independent claim 4 **and dependent claim 5** contain the Zero Position Limitation, prosecution history estoppel presumptively applies equally to those claims.") (emphasis added). The Federal Circuit so held even though claim 5 in *Deering* does not contain the Zero Position Limitation, but instead adds further narrowing attributes, just as claim 8 in the '450 patent recites "said allocation is *further* based on . . . ."

The Honorable Sue L. Robinson
March 10, 2015
Page 2

    Plaintiffs did not contest at summary judgment that estoppel bars DOE as to claim 1, and do not argue otherwise now. Likewise, because the limitations of claim 8 further narrow the estopped elements of claim 1, estoppel bars assertion of DOE for claim 8 as well.

                                                     Respectfully,

                                                     Jack B. Blumenfeld (#1014)

JBB/dlw
cc:    Clerk of Court (Via Hand Delivery)
        All Counsel of Record (Via Electronic Mail)